MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929
Telephone:    (310) 271-6223
Facsimile:    (310) 271-9805
michael.berger@bankruptcypower.com

*Proposed* Counsel for Debtor and Debtor-in-Possession,
Hawaiian Riverbend, LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>HAWAIIAN RIVERBEND, LLC,<br><br>    Debtor and Debtor-in-Possession.<br><br>TIN - | ) CASE NO.: 5:22-bk-50314<br>)<br>) Chapter 11<br>)<br>) **APPLICATION FOR ORDER**<br>) **AUTHORIZING DEBTOR TO**<br>) **EMPLOY GENERAL BANKRUPTCY**<br>) **COUNSEL; DECLARATION OF**<br>) **MICHAEL JAY BERGER IN**<br>) **SUPPORT THEREOF**<br>)<br>)<br>) *[No Hearing Required]*<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

TO THE HONORABLE STEPHEN L. JOHNSON, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, TO THE UNITED STATES TRUSTEE, TO DEBTOR'S CREDITORS AND TO ALL INTERESTED PARTIES:

Hawaiian Riverbend, LLC (the "Debtor"), Debtor and Debtor-in-Possession herein, respectfully represents:

1.      On April 13, 2022, Debtor retained the Law Offices of Michael Jay Berger ("Applicant") to represent Debtor in their Chapter 11 bankruptcy proceeding.

2.      On April 14, 2022, a voluntary chapter 11 petition was filed on behalf of the Debtor. Post-petition services commenced on April 15, 2022.

3.      Debtor' desires to employ Applicant as General Bankruptcy Counsel with respect to the above-referenced Chapter 11 bankruptcy proceeding.  Debtor represents that the employment of Applicant would be in the best interests of their estate.  Debtor have selected Applicant as their General Bankruptcy Counsel because of Applicant's extensive experience representing both creditors and Debtor in Chapter 7, 11, and 13 bankruptcy proceedings.  Michael Jay Berger ("Berger") is a Certified Legal Specialist in Bankruptcy Law, certified by the Legal Board of Specialization of the State Bar of California.  It is necessary for the Debtor to employ General Bankruptcy Counsel to represent their interests in this Chapter 11 bankruptcy proceeding, as the Debtor would be unable to reorganize without the benefit of competent legal advice.  The Debtor have no knowledge of bankruptcy law and need the assistance of an experienced bankruptcy attorney to effectively deal with claims against the estate and propose a plan of

APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY GENERAL BANKRUPTCY COUNSEL

reorganization. Retention of General Bankruptcy Counsel for the representation set forth herein will afford the Debtor the benefit of experienced bankruptcy counsel familiar with the affairs of the Debtor as it relates to this Chapter 11 proceeding.

4. According to Debtor' information and belief, said counsel is not employed by, or connected with, any of Debtor's creditors, or with any other party in interest herein, or its respective attorneys, or any person or entity, believed to have any position inconsistent with that of this estate.

5. Applicant also represents Debtor's managing member Michael Miroyan in a personal Chapter 13 case (Case No. 22-bk-50339).

6. As General Bankruptcy Counsel for the Debtor, Applicant will provide all legal services reasonably required to represent Debtor in this Chapter 11 bankruptcy proceeding. These services will include, and have included, communicating with creditors of the Debtor, reviewing the Debtor' Chapter 11 bankruptcy petition and all supporting schedules, advising the Debtor of their legal rights and obligations in a bankruptcy proceeding, working to bring the Debtor into full compliance with reporting requirements of the Office of the United States Trustee (the "OUST"), preparing status reports as required by the Court, and responding to any motions filed in Debtor' bankruptcy proceeding. In addition, Applicant will respond to creditor inquiries, review proofs of claim filed in Debtor' bankruptcy, object to inappropriate claims, prepare Notices of Automatic Stay in all state court proceedings in which the Debtor are sued during the pending of Debtor bankruptcy proceeding and, if appropriate, prepare a Chapter 11 Plan of Reorganization for the Debtor.

7.      Applicant will charge the Debtor for Berger's services at the rate of $595.00 per hour.  Applicant will charge Debtor $545.00 per hour for the services of his senior associate attorney Sofya Davtyan, $435.00 per hour for the services of mid-level associate attorneys Debra Reed, Carolyn M. Afari, and Robert Poteete, $395.00 per hour for the service of his associate attorney Samuel Boyamian, $275.00 per hour for the services of his bankruptcy analyst/field agent Gary Baddin, $250.00 per hour for the services of his senior paralegals and law clerks, and $200.00 per hour for the services of bankruptcy paralegals.

8.      The agreed upon retainer is $20,000.00. On April 14, 2022, Applicant received a $20,000.00 retainer plus the $1,738.00 Chapter 11 filing fee as follows: $10,000.00 was paid by Michael H. Miroyan, the Debtor's principal, and the remaining $10,000.00 retainer plus the filing fee of $1,738.00 was paid by Harold Barker. Neither Mr. Miroyan nor Mr. Barker are creditors of the Debtor and made these payments as gift contributions to the Debtor, for which no repayment will be sought.

