MARTA E. VILLACORTA (NY SBN 4918280)
Assistant United States Trustee
ELVINA ROFAEL (SBN 333919)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
280 South First St., Suite 268
San Jose, CA 95113
Telephone: (408) 535-5525
Facsimile: (408) 535-5532
Email: Elvina.Rofael@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>HAWAIIAN RIVERBEND, LLC<br><br><br><br><br><br>Debtor. | Case No. 22-50314 SLJ<br><br>Chapter 11<br><br>Hearing Date: June 7, 2022<br>Hearing Time: 2:00 p.m.<br>Place: Tele/Videoconference<br><br>Judge: Honorable Stephen L. Johnson |

### UNITED STATES TRUSTEE'S OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO THE APPLICATION TO EMPLOY THE LAW OFFICES OF MICHAEL JAY BERGER

Tracy Hope Davis, the United States Trustee for Region 17 ("United States Trustee"), by and through her undersigned counsel, hereby files her *Objection and Reservation of Rights with Respect to the Application of* Hawaiian Riverbend, LLC ("Debtor") *to Employ the Law Offices of Michael Jay Berger* ("Proposed Counsel") filed on May 10, 2022, ECF No. 24 in the above-captioned case ("Application").

In support of her Objection, the United States Trustee represents the following:

1

UST Objection on Application to Employ Law Offices of Michael Jay Berger – Hawaiian Riverbend, LLC, Case No. 22-50314

## I. INTRODUCTION

The Court should deny the retention of the Proposed Counsel because the Debtor has failed to satisfy its burden to show that the Application meets the requirements of the Bankruptcy Code and Rules. First, the Debtor has not signed the Employment of Proposed Counsel, meaning the Application does not comply with Bankruptcy Local Rule 5005-2(a), and Proposed Counsel's employment is thus not authorized. Second, the Application lacks evidence, as opposed to conclusory statements, required to satisfy the burden that a retainer paid by a third party is permissible. Third, the Application fails to disclose all connections required by Federal Rule of Bankruptcy Procedure 2014 given that the Debtor's insiders funded Proposed Counsel's retainer. Fourth, the estate is entitled to undivided loyalty from its professionals and Proposed Counsel's concurrent representation of the Debtor and its principal, Michael Miroyan may ripen into an actual conflict. Accordingly, under the circumstances, the Application seeking to employ Proposed Counsel does not meet the requirements of section 327(a) of the Bankruptcy Code.

The United States Trustee reserves all rights, including by not limited to, any subsequent amendments to the Application or additional retention applications that may be filed by the Debtor.

## II. STATEMENT OF FACTS

**A. Facts and General Case Background**

On April 14, 2022, the Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of the U.S. Bankruptcy Code.[1] ECF No. 1. However, on May 27, 2022, the Debtor

---

[1] The United States Trustee requests that the Court take judicial notice of the Debtor's Petition, Schedules, Statement of Financial Affairs, and other documents filed therewith, and any amendments thereto which are in the Court's file in this case pursuant to Fed. R. Evid. 201, as made applicable by Fed. R. Bankr. P. 9017. The information contained in these documents, signed under penalty of perjury by Debtor, are admissions of the Debtor pursuant to Fed. R. Evid. 801(d).

filed an amended voluntary petition, removing the Subchapter V classification, and proceeding as a single asset real estate case. ECF No. 38. On the same day, the Debtor filed amended Schedules E/F. ECF No. 39.

To date, the Debtor has not filed an application designating a responsible individual. *See* ECF Docket *generally*.

The initial 11 U.S.C. § 341(a) meeting of creditors in this case was held on May 17, 2022 and was adjourned to June 24, 2022. *See* ECF Docket *generally*.

The only assets reflected on the Debtor's Schedule A/B are: (i) two Bank of America checking accounts with a combined value of $250 and (ii) a vacant land located in Waikoloa Village, Hawaii with a value of $6 million. ECF No. 22.

The Debtor scheduled two secured claims on Schedule D: (i) a $540,000 claim held by the Kai Family Trust and (ii) a $150,000 claim held by "Hawaii County Tax." *Id*. The Debtor's amended Schedule E/F lists fourteen general unsecured claims that amount to $380,622.70 in total claims, including: (i) a $120,000 claim for legal fees held by David Dorenfield; (ii) a $70,000 claim held by Phil Hayes for a loan; and (iii) a $12,000 claim held by William Miroyan for a loan. ECF No. 39.