9.      Applicant's actual pre-petition fees and costs incurred were deemed fully earned as of the filing of the petition, and were withdrawn from the Applicant's client trust account immediately prior to the filing of the Debtor bankruptcy petition as payment for the pre-petition work done by Applicant.  Applicant's actual pre-petition fees were $1,721.50. Applicant's actual pre-petition costs were the $1,738.00 Chapter 11 filing fee. The unearned retainer of $18,278.50 will be maintained in Applicant's Client Trust account until court authorization is obtained pursuant to 11 U.S.C. § 330.

10.     The facts justifying $20,000.00 retainer include, but are not limited to, the following facts:

      a.    Applicant met with the Debtor to assist the Debtor in planning a reorganization of its business.

      b.    Applicant is assisting the Debtor in compliance with the requirements of the OUST.

      c.    Applicant will write to, speak to, and meet in person with creditors of the Debtor as needed to ensure that they respect the automatic stay, to explain the facts and circumstances surrounding the case, to investigate possible claims against the Debtor, and to gain their cooperation with regards to the continued business of the Debtor.

      d.    The nature of Chapter 11 bankruptcies requires that Debtor' counsel do a large amount of work at the beginning of the case and during the first 120 days of the case. At the same time, Debtor' counsel generally may not file an application for payment of his fees more frequently than once every 120 days.

11.     Applicant will comply with the appropriate Fee and Employment guidelines in withdrawing any funds from the estate of the Debtor. A true and correct copy of the resumes of Applicant's attorneys, Michael Jay Berger, Senior Associate Sofya Davtyan, mid-level associate attorneys Carolyn M. Afari, Debra Reed, and Robert Poteete, and associate attorney Samuel Boyamian are collectively attached to the Berger Declarations as Exhibit "1" and "2", and are incorporated herein by this reference. A true

and correct copy of the resumes of Applicant's bankruptcy analyst/field agent Gary

Baddin, paralegals Yathida Nipha, Karine Manvelian, and Peter Garza are also

collectively attached to the Berger Declaration as Exhibit "2", and are incorporated

herein by this reference.

12.     A copy of the Attorney-Client Written Fee Contract entered into between

Debtor and Applicant is attached to the Berger Declaration as Exhibit "3", and is

incorporated herein. A copy of the Notice of Opportunity to Request a Hearing on

Motion, required by Local Rule 9013-1(o) and filed herewith, is attached to the Berger

Declaration as Exhibit "4".

13.     Having reviewed the records of the Debtor, including a list of their

creditors and any other party in interest, Applicant believe that the Firm does not

represent any interest adverse to the Debtor or their estate. Nor does the Firm hold any

interest materially adverse to the interests of the Debtor or their estate.

14.     Neither the Firm, nor any of its members or employees, have any additional

connection with the Debtor, any creditors of the estate, any party in interest, their

attorneys or accountants, any judge of this Court. Applicant's bankruptcy analyst/field

agent Gary Baddin was a former employee of United States Trustee in Central District of

California, and recently retired. Other than Mr. Baddin's prior connection with the United

States Trustee, neither the firm or any person employed in the office have any prior

connection to the Debtor.

15.     No compensation will be paid to Applicant by the Debtor except, upon

application to, and approval by the Bankruptcy Court after notice and hearing.

WHEREFORE, Debtor prays for an order authorizing it to retain as General

Bankruptcy Counsel, the Law Offices of Michael Jay Berger, effective as of April 14,

2022.

DATED: 5/4/2022          LAW OFFICES OF MICHAEL JAY BERGER

By:_____
Michael Jay Berger
*Proposed* Counsel for Debtor-in-Possession
Hawaiian Riverbend, LLC

APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY GENERAL BANKRUPTCY COUNSEL

I, Michael Jay Berger, declare and state as follows:

1.       I am an Attorney at Law, licensed to practice before all of the courts in the State of California, and in the United States District Court for the Northern District of California.  I am the sole owner of the Law Offices of Michael Jay Berger ("Applicant").

2.       I seek to be employed by Hawaiian Riverbend, LLC, (the "Debtor"), Debtor and Debtor-in-Possession herein, as their General Bankruptcy Counsel.

3.       I am sufficiently an expert in the field of bankruptcy to act as General Bankruptcy Counsel for Debtor herein.  I have 40 years of professional experience in bankruptcy law.  I am a Certified Legal Specialist in Bankruptcy Law, certified by the California Board of Legal Specialization of the State Bar of California.

4.       A true and correct copy of my resume, and the resumes of my firm's associate attorneys, including Senior Associate Sofya Davtyan, mid-level associate attorneys Carolyn M. Afari, Debra Reed, Robert Poteete, and associate attorney Samuel Boyamian are collectively attached hereto as Exhibits "1" and "2".  A true and correct copy of my firm's bankruptcy analyst/field agent Gary Baddin, paralegals Yathida Nipha, Karine Manvelian, and Peter Garza, are also collectively attached hereto as Exhibit "2".

5.       According to Debtor' information and belief, said counsel is not employed by, or connected with, any of Debtor' creditors, or with any other party in interest herein, or its respective attorneys, or any person or entity, believed to have any position inconsistent with that of this estate.

6.       I am counsel of record for Debtor's managing member Michael Miroyan in a personal Chapter 13 case (Case No. 22-bk-50339).

APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY GENERAL BANKRUPTCY COUNSEL

7. My and my firm's employment at the rates disclosed in this Application would be in the best interests of the estate, and I make this declaration pursuant to the provisions of 11 U.S.C. § 327 of the Bankruptcy Code. I further declare that I am in compliance with, and am qualified to act as General Bankruptcy Counsel for the Debtor herein in accordance with said provision.