The Debtor's Statement of Financial Affairs is largely void of any information about the Debtor's financial dealings leading up to the bankruptcy filing, other than to list the Firm's $21,738 pre-petition retainer received from Mr. Miroyan, who holds a 100% ownership interest in the Debtor, and an individual named Harold Barker. ECF No. 22.

//

//

B. **The Employment Application & Motion to Withdraw**

On May 10, 2022, the Employment Application accompanied by Mr. Berger's declaration was filed. ECF No. 24. On the same date, Proposed Counsel filed a motion to withdraw as counsel, citing a breakdown of relationship as the reason for withdrawal. ECF No. 28.

The Debtor's signature does not appear on the Application. *Id*. Proposed Counsel indicates that Mr. Miroyan "refused to sign the declaration in support of the Application." ECF No. 24, at p. 16 of 32. In addition, the Application provides Mr. Miroyan has been uncooperative and incommunicative. *Id*. The Application is also missing a proposed order. ECF No. 24.

The Application discloses that Proposed Counsel also represents Mr. Miroyan in a personal Chapter 13 case, also filed in the Northern District of California (Case No. 22-50339).[2] *Id*. In addition, the Application discloses that Mr. Miroyan paid Proposed Counsel's retainer of $10,000 and the remaining $11,738 was paid by Mr. Barker. *Id*. These retainer payments were described as a gift. ECF No. 24 at 4.

In response to the Application, creditors Kenneth Y. Kai and Tae K. Kai, Trustees of the Kai Family 1998 Trust ("Creditors") filed an objection to the Application, stating that the employment of Proposed Counsel will not benefit the estate due to the Debtor allegedly not cooperating with Proposed Counsel. ECF No. 34. Further, the Creditors also argue that Proposed Counsel is not disinterested because the firm represents both the Debtor and Mr. Miroyan. *Id*.

On May 31, 2022, Proposed Counsel filed a reply to Creditors' objection arguing, among other things, that the employment of the firm benefited the estate, and that Proposed Counsel is not disinterested because neither the Debtor not Mr. Miroyan have interests materially adverse to

---

[2] Proposed Counsel also filed a motion to withdraw in Mr. Miroyan's personal Chapter 13 case on May 10, 2022, which is scheduled to be heard on June 9, 2022. *See* ECF No. 14, Case No. 22-50339.

each other. ECF No. 41. Proposed Counsel notes it is agreeable to refund the retainer paid in connection with Mr. Miroyan's chapter 13 case. *Id*.

### III. AUTHORITIES & DISCISSION

**A. The Application Should Be Denied Because Debtor has failed to satisfy their burden under the Federal and Local Bankruptcy Rules**

A request for relief such as that made in the Employment Application should be made only under a specific statute, Fed. R. Bankr. P., and/or local rule and "shall state with particularity the grounds therefor…and set forth the relief or order sought." Fed. R. Bankr. P. 9013.

Here, the Application fails to include any specific legal authority to support the relief that is being requested, leaving the Court, the United States Trustee, creditors, and parties in interest to guess which statutes and/or rules the Debtor is proceeding under. *See* ECF No. 24 *generally*. The Application should not be approved for this reason alone.

Although no statutory authority pertaining to professional employment is cited in the Application, as indicated, if the relief requested is based upon section 327(a), the Application should also be denied on procedural and substantive grounds as set forth below.

**1. Procedural Defects Preclude Approval of the Application**

Bankruptcy Local Rule 5005-2(a) provides in part that: "[a] document electronically filed with the Court shall bear the typed name of the person purporting to have signed the document and shall be deemed to be signed by the person . . ." Bankruptcy Local Rule 5005-2(a).

Because the Debtor has not signed the Application, there is no evidence that the Debtor expressly authorized the filing of the Application. *See* B.L.R. 5005-2(a). In fact, the declaration in support of the Application provides that the Debtor's principal refuses to sign the Application.

5

UST Objection on Application to Employ Law Offices of Michael Jay Berger – Hawaiian Riverbend, LLC, Case No. 22-50314

Case: 22-50314   Doc# 42   Filed: 05/31/22   Entered: 05/31/22 21:49:53   Page 5 of 12

ECF No. 24, at p. 16 of 32; *see also In re Veluz*, 2015 WL 161002, at *4 (Bankr. D.N.J. Jan. 9, 2015) ("[w]hen documents requiring the debtor's original signature are not signed by the debtor, the evidentiary basis for the information in those documents no longer exists."). Under the circumstances, the Application is procedurally defective and should not be approved.