8. I am rated "A/V" in the Martindale-Hubbell legal directory and have maintained this rating continuously from 1995 to 2022. This is the highest rating for both the quality of my work and my ethics. I have successfully represented Debtor and creditors in many Chapter 7, Chapter 11, and Chapter 13 cases.

9. The Chapter 11 plans that I have confirmed include, but are not limited to the following:

  a. On April 26, 2022, I confirmed a plan of reorganization in a Chapter 11 case entitled DLR Express, Inc., Case No.: 6:20-bk-15258-SY. This case involved the successful reorganization of a freight trucking business.

  b. On March 30, 2022, I confirmed a plan of reorganization in a Chapter 11 case entitled In re BCT Deals, Inc., Case No.: 2:21-bk-18156-ER. This case involved the successful reorganization of a Halloween toy and costume business.

  c. On December 28, 2021, I confirmed a plan of reorganization in a Chapter 11 case entitled In re: Anait Akopyan. This case involved the successful reorganization of an individual with two rental properties with substantial amount of pre-petition arrears and multiple judgment liens.

  d. On December 21, 2021, I confirmed a Subchapter V plan of reorganization in a Chapter 11 case entitled In re Pacific Environmental Technologies, Inc. This case involved a successful reorganization of a business which provides modular, soft wall, mobile, and conventional cleanrooms, as well as

refrigerated storages, freezers, and solar and energy storages to
pharmaceutical aerospace, and industrial companies.

e. On June 29, 2021, I confirmed a plan of reorganization in a Chapter 11 case
entitled In re: RedRhino: The Epoxy Flooring Company, Inc. This case
involved the successful reorganization of a business which provides
protective coating, overlaying, and polished concrete services to the
industrial and commercial work spaces.

f. On June 10, 2021, I confirmed a plan of reorganization in a Chapter 11 case
entitled In re Talk Venture Group, Inc., Case No.: 8:19-bk-14893-TA. This
case involved the successful reorganization of a business selling
merchandize on Amazon.com.

g. On June 10, 2021, I confirmed a plan of reorganization in a Chapter 11 case
entitled In re Paul Se Won Kim, Case No.: 8:20-bk-10168-TA. This case
involved the successful reorganization of Debtor's personal finances.

h. On May 21, 2021, I confirmed a plan of reorganization in a Subchapter V
Chapter 11 case entitled In re Real Estate Recovery, Case No.: 2:20-bk-
19134-VZ. This case involved a successful reorganization of a non-profit
organization that provides affordable housing to low-income veterans and
homeless people.

i. On May 12, 2021, I confirmed a plan of reorganization in a Chapter 11 case
entitled In re Nuance Energy Group, Inc., Case No.: 2:20-bk-17761-VZ.
This case involved the successful reorganization of a solar installation
company.

j. On December 18, 2020, I confirmed a plan of reorganization in a Chapter
11 case entitled In re: Marco General Construction, Inc., Case No.: 2:19-

bk-14758-BB. This case involved the successful reorganization of a construction company.

k. On December 9, 2020, I confirmed a plan of reorganization in a Chapter 11 entitled In re: C2 Plumbing, Inc., Case No.: 2:19-bk-23459-VZ. This case involved the successful reorganization of a plumbing business.

l. On October 28, 2020, I confirmed a plan of reorganization in a Chapter 11 entitled In re: Unified Protective Services, Inc., Case No. 2:19-bk-16482-NB. This case involved the successful reorganization of a private security company.

m. On July 20, 2020, I confirmed a plan of reorganization in a Chapter 11 entitled, In re: Edmond Melamed and Rozita Melamed, Case No. 2:bk-22426-NB. This case involved the successful reorganization of their personal finances.

n. On January 23, 2020, I confirmed a plan of reorganization in a Chapter 11 entitled, In re: Exie Marie Leagons, Case No. 2:18-bk-17859-VZ. This case involved the successful reorganization of her personal finances.

o. On November 27, 2019, I confirmed a plan of reorganization in a Chapter 11 entitled, Damu Vusha and Akiba Vusha, Case No. 2:18-bk-11284-ER. This case involved the successful reorganization of their personal finances.

p. On October 11, 2019, I confirmed a plan of reorganization in a Chapter 11 entitled, In re: Ameriquest Security Service, Case No. 2:18-bk-21241-WB. This case involved the successful reorganization of a private security company.

Case: APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY GENERAL BANKRUPTCY COUNSEL Page 11 of 32

q. On April 23, 2019, I confirmed a plan of reorganization in a Chapter 11 entitled, <u>In re: John Michael Wilcox and Gwenn Ellen Wilcox</u>, Case No. 2:17-bk-24446-SK. This case involved the successful reorganization of their personal finances.

r. On October 4, 2018, I confirmed a plan of reorganization in a Chapter 11 entitled,

s. <u>In re: Zenah Mohamed Essayli,</u> Case No. 8:17-bk-14597-CB. This case involved the successful reorganization of her personal finances.

t. On August 20, 2018, I confirmed a plan of reorganization in a Chapter 11 entitled, <u>In re: Union County Transport, Inc.,</u> Case No. 2:17-bk-21514-BB. This case involved the successful reorganization of transportation business.