**2. Substantive Defects Preclude Approval of the Application**

Bankruptcy Code section 327(a) requires that professional persons seeking authorization to represent the bankruptcy estate be disinterested and prohibits such professionals from representing any interest adverse to the estate. *See* 11 U.S.C. § 327(a). The same standards that apply to trustees for the retention of professionals also apply to debtors-in-possession. 11 U.S.C. § 1107(a); *Staiano v. Pillowtex, Inc. (In re Pillowtex, Inc.)*, 304 F.3d 246, 251 (3d Cir. 2002).

Even a potential conflict provides sufficient grounds for a court to decline to appoint an attorney. *In re AFI Holding, Inc.*, 530 F.3d 832, 838 (9th Cir. 2008) (potential for materially adverse effect sufficient grounds to deny appointment); *Chugach Elec. Ass'n v. United States District Court*, 370 F.2d 441, 442-43 (9th Cir. 1966). In fact, doubt as to whether a particular set of facts gives rise to a disqualifying conflict of interest should normally be resolved in favor of disqualification. *In re Wheatfield Business Park LLC*, 286 B.R. 412, 418 (Bankr. C.D. Cal. 2002).

Further, when a third party pays a debtor's attorney's retainer, the Court can take the restrictive or analytical approaches in evaluating the proposed employment.

The restrictive approach is discussed in *In re Hathaway Ranch Partnership*, 116 Bankr. 208 (Bankr. C.D. Cal. 1990)."

The Hathaway Court explained that:

6

UST Objection on Application to Employ Law Offices of Michael Jay Berger – Hawaiian Riverbend, LLC, Case No. 22-50314

Case: 22-50314   Doc# 42   Filed: 05/31/22   Entered: 05/31/22 21:49:53   Page 6 of 12

> Third parties do not transfer property or funds to an attorney to represent a debtor in possession unless that representation is in the best interest of the third party. It is often the case that the interests of the third party are not identical to the interests of the debtor in possession in its role as fiduciary of the bankruptcy estate. Thus by accepting payment from a third party, the proposed counsel for the debtor in possession necessarily has a conflict of interest in that counsel is serving two masters -- the one who paid counsel and the one counsel is paid to represent. I find that this is an actual conflict of interest that disqualifies a professional from being employed pursuant to 11 U.S.C. § 327 <u>absent a showing that the interests of the third party and the bankruptcy estate are identical</u> upon notice to all creditors, equity security holders and other parties in interest.

*In re Hathaway Ranch Partnership*, 116 B.R. 208, 219 (Bankr. C.D. Cal. 1990) (emphasis added).

The analytical approach rejects a *per se* approach and instead reviews the issue on a case-by-case basis. Courts using the analytical approach use a 5-part test in determining whether counsel can be employed when counsel's retainer was paid by principal or insider of the Debtor. These factors include: (1) the arrangement must be fully disclosed to the debtor/client and the third party payor/insider; (2) the debtor must expressly consent to the arrangement; (3) the third party payor/insider must retain independent legal counsel and must understand that the attorney's duty of undivided loyalty is owed exclusively to the debtor/client; (4) the factual and legal relationship between the third party payor/insider, the debtor, the respective attorneys, and their contractual arrangement concerning the fees, must be fully disclosed to the Court at the outset of the debtor's bankruptcy representation; and (5) the debtor's attorney/applicant must demonstrate and represent to the Court's satisfaction the absence of facts which would otherwise create non-disinterdness, actual conflict, or impermissible potential for a conflict of interest. *In re Lotus Props. LP*, 200 B.R. 388, 392 (Bankr. C.D. Cal. Sept. 16, 1996) (citing *In re Kelton*, 109 Bankr. 641 (Bankr. D. Vt. 1989) (the "Kelton Factors").

7

UST Objection on Application to Employ Law Offices of Michael Jay Berger – Hawaiian Riverbend, LLC, Case No. 22-50314

Case: 22-50314    Doc# 42    Filed: 05/31/22    Entered: 05/31/22 21:49:53    Page 7 of 12

### i. The Application should be denied due to Proposed Counsel failure to provide sufficient evidence to allow the Court to assess the relationship between the Debtor, Proposed Counsel, Mr. Miroyan, and Mr. Barker.

In this case, neither the Application nor the accompanying declaration address the *Hathaway Ranch Partnership* factors (restrictive approach) or the *Lotus/Kelton* factors (analytical approach). Rather, the declaration accompanying the Application provides, without further elaboration, that Mr. Miroyan "signed the retainer agreement but refused to sign the declaration in support of [the Application]." ECF No. 24, at p. 16.