u. In 2018, I obtained a Final Decree and Discharge in a Chapter 11 case entitled, <u>In In re: Shahla Dowlati</u> Chapter 11 Case No. 1:16-bk-10073-VK, after successfully confirming a plan of reorganization in said case. That case involved the successful reorganization of Debtor's two income properties. I was approved as counsel for Debtor on February 12, 2016 and my final fee application granting my fees was entered on August 8, 2018.

v. On October 24, 2017, I confirmed a plan of reorganization in a Chapter 11 entitled, <u>In re Rescue One Ambulance,</u> Case No. 2:17-bk-10002-NB. This case involved the successful reorganization of an ambulance transportation business involving the Internal Revenue Service.

w. On July 10, 2017, I confirmed a plan of reorganization in a Chapter 11 case entitled, <u>In re Amos C. Acoff,</u> Case No. 2:16-bk-10109-VZ. That case

involved the successful reorganization of his residence and multiple real properties.

x.  On February 12, 2016, I confirmed a plan of reorganization in a Chapter 11 case entitled, <u>In re Edward D. Roane</u>, Case No. 1:14-bk-15621-VK. That case involved the successful reorganization of his residence and multiple real properties.

y.  On December 23, 2015, I confirmed a plan of reorganization in a Chapter 11 case entitled, <u>In re: Steven and Julie Sassoon</u>, Case No. 2:14-bk-12673-TD. That case involved the successful reorganization of their unsecured debt after years in state court litigation.

z.  On March 11, 2015, I confirmed a plan of reorganization in a Chapter 11 case entitled, <u>In re: Michael J. and Cristina M. Parker</u>, Case No. 6:13-bk-3051-MJ. That case involved the successful reorganization of the Debtor' residence and resolution of multiple state court lawsuits. The Debtor obtained a discharge order on April 30, 2015.

aa. On June 29, 2012, I confirmed a plan of reorganization in a Chapter 11 case entitled, <u>In re: Leonor Zimerman</u>, Case No. 1:11-bk-14045-GM. That case involved the successful reorganization of Debtor's rental property and income property. Final decree was entered on January 7, 2013.

bb. On June 13, 2012, I confirmed a plan of reorganization in a Chapter 11 case entitled, <u>In re: Vahigh and Penah Dadayan</u>, Case No. 2:11-bk-14452-RK. That case involved the successful reorganization of their primary residence and 5 rental properties. Final decree was entered on January 7, 2013.

cc. On May 23, 2012, I confirmed a plan of reorganization in a Chapter 11 case entitled, In re: Hamid Peter and Farideh Keshavarz, Case No. 1:11-bk-17414-AA. That case involved the successful reorganization of the Debtor debts on their primary residence. A final decree order was entered on June 4, 2013.

dd. On April 11, 2012, I confirmed a plan of reorganization in a Chapter 11 case entitled, In re: Gregory Stephen Jones and Eteva Desiree Laufasa, Case No. 2:11-bk-22829-PC. That case involved reorganization of the Debtor' primary residence and their rental properties. A discharge order was entered on October 15, 2014.

ee. On February 17, 2012, I confirmed a plan of reorganization in a Chapter 11 case entitled, In re: 7 West, LLC, Case No. 2:10-bk-36804-ER. That case involved the reorganization of an apartment complex. Final decree was entered May 10, 2013.

ff. On September 30, 2011, I confirmed a plan of reorganization in a Chapter 11 case entitled, In re: Ludo Gust Mensch and Lorraine Patricia Mensch, Case No. 1:10-bk-22102-MT. That case involved the reorganization of a construction company.

gg. On June 29, 2011, I confirmed a plan of reorganization in a Chapter 11 case entitled, In re: Twelve Signs Incorporated, Case No. 2:10-bk-11758-PC. That case involved the liquidation of various intellectual property of an astrological products company.

hh. On April 13, 2011, I confirmed a plan of reorganization in a Chapter 11 Case entitled, In re: Rahim Zabihi, Case No. 8:10-bk-11504-TA. That case

involved the successful reorganization of two veterinarian clinics and five pieces of real property.

10.     In Chapter 11 filings, I have successfully represented restaurants, nightclubs, retail stores, dry cleaners, advertising agencies, manufacturing companies, construction companies, real estate owners, real estate developers, medical practices, trucking companies, an ambulance company and other businesses.

11.     I will charge the Debtor for my services at the rate of $595.00 per hour. I will charge Debtor $545.00 per hour for the services of my senior associate attorney Sofya Davtyan, $435.00 per hour for the services of my mid-level associate attorneys Debra Reed, Carolyn M. Afari, and Robert Poteete, $395.00 per hour for the service of my associate attorney Samuel Boyamian, $275.00 per hour for the services of my bankruptcy analyst/field agent Gary Baddin, $250.00 per hour for the services of my bankruptcy senior paralegals and law clerks, and $200.00 per hour for the services of bankruptcy paralegals.

12.     Pursuant to the written fee agreement between the Debtor and I, my actual pre-petition fees and costs incurred were deemed fully earned as of the filing of the petition, and were withdrawn from the client trust account immediately prior to the filing of the Debtor's bankruptcy petition as payment for the pre-petition work done by me. The actual pre-petition fees were $1,721.50 my actual pre-petition costs were the $1,738.00 for the Chapter 11 filing fee.  The unearned retainer of $18,278.50 will be maintained in my client trust account until court authorization is obtained pursuant to 11 U.S.C. § 330.