Under the restrictive approach, the Debtor has failed to show that the interests of the Debtor, Mr. Miroyan, and Mr. Barker are identical. Proposed Counsel's reply to the Creditors' objection only states that "[n]either the Debtor, nor [Mr.] Miroyan, have interests materially adverse of each other or their respective estates, and neither are creditors of each other." ECF No. 41. What about Mr. Barker? This mere allegation is not supported by any evidence as required by the Bankruptcy Local Rules. *See* BLR 9013-1(d). Therefore, absent sworn affidavits/declarations from Mr. Miroyan and Mr. Barker, specifying in detail their connections with the Debtor and how their interests and the Debtor's interest are identical, the Application should be denied.

The Debtor has also failed to satisfy its burden under the analytical approach. Specifically, the third *Lotus/Kelton* factor states that the "third party payor/insider must retain independent legal counsel and must understand that the attorney's duty of undivided loyalty is owed exclusively to the debtor/client." It does not appear that either Mr. Miroyan or Mr. Barker have retained independent legal counsel; in fact, Proposed Counsel represents Mr. Miroyan in his personal Chapter 13 case. Further, unlike in *In re Lotus Props*, the Application and the attorney-client fee agreement fail to include pertinent language that Mr. Miroyan and Mr. Barker understand and

8

UST Objection on Application to Employ Law Offices of Michael Jay Berger – Hawaiian Riverbend, LLC, Case No. 22-50314

Case: 22-50314    Doc# 42    Filed: 05/31/22    Entered: 05/31/22 21:49:53    Page 8 of 12

agree that Proposed Counsel will owe its sole legal duty to the Debtor and will act solely in the interest of the Debtor regardless of whether such action is in the best interest of Mr. Miroyan and Mr. Barker. *See* ECF No. 24 *generally*. Further, the Application fails to explain who would pay Proposed Counsel's fee should the existing retainer balance be depleted, and whether subsequent payments would be loans or gifts to the Debtor. *Id*.

Given the several deficiencies identified above, the Application should be denied.

### ii. The Application should be denied for failure to make adequate disclosures pursuant to Rule 2014

The Ninth Circuit applies the disclosure requirements of FRBP 2014 "strictly." *Neben & Starrett, Inc. v. Chartwell Financial Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 881 (9th Cir. 1995). "[T]he disclosure rules are not discretionary." *Mehdipour v. Marcus & Millichap (In re Mehdipour)*, 202 B.R. 474, 480 (9th Cir. BAP 1996); *see also In re Tevis*, 347 B.R. 679, 693-94 (9th Cir. BAP 2006).

Under FRBP 2014(a), proper disclosure is necessary to enable the court to make an informed decision as to whether the applicant meets the statutory requirements for employment under Section 327(a), i.e., that such person does not "hold or represent an adverse interest to the estate" and is a "disinterested person." 11 U.S.C. § 327(a); *Park-Helena Corp*. at 881. "All facts that may be pertinent to a court's determination of whether an attorney is disinterested or holds an adverse interest to the estate must be disclosed." *Id*. at 882 (quoting *In re Hathaway Ranch Partnership*, 116 B.R. 208, 219 (Bankr. C.D. Cal. 1990). "The duty of professionals is to disclose all connections with the debtor, debtor-in-possession, insiders, creditors, and parties in interest. . . . They cannot pick and choose which connections are irrelevant or trivial . . . . No matter how old the connection, no matter how trivial it appears, the professional seeking employment must

9

UST Objection on Application to Employ Law Offices of Michael Jay Berger – Hawaiian Riverbend, LLC, Case No. 22-50314

Case: 22-50314    Doc# 42    Filed: 05/31/22    Entered: 05/31/22 21:49:53    Page 9 of 12

disclose it." *Park-Helena Corp.*, 63 F.3d at 882 (quoting *In re EWC, Inc.*, 138 B.R. 276, 280-281 (Bankr. W.D. Okla. 1992)).

Failure to disclose is alone a sufficient basis for denying a professional's employment. *See In re Film Ventures Int'l, Inc.*, 75 B.R. 250, 252 (B.A.P. 9th Cir. 1987); *In re Lee*, 94 B.R. 172, 177 (Bankr. C.D. Cal. 1988) (citing *Diamond Lumber, Inc. v. Unsecured Creditor's Comm.*, 88 B.R. 773, 777 (N.D.Tex.1988).

As stated above, the Application should be denied until the Debtor, Proposed Counsel, Mr. Miroyan, and Mr. Barker disclose all legal and factual connections between Mr. Miroyan and Mr. Barker and their companies, Debtor and its insiders and Proposed Counsel, including all monies paid by Mr. Miroyan and Mr. Barker to Proposed Counsel in connection with this case, what the genesis of those funds are, and whether the payments are loans or equity.