13.     The agreed upon retainer is $20,000.00. On April 14, 2022, Applicant received a $20,000.00 retainer plus the $1,738.00 Chapter 11 filing fee as follows:

$10,000.00 was paid by Michael H. Miroyan, the Debtor's principal, and the remaining $10,000.00 retainer plus the filing fee of $1,738.00 was paid by Harold Barker. Neither Mr. Miroyan nor Mr. Barker are creditors of the Debtor and made these payments as gift contributions to the Debtor, for which no repayment will be sought.

14.     Attached hereto as Exhibit "3" is a true and correct copy of the Attorney-Client Written Fee Contract entered into between Debtor and I.

15.     Having reviewed the records of the Debtor, including a list of their creditors and any other party in interest, neither myself nor my Firm represent any interest adverse to the Debtor or their estate. Nor does the Firm hold any interest materially adverse to the interests of the Debtor or their estate.

16.     Neither my Firm, nor I, have any additional connection with the Debtor, any creditors of the estate, any party in interest, their attorneys or accountants or any judge of this Court. My bankruptcy analyst/field agent Gary Baddin was a former employee of United States Trustee in Central District of California. Other than Mr. Baddin's prior connection with the United States Trustee, neither the firm or any person employed in the office have any prior connection to the United States Trustee's office or other parties

17.     My post-petition legal services for the Debtor began on April 15, 2022.

18.     Debtor's principal, Michael H. Miroyan, signed the retainer agreement but refused to sign the declaration in support of Application to Employ General Bankruptcy Counsel.  I have had difficulty communicating with Mr. Miroyan since the filing of the case, and he has proven to be uncooperative with me and my employees.

19.     The Notice of Opportunity to Request a Hearing on Motion, required by Local Rule 9013-1(o) and filed herewith, is attached hereto as Exhibit "4".

APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY GENERAL BANKRUPTCY COUNSEL

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on May 9, 2022 at Beverly Hills, California.

Michael Jay Berger

17

EXHIBIT 1

# MICHAEL JAY BERGER

9454 Wilshire Boulevard, 6th Floor, Beverly Hills, California 90212
Telephone: 310.271.6223 | Fax: 310.271.9805 | E: michael.berger@bankruptcypower.com
Website: www.bankruptcypower.com

## EDUCATION

**Certified Legal Specialist in Bankruptcy Law certified by the California Board of Legal Specialization of the State Bar of California**
Certified on September 1, 2006 and continuously certified since then.

Law School – HASTINGS COLLEGE OF LAW, San Francisco, California
    J.D. with Honors, May 1981;
    Class Standing: Top 10%

Main Honors and Activities
    Order of the Coif          Law Review
    Thurston Honor Society    Phi Alpha Delta

Undergraduate – DUKE UNIVERSITY, Durham, North Carolina
    B.A. Graduated with Honors, 1978 Major: English

Main Honors and Activities
    Captain of the Duke Debate Team
    Chairman, Duke Branch of the North Carolina Public Interest Research Group
    Member, National Honorary Society
    Delta Sigma Rho Tau Kappa Alpha

## WORK EXPERIENCE

40 years of experience representing accountants, actors, advertising agencies, ambulance companies, bail bond companies, book stores, car washes, churches and synagogues, clothing companies, construction companies, construction supply companies, contractors, cosmetic companies, dentists, designers, doctors, entrepreneurs, film companies, gas stations, hospitals, hotels, insurance agencies, insurance sales people, investors, landlords and tenants, landscape companies, lawyers, lenders, magazines, manufacturing companies, musicians, nightclubs, online sales companies, pawn shops, physical therapists, radio stations, real estate brokers, real estate developers, real estate investors, restaurants, retail stores, schools, screenwriters, security guard companies, shopping centers, song writers, stock brokers, students, teachers, television stations, trucking companies and veterinarians.

1996 to Now    LAW OFFICES OF MICHAEL JAY BERGER
    Beverly Hills, California
    Principal attorney in law firm specializing in bankruptcy practice.
    Extensive experience representing debtors, creditors and third parties in
    Chapter 7, 11 and 13 Cases and Adversary Proceedings

1983 to 1996    Attorney and Managing Partner, BERGER & STOLAR, INC.
    Beverly Hills, California
    Senior trial lawyer specializing in bankruptcy and civil litigation practice.
    Very knowledgeable and experienced in all types of civil litigation,
    including all types of collection, business, contract, entertainment, real
    estate, probate and bankruptcy cases. Extensive experience representing
    debtors and creditors in numerous Chapter 7, 11 and 13 proceedings.

1981 to 1983    Attorney, RIFKIND, STERLING & LEVIN, INC.
                Beverly Hills, California
                Practiced in all phases of civil litigation.  Primarily responsible for
                collection, bankruptcy, breach of contract, real estate and tort cases.