       **iii.**       **The Application should be denied due to Proposed Counsel's potential conflicts of interest due to its concurrent representation**

The Application should be denied because Proposed Counsel holds a potential conflict of interest that would disqualify representation of the Debtor. The *Sundance Self Storage* case highlights the risks of concurrent representations of related parties. There, the attorney for the Chapter 11 debtor also represented the debtor's manager of operations in the latter's Chapter 13 case, a connection that counsel failed to disclose when he filed his employment application. *See In re Sundance Self Storage-El Dorado LP*, 482 B.R. 613, 628 (Bankr. E.D. Cal. 2012). Apparently, the debtor's manager depended upon his income from the Chapter 11 debtor to fund his Chapter 13 plan. *Id*. at 628-29. After the Chapter 11 debtor was unable to obtain confirmation of its plan and with its primary asset facing foreclosure, the debtor transferred its real property without bankruptcy court approval. The recipient of this unauthorized transfer was a corporation

10

UST Objection on Application to Employ Law Offices of Michael Jay Berger – Hawaiian Riverbend, LLC, Case No. 22-50314

Case: 22-50314    Doc# 42    Filed: 05/31/22    Entered: 05/31/22 21:49:53    Page 10 of 12

wholly-owned by the debtor's manager. Shortly thereafter, the corporation filed its own bankruptcy case. *Id*. at 618.

Notably, the *Sundance Self Storage* court held that the debtor's counsel had an "interest materially adverse to the interest of the estate" and that he held and represented interests adverse to the estate from the moment the concurrent representation began. *Id*. at 630. At the outset of the case, the conflict may have been a potential conflict. But "it became a classic illustration of the reasons bankruptcy courts should *nip a potential conflict in the bud* rather than await its destructive effects." *Id*. at 629 (emphasis added)

Here, the Application merely states that Proposed Counsel reviewed the Debtor's records, including a list of the creditors and parties in interest, and concluded that Proposed Counsel does not represent any interest adverse to the Debtor or the estate. ECF No. 24, at p. 6. However, when viewed prospectively, Proposed Counsel appears to have several potential conflicts that may ripen into actual conflicts. Notably, the estate may have claims against Mr. Miroyan for potential fraudulent transfers of real property or other estate assets. The estate is entitled to "undivided loyalty" from its professionals, yet presently, the estate risks representation that does not adequately protect the Debtor's interest due to Proposed Counsel's concurrent representation of the Debtor and Mr. Miroyan. *See In re Sundance Self Storage-El Dorado LP*, 482 B.R. at 625. While Proposed Counsel's reply to the Creditors' objection to the Application proposes refunding the retainer paid for the chapter 13 case, Proposed Counsel may be able to remove the potential conflict by (i) ending its representation of Mr. Miroyan, and (ii) complying with applicable provisions of the California Rules of Professional Conduct (including Rule 1.9 "Duties to Former Clients"). *See In re McKinney Ranch Assoc.*, 62 B.R. 249, 256-58 (Bankr. C.D. Cal. 1986)

(although counsel could not represent both the debtor and its general partners, he could be appointed prospectively after he substituted out as counsel for general partners); *In re Kobra Properties*, 406 B.R. 396, 403-04 (Bankr. E.D. Cal. 2009). By local rule, the Northern District of California has adopted the Rules of Professional Conduct of the State Bar of California as the standards of professional conduct in the district and bankruptcy courts. *See* Bankruptcy Local Rule 1001-2.

Based on the foregoing potential conflicts, Proposed Counsel's employment should be denied. While Proposed Counsel's concurrent representation of the Debtor and its related parties may not currently present an actual conflict, the conflict could ripen, just as it did in the *Sundance Self Storage* case. The best course is to "nip [the] conflict in the bud" now. *See In re Sundance Self Storage-El Dorado L*P, 482 B.R. at 629; *see also In re Kobra Properties*, 406 B.R. at 404 ("When the representation of multiple clients is concurrent, the duties of loyalty and confidentiality combine to make it very difficult to overcome the 'hold' or 'represent' disqualification imposed by §§ 101(14)(C), 327(a), and 327(c).").

## IV.  CONCLUSION

The United States Trustee respectfully requests that the Court sustain her Objection, deny the Application, and grant such other relief as the Court deems warranted under the circumstance.

Dated: May 31, 2022                    TRACY HOPE DAVIS
                                        UNITED STATES TRUSTEE

                                        By:     /s/ Elvina Rofael
                                                Elvina Rofael
                                                Attorney for United States Trustee