## ACTIVITIES AND ASSOCIATIONS

"AV" rated lawyer as rated by Martindale Hubbell legal directory 1995-2021[*]

"Superb Rated Attorney" By Avvo
Former Judge Pro Tem, Beverly Hills Municipal Court
Former Arbitrator, Beverly Hills Bar Association
Former Editor of the Beverly Hills Bar Association Journal
Member of the Bankruptcy Section of the Beverly Hills Bar Association
Member of the Los Angeles Bankruptcy Forum
Member of the California Bankruptcy Forum
Member of the American Bankruptcy Institute
Member of Mensa, The High IQ Society
Member of Track Club Los Angeles
Marathon and Ultramarathon Runner
Guitar Player and Lead Singer for the Rock and Roll Band DTF

## AREA SERVED

I serve all of California, with the majority of my cases being in the Central District of California
downtown Los Angeles, San Fernando Valley, Santa Ana and Riverside branch courts.

---

[*] The Martindale-Hubbell "AV" rating indicates very high to preeminent legal ability and very high ethical standards
as established by confidential opinions from members of the bar.

EXHIBIT 2

# LAW OFFICES OF MICHAEL JAY BERGER

9454 Wilshire Blvd., 6th Floor
Beverly Hills, California 90212
Tel: 310-271-6223 | Fax: 310-271-0985

LAW OFFICES OF MICHAEL J. BERGER (the "Firm") limits its practice to the field of bankruptcy, insolvency, workouts and related civil litigation and transactional matters. The Firm's legal representation, involves extensive involvement with consumers and businesses, as Debtors and Debtors-in-Possession in chapter 7, 11 and 13 Bankruptcies.

## DESCRIPTION OF RESPONSIBILITIES OF BANKRUPTCY ATTORNEYS

The Firm's Bankruptcy Department currently employs four full-time attorneys whose duties include, but are not limited to, attendance at the client's initial debtor interview, 341(a) meeting of creditors and confirmation hearing. The Firm's attorneys also prepare petitions, schedules and other documents that are critical to the success of each case.

The attorneys, under the supervision of the Firm's principal attorney, Michael Jay Berger, are responsible for the research, preparation and filing of applications, motions and other documents throughout the course of a client's bankruptcy. More specifically, the attorneys draft applications to employ professionals and applications for attorney compensation, as well as budget motions, motions for the interim use of cash collateral, motions to value and Chapter 11 and 13 plans of reorganization and disclosure statements.

The Firm's attorneys also ensure compliance with the Bankruptcy Code and Local Bankruptcy Rules. The attorneys are often required to prepare and file: applications for orders shortening time, motions for authorization to incur debt, applications for removal of civil actions, amendments to schedules, final reports, orders, judgments-findings of fact and conclusions of law, applications for final decrees closing Chapter 11 cases, statements of indebtedness and declarations in adversary proceedings, collection complaints, notices of appeals, and proofs of claim.

Immediately following is a brief description of the qualifications of the Firm's Attorneys.

**Michael Jay Berger – *Principal Attorney*,** admitted to the State Bar of California, 1981; Central District of California, 1982. Mr. Berger is a Certified Legal Specialist in Bankruptcy Law certified by the California Board of Legal Specialization of the State Bar of California.

University of California Hastings, San Francisco, CA (1981)
Duke University, Durham, NC (1978).

1

**Sofya Davtyan – *Senior Associate*:** Admitted to the State Bar of California, 2008; Central District of California, 2008. Ms. Davtyan joined the firm in February of 2009. Ms. Davtyan is a Certified Specialist in Bankruptcy Law, Certified by the California Board of Legal Specialization.

Ventura College of Law, Ventura, CA (2008)
University of Southern California, Los Angeles, CA (2002)

**Debra J. Reed – *Mid-Level Associate.*** Admitted to the State Bar of California, 2010; Central District of California, 2020. Ms. Reed joined the firm in 2020.

Santa Clara University School of Law, Santa Clara, CA • Juris Doctor (2009)
Baruch College, New York, NY • Masters of Business Administration (2000)
Boston College, Boston MA • Bachelor of Arts (1986)

**Carolyn M. Afari – *Mid-Level Associate*:** Admitted to the State Bar of California, 2012; Central District of California, 2012. Ms. Afari joined the firm in June of 2017.

University of West Los Angeles School of Law, Los Angeles, CA (2011)
University of Southern California, Los Angeles, CA (2005)

**Robert Poteete – *Mid-Level Associate*:** Admitted to the State Bar of California, 2007; Central District of California, 2008. Mr. Poteete joined the firm in 2022.

UCLA School of Law, Los Angeles, CA (2006)
University of Pennsylvania, Philadelphia, PA (2003)

**Samuel Boyamian – *Associate*:** Admitted to the State Bar of California, 2017; Central District of California, 2017. Mr. Boyamian joined the firm in 2011 and re-joined the firm in May of 2014.

Southwestern Law School, Los Angeles, CA (2015)
University of California, Riverside, Riverside, CA (2006)

## DESCRIPTION OF RESPONSIBILITIES OF PARALEGALS & LEGAL ASSISTANTS

The Firm's Bankruptcy Department currently employs four full-time paralegals and legal assistants whose duties include, but are not limited to, the following:

Attendance at initial attorney/client meetings, preparation of petitions, schedules, statement of affairs and rendering assistance to client in meeting the requirements of the United States Trustee.

After filing of the petition, the Paralegals, under the supervision of the attorneys, prepare drafts of motions, applications and other documents, including, but not limited to the following:

Application for authorization to employ professional persons, applications for compensation of attorneys' fees, motions to compromise controversies, stipulations, motions for extension of time for the debtor to file schedules, motions for extension of exclusivity periods [Bankruptcy Code §1121], motions for extension of the time in which the debtor may assume or reject nonresidential real

2

property leases, motions for authorization to sell assets of the debtor's estate, applications for orders shortening time for serving notices to creditors, motions for authorization to incur debt, applications for removal of civil actions, amendments to schedules, final reports and account [Bankruptcy Rule 1019 (6)], notices as required by the Bankruptcy Rules, orders, judgments-findings of fact and conclusions of law, applications for final decrees closing Chapter 11 cases, final decrees, statements of indebtedness and declarations in adversary proceedings, collection complaints, notices of appeals, proofs of claims, and any other documents which may appropriately be drafted at the legal assistant level.

Immediately following is a brief description of the qualifications of the Firm's Paralegals and Legal Assistants.

### Gary Baddin (Bankruptcy Analyst / Field Agent)

Mr. Baddin joined the firm in June 2021. In 1987, he joined the elite Special Procedures Staff of the IRS, administering the Service's tax claims in the U. S. Bankruptcy Court. He worked for the Office of the United States Trustee in the U.S. Department of Justice as a Bankruptcy Analyst for 30 years and was assigned oversite of chapter 11 cases. Mr. Baddin received his Bachelor's Degree in Political Science from UC Davis and holds a Master's Degree in Public Administration from USC.

### Yathida Nipha (Senior Paralegal): Ms. Nipha is a senior paralegal with over twelve years of experience in Chapters 7, 11 and 13. Ms. Nipha joined the firm in January 2010.

University of Phoenix, Los Angeles, CA (2008)

### Karine Manvelian (Senior Paralegal): Mrs. Manvelian joined the firm in 2014 and has returned in December 2015. Mrs. Manvelian worked with the United States Bankruptcy Court for over 20 years.

### Peter Garza (Paralegal): Mr. Garza joined the firm in May 2015. Prior to joining the firm, Mr. Garza was a customer service supervisor with Williams Lea, Inc. at O'Melveny & Myers for 15 years. Mr. Garza prepares declarations of service and Applications to Employ Professionals. Mr. Garza has experience preparing bankruptcy schedules in chapter 7, 11, and 13.

3

# EXHIBIT 3

# Law Offices of Michael Jay Berger

**9454 Wilshire Blvd., 6th Floor**
**Beverly Hills, California 90212-2929**
**Tel 310-271-6223 • Fax 310-271-9805**
**e-mail: michael.berger@bankruptcypower.com**
**website: www.bankruptcypower.com**

Michael Jay Berger is a California State Bar
Certified Bankruptcy Law Specialist

Sofya Davtyan is a California State Bar
Certified Bankruptcy Law Specialist

Debra J. Reed
Carolyn Afari
Samuel Boyamian
Robert Poteete

April 13, 2022

Hawaiian Riverbend, LLC
Michael Miroyan, Managing Member
620 Vasona Avenue
Los Gatos, CA 95032

Via E-mail at: mac8881@me.com

**Re:** **Representing Hawaiian Riverbend, LLC in a Chapter 11 Bankruptcy to be**
**filed in United States Bankruptcy Court, Northern District of California**

This document is our written fee contract. California law requires lawyers to have written fee contracts with their clients. I will provide legal services to you on the terms set forth below.

1. CONDITIONS. This agreement will not take effect, and I will have no obligation to provide legal services, until you return a signed copy of this agreement to me and pay the $20,000.00 retainer called for in paragraph 4.

2. SCOPE OF SERVICES. You are hiring me to prepare and file a Chapter 11 bankruptcy petition for Hawaiian Riverbend, LLC ("You"). I will provide the legal services reasonably required to represent you. Representation will include pre-bankruptcy planning, preparing a Chapter 11 bankruptcy Petition and all supporting schedules and statements, advising you regarding your legal rights and obligations in a bankruptcy proceeding, assisting you in preparing the documents and reports required by the Office of the United States Trustee, representing you at the initial debtor interview with the Office of the United States Trustee, representing you at the first meeting of creditors, representing you in opposition to any Motion for Relief from Stay that may be filed and assisting you in preparing the paperwork needed to continue and conclude a Chapter 11 proceeding. In addition, I will respond to creditor inquiries, review proofs of claim filed in your bankruptcy, object to inappropriate claims, respond to all Motions filed in your bankruptcy proceeding. If and when it is appropriate, I will prepare a

1 of 3

proposed Disclosure Statement and Plan of Reorganization for you. I will keep you informed about the status of your case and to respond to your inquiries.

3.    **CLIENT'S DUTIES.**      You agree to be truthful with me, to cooperate with me, to keep me informed of developments which affect this case, to abide by this agreement, to pay my bills on time, and to keep me advised of your address, telephone number and whereabouts.

4.    **RETAINER.**      You agree to pay me a retainer of $20,000.00. The $20,000.00 retainer shall be deposited into my client trust account and will be billed against at the hourly rates set forth herein. Before filing your bankruptcy petition, I will give you a bill for all of my time and costs spent on your matter before the filing of your bankruptcy petition. The amount due and owing pursuant to this bill shall be deemed to be fully earned prior the filing of the bankruptcy petition on your behalf. I shall withdraw this amount from my client trust account prior to my filing of the bankruptcy petition on your behalf. After the filing of your bankruptcy petition, I will continue to bill against the remaining balance of the retainer. The $20,000.00 retainer is a retainer. It is not a cap. It is not a minimum fee. Your final bill could be more or less than the retainer amount. Your actual total bill will be based on the hourly rate charges and costs.

5.    **LEGAL FEES.**      You agree to pay me for my legal services at the following hourly rates: Michael Berger's time --$595.00/ hour; senior associate attorney Sofya Davtyan's time --$545.00/hour; mid-level associate attorneys Debra Reed and Carolyn Afari's time --$435.00/hour; Robert Poteete's time --$435.00; associate attorney Samuel Boyamian's time --$395.00; bankruptcy analyst Gary Baddin's time -- $275.00 per hour; senior paralegal and law clerk time --$250.00 per hour; paralegal time -- $200.00. These rates will not be raised and will continue in effect until the conclusion of this case.

6.    **COSTS.**      In addition to paying legal fees, you agree to reimburse me for all costs and expenses that I incur on your behalf. Costs and expenses commonly include court filing fees, trustee fees, court reporter fees, long distance telephone calls, messenger fees, postage, in office photocopying at $.10 per page, no charge for receiving faxes, $.10 per page for sending faxes, parking, and mileage at $.55 per mile. I will have no obligation to advance any money for costs. I agree to waive all costs for computerized legal research and word processing. You authorize me to incur all reasonable costs.

The initial filing fee for a Chapter 11 is $1,738.00. You agree to pay me $1,738.00 prior to the filing of the Chapter 11 Petition to cover this fee.

7.    **BILLS.**      I will send you periodic bills for any fees and costs that I incur on your behalf. I will apply to the bankruptcy court for approval of my fees and costs. So long as your case is pending in the bankruptcy court, no further compensation will be paid to me without the approval of the bankruptcy court.

2 of 3

8.      **DISCHARGE AND WITHDRAWAL.**      You may discharge me at any time. I may withdraw with your consent or for good cause as found by a court of law. Good cause includes, but is not limited to, your breach of this agreement, your refusal to cooperate with me or to follow my advice on a material matter, or any fact or circumstance which would render my continuing representation of you nonproductive, unlawful or unethical.

9.      **DISCLAIMER OF GUARANTEE.**      Nothing in this agreement and nothing in my statements to you should be construed as a promise or guarantee about the outcome of your matter. I make no such promises or guarantees. My comments about the possible outcome of your matter are expressions of opinion only.

Thank you for retaining me in this matter. I will use my best efforts on your behalf.

LAW OFFICES OF MICHAEL JAY BERGER

By: _____
Michael Jay Berger

**I have read and understood the foregoing terms and agree to them.**

HAWAIIAN RIVERBEND, LLC

By: _____
Michael Miroyan, Managing Member

3 of 3

EXHIBIT 4

MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929
Telephone:    (310) 271-6223
Facsimile:    (310) 271-9805
michael.berger@bankruptcypower.com

*Proposed* Counsel for Debtor and Debtor-in-Possession,
Hawaiian Riverbend, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>HAWAIIAN RIVERBEND, LLC,<br><br>       Debtor and Debtor-in-Possession.<br><br>TIN - | ) CASE NO.: 5:22-bk-50314<br>)<br>) Chapter 11<br>)<br>) **NOTICE OF OPPORTUNITY FOR**<br>) **HEARING ON THE APPLICATION**<br>) **FOR ORDER AUTHORIZING**<br>) **DEBTOR TO EMPLOY GENERAL**<br>) **BANKRUPTCY COUNSEL**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case: 22-50314    Doc# 24    Filed: 05/10/22    Entered: 05/10/22 12:43:54    Page 30 of 32

# OBJECTIONS OR REQUESTS FOR HEARING

**PLEASE TAKE NOTICE THAT** Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed with respect to any objection to the proposed compromise or any request for hearing thereon.

Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice; Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;

If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default.

In the event of a timely objection or request for hearing, the initiating party will give at least seven days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.

Any objections or request for hearing should be filed with the Bankruptcy Clerk, 280 South First Street, Room 3035, San Jose, CA 95113-3099 and served on counsel for the DIP at the address shown below.

**NOTICE IS FURTHER GIVEN** Your rights may be affected. You should read these papers and the proposed relief carefully and discuss them with an attorney. You may obtain a copy of the Motion from PACER or by contacting DIP's counsel at the contact information at the top left-corner of the first page of this document.

Pursuant to B.L.R. 9014-1, the Debtor may and do hereby request an order allowing this relief without a hearing unless within twenty-one (21) days of the date of service of this Notice, the Respondent files with the Court and serves a copy on counsel for the Debtor at the address set forth above, a written Request for Hearing or an Objection to the requested relief, accompanied by a declaration or memorandum of law in support of the Respondent's position. In the event the Respondent files and serves such documents, the Debtor will obtain a hearing date, and give the Respondent and United States Trustee at least seven (7) days written notice of the hearing/tentative hearing date.

WHEREFORE, IF NO PROPER REQUEST FOR A HEARING OR OBJECTION TO THE PROPOSED RELIEF IS TIMELY FILED AND SERVED THE DEBTOR REQUEST THAT THE RELIEF BE ALLOWED IN ITS ENTIRETY.

DATED: 5/4/2022  LAW OFFICES OF MICHAEL JAY BERGER

By: _____
Michael Jay Berger
*Proposed* Counsel for Debtor-in-Possession
Hawaiian Riverbend, LLC