MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929
Telephone:    (310) 271-6223
Facsimile:    (310) 271-9805
michael.berger@bankruptcypower.com

*Proposed* Counsel for Debtor and Debtor-in-Possession,
Hawaiian Riverbend, LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>HAWAIIAN RIVERBEND, LLC,<br><br>        Debtor and Debtor-in-Possession. | CASE NO.: 5:22-bk-50314<br><br>Chapter 11<br><br>**REPLY TO UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY GENERAL BANKRUPTCY COUNSEL; DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF**<br><br>Date:    June 7, 2022<br>Time:    2:00 p.m.<br>Place:    280 S. First Street<br>        Courtroom 9<br>        (hearing to be held remotely)<br>        San Jose, CA 95113 |

**TO THE HONORABLE STEPHEN L. JOHNSON, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, TO THE UNITED STATES TRUSTEE, TO DEBTOR'S CREDITORS AND TO ALL INTERESTED PARTIES:**

1

Hawaiian Riverbend, LLC (the "Debtor"), Debtor and Debtor-in-Possession herein, respectfully submits its Reply to the Opposition of the United States Trustee ("UST") to the Application to Employ Michael Jay Berger as Debtor's General Bankruptcy Counsel as follows:

## I.    INTRODUCTION

Applicant asks that UST's Objection to Applicant's Employment Application be overruled on the basis that Applicant's work on the case was beneficial to the estate of the Debtor, and that there is no actual conflict preventing Applicant from representing both Debtor and its principal Mr. Miroyan. The UST's Objections are unfounded and Applicant should be compensated for his work on Debtor's case.

## II.    RESPONSE TO UST'S OBJECTIONS

1. Applicant Has Satisfied the Burden Under Federal and Local Bankruptcy Rules

Applicant seeks to be employed pursuant to the provisions of 11 U.S.C. § 327 of the Bankruptcy Code. Applicant states so on Page 9, line 3 of the Employment Application.

2. Debtor's Refusal to Sign the Employment Application Does Not Preclude Applicant's Employment During the Time Applicant was Acting As General Bankruptcy Counsel During the Pendency of the Case

Debtor's principal is Michael Miroyan. Mr. Miroyan signed the fee letter hiring Applicant as its general bankruptcy counsel on Debtor's behalf. Debtor signed the voluntary petition and the schedules so Applicant could save the Debtor's property from imminent foreclosure. Subsequent to the filing of the case, Mr. Miroyan became uncooperative, insulting, abusive, and threatening to both Applicant and his employees. Debtor then refused to sign the Employment Application. Within weeks of filing the case, all communication between the Debtor and Applicant has broken down. Applicant filed his motion to withdraw as counsel concurrently with the Employment Application, merely three weeks after the Debtor's case was filed. Despite the breakdown in the

Case 2:22-bk-50014 ST
REPLY TO UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY
GENERAL BANKRUPTCY COUNSEL; DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

attorney-client relationship, Applicant has continued to do his best to represent the Debtor and should still be entitled to be employed and paid for the period of time that Applicant has worked.

3. Applicant is Disinterested and the Employment Application Should be Approved

Under 11 U.S.C. §327(a), the court-appointed professional must be "disinterested," and must not represent or hold any interest adverse to the estate. The term "disinterested" is defined under Code § 101(14) to mean a person who "is not a creditor, an equity security holder, or an insider" and who "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason."

Applicant's employment application specifically stated that "Applicant also represents Debtor's managing member Michael Miroyan in a personal Chapter 13 case (Case No. 22-bk-50339)." Neither the Debtor, nor Miroyan, have interests materially adverse of each other or their respective estates, and neither are creditors of each other. The UST does not state any facts indicating that the Debtor or Miroyan are disinterested, but merely state case law which is inapplicable to the circumstances in these cases.

Applicant's Employment Application also specifically stated that "The agreed upon retainer is $20,000.00. On April 14, 2022, Applicant received a $20,000.00 retainer plus the $1,738.00 Chapter 11 filing fee as follows: $10,000.00 was paid by Michael H. Miroyan, the Debtor's principal, and the remaining $10,000.00 retainer plus the filing fee of $1,738.00 was paid by Harold Barker. Neither Mr. Miroyan nor Mr. Barker are creditors of the Debtor and made these payments as gift contributions to the Debtor, for which no repayment will be sought." (Employment Application, Page 15, Lines 26-28 and Page 16, Lines 1-5).

The UST sites to *In re Hathaway Ranch Partnership*, 116 Bankr. 208 (Bankr. C.D. Cal. 1990), however the facts in that case are very different where the debtor in the

*Hathaway Ranch* case transferred title to a real property as a retainer to the proposed general bankruptcy counsel, had a due on receipt retainer, and payments from third parties which were not disclosed in the employment application. Here, the Debtor disclosed the payment of part of the retainer from Harold Baker, who has no authority to make decisions on behalf of the Debtor and who is not permitted to instruct Applicant as to the Bankruptcy representation.

    4. <u>Applicant Adequately Described the Relationship Between the Parties</u>

        Applicant disclosed the retainer and the payment from third parties in the Employment Applicant. Applicant disclosed:

- Applicant also represents Debtor's managing member Michael Miroyan in a personal Chapter 13 case (Case No. 22-bk-50339) (Employment Applicant, Page 3, Lines 10-11);

- The agreed upon retainer is $20,000.00. On April 14, 2022, Applicant received a $20,000.00 retainer plus the $1,738.00 Chapter 11 filing fee as follows: $10,000.00 was paid by Michael H. Miroyan, the Debtor's principal, and the remaining $10,000.00 retainer plus the filing fee of $1,738.00 was paid by Harold Barker. Neither Mr. Miroyan nor Mr. Barker are creditors of the Debtor and made these payments as gift contributions to the Debtor, for which no repayment will be sought (Employment Applicant, Page 4, Lines 11-18)

- Applicant's actual pre-petition fees were $1,721.50. Applicant's actual pre-petition costs were the $1,738.00 Chapter 11 filing fee. The unearned retainer of $18,278.50 will be maintained in Applicant's Client Trust account until court authorization is obtained pursuant to 11 U.S.C. § 330; (Employment Applicant, Page 4, Lines 19 - 28)

    The UST discusses 5-factors regarding the disclosures for the third-party payment of the retainer. (1) the arrangement was fully disclosed to the debtor / client and the third

4

REPLY TO UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY GENERAL BANKRUPTCY COUNSEL; DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

party payor/insider ; (2) the debtor expressly consented to the arrangement (3) the third party payor/insider did not retain independent legal counsel, but he did understand that the attorney's duty of undivided loyalty is owed exclusively to the debtor/client; (4) Factor 4 is satisfied – "the factual and legal relationship between the third party payor/insider, the debtor, the respective attorneys, and their contractual arrangement concerning the fees, must be fully disclosed to the Court at the outset of the debtor's bankruptcy representation" ; and (5) Applicant has, to the best of his ability, satisfied factor 5 where "the debtor's attorney/applicant must demonstrate and represent to the Court's satisfaction the absence of facts which would otherwise create non-disinteredness, actual conflict, or impermissible potential for a conflict of interest." The interests of the Debtor, Mr. Miroyan and Mr. Barker are all identical – to save the Debtor's real property from foreclosure and to sell it for the highest price possible.

The UST claims the Application fails to explain who would pay Proposed Counsel's fee should the existing retainer balance be depleted, and whether subsequent payments would be loans or gifts to the Debtor. Pursuant to the fee agreement between the Debtor and Applicant, any further payments would be made by the Debtor. The fee agreement makes no provision for future payments by third parties. Applicant disclosed all of his connections or lack thereof with the parties. Applicant has no prior connections with Mr. Barker. Applicant has no prior connections with any company that Mr. Barker is affiliated with. As far of the genesis of the funds paid to Applicant by Mr. Miroyan and Mr. Barker, the funds paid to Applicant were a gift to the Debtor – not loans to the Debtor or equity in the Debtor.

Unlike in *In re Sundance Self Storage-El Dorado LP*, 482, B.R. 613, 628 (Bankr. E.D. Cal. 2012), Applicant's representation of the Debtor's principal in a Ch 13 case was disclosed to this court in this case from the start. Unlike in the *Sundance* case, there has been no transfer of the Debtor's real property without bankruptcy court approval. The UST's claim that "the estate may have claims against Mr. Miroyan for potential

fraudulent transfers of real property or other estate asset" is speculation, unsupported by any evidence. In addition, and potential conflict will be resolved on 6/7 and 6/9 by allowing Applicant to withdraw as counsel for the Debtor and Mr. Miroyan in both cases.

Applicant is unable to obtain declarations from Mr. Miroyan or Mr. Barker as there is no longer any communication between Applicant and the parties.

5. <u>Employment of Applicant Benefited the Estate</u>

On April 13, 2022, Debtor retained the Law Offices of Michael Jay Berger ("<u>Applicant</u>") to represent Debtor in its Chapter 11 bankruptcy proceeding.

On April 14, 2022, a voluntary chapter 11 petition was filed on behalf of the Debtor. Post-petition services commenced on April 15, 2022.

On April 28, 2022, Applicant filed Debtor's Schedules and Statement of Financial Affairs [docket no.: 22].

On May 10, 2022, Applicant filed the Application to Employ Michael Jay Berger as General Bankruptcy Counsel [docket nos.: 24, 25 and 26].

On May 10, 2022, Applicant filed the Motion to Withdraw as Attorney [docket no.: 28].

During this period, Applicant prepared Debtor's schedules and other petition documents filed with the Court. Applicant appeared at Debtor's initial debtor interview. Applicant spent a significant amount of time preparing Compliance for the United States Trustee. Applicant also spent time reviewing the Order to Show Cause why the case should be dismissed. During this period, Applicant and his employees communicated with the Debtor about the case, the property and other issues related to the Debtor's case. Applicant did work on Debtor's case, and for the period in which he was Debtor's counsel, Applicant should be employed in the case. Applicant is aware that he will need to file a Fee Application seeking approval of his fees and costs.

Applicant's work already benefited the estate by saving the property from imminent foreclosure. Applicant further benefited the estate by following up with the

REPLY TO UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY GENERAL BANKRUPTCY COUNSEL; DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

Debtor to get true and accurate information regarding all of its creditors, so they may participate in the case and potentially benefit from any sale of the Debtor's property, instead of being foreclosed out and ending up with no possibility of being paid on their debts, as would have happened if proposed counsel for the Debtor had not acted and filed this Ch 11 case. If the Court finds that there is a conflict, the Applicant is agreeable to refund the retainer paid for the chapter 13 case to Debtor's principal, Michael Miroyan.

6. The *Amerigrade* Case Allowed Employment Despite Debtor Not Signing Employment Application

A similar situation to the case here was in the *Amerigrade* case (1:20-bk-10543-VK). In that case, the retainer was paid by a third party. The debtor refused to sign the application to employ Resnik, Hayes, Moradi LLP ("RHM") the applicant in that case. RHM had to file a Motion to Withdraw as Counsel. In that case, the Court approved the employment of the RHM firm as counsel for the debtor for the limited period from filing until the granting of the motion to withdraw. A true and correct copy of the Amerigrade Employment Application and Order thereon are attached hereto as **Exhibit "1."**

7. Applicant's Employment Application Should Be Granted Alternatively under 11 U.S.C. § 105

Under 11 U.S.C. § 105 (a), "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105 (a) Applicant did substantial work for the Debtor during the period Applicant was representing Debtor in the Bankruptcy case and Applicant deserves to be compensated for his work.

In 40 years of practice, Applicant has never had a client refuse to sign an Application to Employ Applicant as General Bankruptcy Counsel for a debtor. As the

REPLY TO UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY GENERAL BANKRUPTCY COUNSEL; DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

Case 2:22-30314    Doc# 43    Filed 06/01/22    Entered 06/01/22 13:22:11    Page 7 of 54

UST has already seen, and the Court will see for itself, Mr. Miroyan, the principal of the Debtor, is a difficult person to work with.

### III.   **CONCLUSION**

WHEREFORE, Debtor prays for an order authorizing them to retain as General Bankruptcy Counsel, the Law Offices of Michael Jay Berger, effective as of April 14, 2022.

DATED: June 1, 2022                    LAW OFFICES OF MICHAEL JAY BERGER

By: _____
Michael Jay Berger,
*Proposed* Counsel for Debtor-in-Possession
Hawaiian Riverbend, LLC

8

# DECLARATION OF MICHAEL JAY BERGER

I, Michael Jay Berger, declare and state as follows:

1. I am an Attorney at Law, licensed to practice before all of the courts in the State of California, and in the United States District Court for the Central District of California. I am the sole owner of the Law Offices of Michael Jay Berger ("Applicant").

2. I seek to be employed by Hawaiian Riverbend, LLC, (the "Debtor"), Debtor and Debtor-in-Possession herein, as their General Bankruptcy Counsel.

3. I ask that UST's Objection to Applicant's Employment Application be overruled on the basis that Applicant's work on the case was beneficial to the estate of the Debtor, and that there is no actual conflict preventing Applicant from representing both Debtor and its principal Mr. Miroyan.

4. I seek to be employed pursuant to the provisions of 11 U.S.C. § 327 of the Bankruptcy Code. I state so on Page 9, line 3 of the Employment Application.

5. Debtor signed the fee letter hiring me as its general bankruptcy counsel, Debtor signed the voluntary petition and the schedules so I could save the Debtor's property from imminent foreclosure. Subsequent to the filing of the case, Debtor then became uncooperative, insulting, abusive, and threatening to both Applicant and the firm staff. Debtor then refused to sign the Employment Application. Within weeks of filing the case, all communication between the Debtor and myself and my firm has broken down. I filed my motion to withdraw as counsel concurrently with the Employment Application, merely three weeks after the Debtor's case was filed. Despite the breakdown in the attorney-client relationship, I should still be entitled to be employed and paid for the period of time that I was working on Debtor's case.

9

REPLY TO UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY
GENERAL BANKRUPTCY COUNSEL; DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

6.     My employment application specifically stated that "Applicant also represents Debtor's managing member Michael Miroyan in a personal Chapter 13 case (Case No. 22-bk-50339)." Neither the Debtor, nor Miroyan, have interests materially adverse of each other or their respective estates, and neither are creditors of each other. Kai does not state any facts indicating that the Debtor or Miroyan are disinterested, but merely state case law which is inapplicable to the circumstances in these cases.

7.     My Employment Application also specifically stated that "The agreed upon retainer is $20,000.00. On April 14, 2022, Applicant received a $20,000.00 retainer plus the $1,738.00 Chapter 11 filing fee as follows: $10,000.00 was paid by Michael H. Miroyan, the Debtor's principal, and the remaining $10,000.00 retainer plus the filing fee of $1,738.00 was paid by Harold Barker. Neither Mr. Miroyan nor Mr. Barker are creditors of the Debtor and made these payments as gift contributions to the Debtor, for which no repayment will be sought." (Employment Application, Page 15, Lines 26-28 and Page 16, Lines 1-5).

8.     I disclosed the payment of part of the retainer from Mr. Baker, who has no authority to make decisions on behalf of the Debtor and who is not permitted to instruct me as to the Bankruptcy representation.

9.     I disclosed the retainer and the payment from third parties in the Employment Applicant. Applicant disclosed:

- "Applicant also represents Debtor's managing member Michael Miroyan in a personal Chapter 13 case (Case No. 22-bk-50339) (Employment Applicant, Page 3, Lines 10-11);

- The agreed upon retainer is $20,000.00. On April 14, 2022, Applicant received a $20,000.00 retainer plus the $1,738.00 Chapter 11 filing fee as follows: $10,000.00 was paid by Michael H. Miroyan, the Debtor's

REPLY TO UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY GENERAL BANKRUPTCY COUNSEL; DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

principal, and the remaining $10,000.00 retainer plus the filing fee of $1,738.00 was paid by Harold Barker. Neither Mr. Miroyan nor Mr. Barker are creditors of the Debtor and made these payments as gift contributions to the Debtor, for which no repayment will be sought (Employment Applicant, Page 4, Lines 11-18)

- Applicant's actual pre-petition fees were $1,721.50. Applicant's actual pre-petition costs were the $1,738.00 Chapter 11 filing fee. The unearned retainer of $18,278.50 will be maintained in Applicant's Client Trust account until court authorization is obtained pursuant to 11 U.S.C. § 330; (Employment Applicant, Page 4, Lines 19 - 28)"

10.    The arrangement was fully disclosed to the debtor/client and the third party payor/insider prior to and during my representation. The debtor expressly consented to the arrangement. The third party payor/insider did not retain independent legal counsel, but he did understand that the attorney's duty of undivided loyalty is owed exclusively to the debtor/client. I have, to the best of my ability, demonstrates and represented to the Court's satisfaction the absence of facts which would otherwise create non-disinterredness, actual conflict, or impermissible potential for a conflict of interest."

11.    The interests of the Debtor, Mr. Miroyan and Mr. Barker are all identical – to save the Debtor's real property from foreclosure and to sell it for the highest price possible.

12.    Pursuant to the fee agreement between the Debtor and Applicant, any further payments would be made by the Debtor. The fee agreement makes no provision for future payments by third parties. I disclosed all of my connections or lack thereof with the parties. I have no prior connections with Mr. Barker. I have no prior connections with any company that Mr. Barker is affiliated with. As far of the genesis of the funds

REPLY TO UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY
GENERAL BANKRUPTCY COUNSEL; DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

paid to me by Mr. Miroyan and Mr. Barker, the funds paid to me were a gift to the Debtor – not loans to the Debtor or equity in the Debtor.

13.     My representation of the Debtor's principal in a Ch 13 case was disclosed to this court in this case from the start.  There has been no transfer of the Debtor's real property without bankruptcy court approval. The claim that "the estate may have claims against Mr. Miroyan for potential fraudulent transfers of real property or other estate asset" is speculation, unsupported by any evidence.  In addition, and potential conflict will be resolved on 6/7/22 and 6/9/22 by allowing Applicant to withdraw as counsel for the Debtor and Mr. Miroyan in both cases.

14.     I am unable to obtain declarations from Mr. Miroyan or Mr. Barker as there is no longer any communication between the parties and myself.

15.     On April 13, 2022, Debtor retained the Law Offices of Michael Jay Berger ("Applicant") to represent Debtor in its Chapter 11 bankruptcy proceeding.

16.     On April 14, 2022, a voluntary chapter 11 petition was filed on behalf of the Debtor. Post-petition services commenced on April 15, 2022.

17.     On April 28, 2022, Applicant filed Debtor's Schedules and Statement of Financial Affairs [docket no.: 22].

18.     On May 10, 2022, Applicant filed the Application to Employ Michael Jay Berger as General Bankruptcy Counsel [docket nos.: 24, 25 and 26].

19.     On May 10, 2022, Applicant filed the Motion to Withdraw as Attorney [docket no.: 28].

20.     During this period, I prepared Debtor's schedules and other petition documents filed with the Court. I appeared at Debtor's initial debtor interview. I spent a significant amount of time preparing Compliance for the United States Trustee. I also

spent time reviewing the Order to Show Cause why the case should be dismissed. During this period, my employees and I communicated with the Debtor about the case, the property and other issues related to the Debtor's case. I did work on Debtor's case, and for the period in which I was Debtor's counsel, I should be employed in the case.

21.     I am aware I will file a Fee Application for approval of my fees.

22.     My work already benefited the estate by saving the property from imminent foreclosure. I further benefited the estate by following up with the Debtor to get true and accurate information regarding all of its creditors, so they may participate in the case and potentially benefit from any sale of the Debtor's property, instead of being foreclosed out and ending up with no possibility of being paid on their debts, as would have happened if proposed counsel for the Debtor had not acted and filed this Ch 11 case.

23.     If the Court finds that there is a conflict, I am agreeable to refund the retainer paid for the chapter 13 case to Debtor's principal, Michael Miroyan, and be paid for my services in the Debtor's chapter 11 case.

24.     A true and correct copy of the Amerigrade Employment Application and Order thereon are attached hereto as **Exhibit "1."**

25.     I did substantial work for the Debtor during the period I was representing Debtor in the Bankruptcy case and I deserve to be compensated for my work.

///

///

///

///

///

///

Case: 22-50314    Doc# 43    Filed: 06/01/22    Entered: 06/01/22 19:32:11    Page 13 of 54

26.     In 40 years of practice, I have never had a client refuse to sign an Application to Employ me as General Bankruptcy Counsel for a debtor. As the UST has already seen, and the Court will see for itself, Mr. Miroyan, the principal of the Debtor, is a difficult person to work with.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on June 1, 2022 at Beverly Hills, California.

Michael Jay Berger

UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION FOR ORDER AUTHORIZING DEBTOR TO EMPLOY GENERAL BANKRUPTCY COUNSEL; DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

# <u>EXHIBIT 1</u>

Matthew D. Resnik (Bar No. 182562)
Roksana D. Moradi-Brovia (Bar No. 266572)
**RESNIK HAYES MORADI LLP**
17609 Ventura Blvd., Suite 314
Encino, CA 91316
**Telephone:** (818) 285-0100
**Facsimile:** (818) 855-7013
matt@RHMFirm.com
roksana@RHMFirm.com

*Former Attorneys for Debtor*
Amerigrade Corp.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:20-bk-10543-VK |
| | Chapter 11 |
| AMERIGRADE CORP., | |
| Debtor. | **NOTICE OF APPLICATION AND APPLICATION OF RESNIK HAYES MORADI LLP TO BE EMPLOYED AS GENERAL BANKRUPTCY COUNSEL TO THE DEBTOR AND DEBTOR-IN-POSSESSION FROM MARCH 5, 2020 TO APRIL 24, 2020; DECLARATION OF MATTHEW D. RESNIK IN SUPPORT THEREOF** |
| | Date:  June 4, 2020 |
| | Time: 1:30 p.m. |
| | Place: Courtroom 301 |
| | 21041 Burbank Blvd. |
| | Woodland Hills, CA 91316 |

**TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE; THE UNITED STATES TRUSTEE AND HIS COUNSEL OF RECORD; AND ALL CREDITORS AND PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on June 4, 2020 at 1:30 p.m., in Courtroom 301, 21041 Burbank Blvd., Woodland Hills, CA 91367, Resnik Hayes Moradi LLP (the "Firm

**1**

**APPLICATION TO EMPLOY
GENERAL COUNSEL**

1    or "Applicant"), former general bankruptcy counsel for Amerigrade Corp., the Debtor and

2    Debtor-in-Possession in the above captioned case (hereinafter the "Debtor"), shall and

3    does hereby apply to this Court to be employed as general bankruptcy counsel for the

4    Debtor from the petition date of March 5, 2020 through April 24, 2020, pursuant to 11

5    U.S.C. §327 and Rule 2014(a) of Federal Rules of Bankruptcy Procedure, with

6    compensation pursuant to §§330 and 331.

7         The Motion is based upon this Notice of Motion and Motion, the attached

8    declaration, all pleadings and records on file in this case, and upon such other evidentiary

9    matters as may be presented to the Court regarding the Motion.

10        PLEASE TAKE FURTHER NOTICE that pursuant to Local Bankruptcy Rule

11   9013-1, any party opposing the relief sought by the Motion must file a written opposition

12   setting forth the facts and law upon which the opposition is based and must appear at the

13   hearing on the Motion.  Any factual allegations set forth in such written response must be

14   supported by competent and admissible evidence.

15        Any response or opposition to the Motion must be filed with the Court and served

16   on Applicant's counsel at least 14-days prior to the scheduled hearing date on the Motion

17   (not excluding Saturdays, Sundays or legal holidays).  Such responses, if any, must be

18   served on the Applicant's counsel at the address noted in upper left-hand corner of the first

19   page of this notice.  Any response not timely filed and served may be deemed by the Court

20   to be consent to the granting of the relief requested by the Motion.

21

22   Dated: May 6, 2020                          **RESNIK HAYES MORADI LLP**

23

24                                        By: _____/s/ Matthew D. Resnik_____
                                                  **Matthew D. Resnik**

25                                                **Roksana D. Moradi-Brovia**
                                                  *Former Attorneys for Debtor*

26                                                Amerigrade Corp.

27

28

**RESNIK HAYES
MORADI LLP**

2

**APPLICATION TO EMPLOY
GENERAL COUNSEL**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   STATEMENT OF FACTS

*A. Introduction*

The Debtor is a California LLC created on December 31, 2015 for the purpose of owning and operating real property. Olivia Adawalla is the Debtor's sole and managing member.

Before this case was filed, the parties entered into a legal services retainer agreement ("Retainer Agreement") which is attached hereto as **Exhibit "A,"** and pursuant to which the Debtor sought to employ the Firm as its general bankruptcy counsel.

As set forth in the Retainer Agreement between the Firm and Debtor, the Debtor agreed to pay the Firm an initial retainer fee of $11,717 for its representation of the Debtor in this case; that amount was paid to the Firm on March 5, 2020 by Ms. Adawalla, the Debtor's sole and managing member.  The funds were deposited into the Firm's client trust account.

Ms. Adawalla informed the Firm that this payment was a gift to the Debtor and that she did not expect repayment. She also represented to that these funds were from her own personal funds, the ultimate source of which was her employment income and savings. Finally, she represented that the Debtor does not her any debt and that she does not owe the Debtor any money, i.e., neither is a creditor of the other.

After this case was filed, Ms. Adawalla, in her capacity as the Debtor's sole and managing member, was sent the first version of this Employment Application for her review and signature. *The Firm as a general principal does not file employment applications that are not approved and executed by a debtor's principal.*

The Firm followed up with half a dozen emails asking Ms. Adawalla to review and comment on the Employment Application.  The Firm received no response.

Based on the lack of communication, Partner Matthew D. Resnik sent Ms. Adawalla a draft motion to withdraw from this case; in response, he received a substitution

3

1   of attorney form from current counsel which was signed and returned immediately (see

2   Docket No. 22). The Debtor never raised any issue or concern surrounding the

3   Employment Application. **As such, the Firm applies to this Court to be employed as**

4   **general bankruptcy counsel for the Debtor from the petition date of March 5, 2020**

5   **through April 24, 2020.**

6

7   *B. Basis for Retention of Firm*

8          As set forth in the Retainer Agreement entered into between the parties, Debtor

9   sought the services of the Firm to render the following types of professional services

10  relating to this Chapter 11 proceeding:

11  • Advice and assistance regarding compliance with the requirements of the United

12      States Trustee ("UST");

13  • Advice regarding matters of bankruptcy law, including the rights and remedies of the

14      Debtor in regard to its assets and with respect to the claims of creditors;

15  • Advice regarding cash collateral matters;

16  • To conduct examinations of witnesses, claimants or adverse parties and to prepare

17      and assist in the preparation of reports, accounts and pleadings;

18  • Advice concerning the requirements of the Bankruptcy Code and applicable rules;

19  • To assist with the negotiation, formulation, confirmation and implementation of a

20      Chapter 11 plan of reorganization; and

21  • To make any appearances in the Bankruptcy Court on behalf of the Debtor; and to

22      take such other action and to perform such other services as the Debtor may require.

23  ///

24  ///

25  ///

26  ///

27  ///

28

**4**

RESNIK HAYES
MORADI LLP

**APPLICATION TO EMPLOY**
**GENERAL COUNSEL**

## II.    ARGUMENT

*A. The Firm is Qualified to Represent Debtor in this Case*

As set forth in the Firm's resume, a true and correct copy of which is attached hereto as **Exhibit "B,"** the Firm has extensive experience in Chapter 11 cases and is therefore well-qualified to represent the Debtor in proceedings of this nature.

As set forth in detail in Mr. Resnik's declaration, no person in the Firm holds any interest in, nor is any person materially adverse to the Debtor, and thus the Firm constitutes a disinterested person as contemplated by 11 U.S.C. §327 and defined in §101(14) of the *Bankruptcy Code*. The Firm is not a creditor of the estate and is not owed any funds by the Debtor.

Other than as set forth herein, the Firm has not in the past represented the Debtor, its principals, insiders, or affiliates, and has no plans to represent any other related debtors, principals, insiders, or affiliates.

To the best of Mr. Resnik and the other members of the Firm's knowledge, no person in the Firm has any relationship or connection with the Debtor's creditors or other parties in interest or respective attorneys or accountants except as set forth herein.

*B. Compensation*

The Firm requests permission to draw down on the retainer pursuant to the rules of the U.S. Trustee's ("UST") Guide to Application for Retainers and Professional and Insider Compensation and utilizing Professional Fee Statements (USTLA-6).

The Firm will render services to the Debtor at its regular hourly rates. The Firm's compensation will be based upon various factors including, but not limited to, its customer hourly fees to clients paying at monthly intervals, the novelty or difficulty of the legal issues presented, and the results obtained.

The Firm intends to apply to this Court for compensation and reimbursement for fees incurred and costs advanced in conformity with 11 U.S.C. §§ 330 and 331. No

**5**

RESNIK HAYES
MORADI LLP

APPLICATION TO EMPLOY
GENERAL COUNSEL

1 | additional compensation will be paid to the Firm postpetition by the Debtor, or any other

2 | party, except upon application to and approval by the Court. The Firm understands that its

3 | compensation in this case is subject to approval of this Court.

4 | The Firm will file a final fee application shortly.

5 |

6 | ### III.    CONCLUSION

7 | **WHEREFORE**, Resnik Hayes Moradi LLP (the "Firm or "Applicant"), former

8 | general bankruptcy counsel for Amerigrade Corp., the Debtor and Debtor-in-Possession

9 | herein, respectfully requests to be employed as general bankruptcy counsel for the Debtor

10 | from the petition date of March 5, 2020 through April 24, 2020, based upon the foregoing

11 | and pursuant to 11 U.S.C. §327 and Rule 2014(a) of Federal Rules of Bankruptcy

12 | Procedure, with compensation pursuant to §§330 and 331 or upon modified terms as the

13 | Court may deem just and proper.

14 |

15 | Dated: May 6, 2020                           **RESNIK HAYES MORADI LLP**

16 |

17 |                                        By:_____/s/ Matthew D. Resnik_____
                                               **Matthew D. Resnik**

18 |                                            **Roksana D. Moradi-Brovia**
                                                *Former Attorneys for Debtor*

19 |                                               Amerigrade Corp.

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

**RESNIK HAYES
MORADI LLP**

**6**

**APPLICATION TO EMPLOY
GENERAL COUNSEL**

## <u>DECLARATION OF MATTHEW D. RESNIK</u>

I, Matthew D. Resnik, declare as follows:

1. I am over the age of 18. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently with respect thereto. Where facts are alleged upon information and belief, I believe them to be true.

2. I am an attorney at law licensed in the State of California and authorized to practice before the District Courts in the Central District of California, and before this Court.

3. I am a partner at Resnik Hayes Moradi LLP (the "Firm").

4. I am former counsel of record for Amerigrade Corp., the Debtor and Debtor-in-Possession in the above captioned case (hereinafter the "Debtor").

5. The Debtor and the Firm entered into a legal services retainer agreement ("Retainer Agreement"), a true and correct copy of which is attached hereto as **<u>Exhibit "A."</u>**

6. As set forth in the Retainer Agreement, the Debtor agreed to pay the Firm an initial retainer fee of $11,717 for its representation of the Debtor in this case; that amount was paid to the Firm on March 5, 2020 by Ms. Adawalla, the Debtor's sole and managing member. The funds were deposited into the Firm's client trust account.

7. Ms. Adawalla informed me that this payment was a gift to the Debtor and that she does not expect repayment. She also represented to me that these funds were from her own personal funds, the ultimate source of which was her employment income and savings. Finally, she represented to me that the Debtor does not her any debt and that she does not owe the Debtor any money, i.e., neither is a creditor of the other.

8. After this case was filed, Ms. Adawalla was sent the first version of this Employment Application for her review and signature. *The Firm as a general policy does*

**7**

**APPLICATION TO EMPLOY**
**GENERAL COUNSEL**

RESNIK HAYES
MORADI LLP

1  *not file employment applications that are not approved or executed by a debtor's*

2  *principal.*

3      9.     We followed up with half a dozen emails asking Ms. Adawalla, in her

4  capacity as the Debtor's sole and managing member, to review and comment on the

5  Employment Application. We received no response.

6      10.    Based on the lack of communication, I sent Ms. Adawalla a draft motion to

7  withdraw from this case. In response, I received a substitution of attorney form from

8  current counsel which I signed and returned immediately.

9      11.    The Debtor nor Ms. Adawalla ever raised any issue or concern surrounding

10  the Employment Application.

11      12.    Other than as set forth herein, neither the Firm nor I have in the past

12  represented the Debtor, its principals, insiders, or affiliates, and have no plans to represent

13  any other related debtors, principles, insiders, or affiliates.

14      13.    Neither the Firm nor I have any relationship or connection with the Debtor's

15  creditors or other parties in interest or respective attorneys or accountants except as set

16  forth herein.

17      8.     Neither the Firm nor I have any connection with the UST, persons employed

18  by the UST, persons employed by the Bankruptcy Court or a Bankruptcy Judge, or any of

19  their respective attorneys or accountants. No person at the Firm is a relative of the UST or

20  a Bankruptcy Judge.

21      9.     The Firm and I are "disinterested persons" within the meaning of 11 U.S.C.

22  §101.

23      10.    Neither the Firm nor I have ever been an investment banker for a security of

24  the Debtor, or an attorney for such an investment banker in connection with the offer, sale

25  or issuance of any security of the Debtor.

26      11.    Neither the Firm nor I have ever been an equity security holder, insider,

27  director, officer or employee of the Debtor.

28

8

**RESNIK HAYES**
**MORADI LLP**

**APPLICATION TO EMPLOY**
**GENERAL COUNSEL**

14. The Firm and I do not hold or represent an interest adverse to the estate.

15. The Firm and I do not hold any prepetition claim against the estate.

16. The Firm and I have not made any arrangements for the sharing of fees with any other person or entity.

17. Neither the Firm nor I request any lien on any retainer received in this case or on any property of the estate.

18. As set forth in the Firm's resume, a true and correct copy of which is attached hereto as **Exhibit "B,"** the Firm has extensive experience in Chapter 11 cases.

19. I understand that any compensation to be received by the Firm is subject to approval by this Court, upon appropriate application and hearing.

20. The Firm and I will continue to comply with the *Guide to Application for Retainers and Professional and Insider Compensation* promulgated by the U.S. Trustee's ("UST"), as well as any other applicable employment guidelines and fee guidelines in withdrawing prepetition retainer funds.

21. The Firm's compensation is based upon various factors including, but not limited to, its customer hourly fees to clients paying at monthly intervals, the novelty or difficulty of the legal issues presented, and the results obtained.

22. The Firm is experienced in bankruptcy proceedings and is willing to accept as compensation such amount as may hereafter be allowed by this Court.

23. The Firm intends to file a final fee application shortly.

Executed on May 6, 2020, at Encino, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/    **Matthew D. Resnik**
**Matthew D. Resnik**

9

**APPLICATION TO EMPLOY
GENERAL COUNSEL**

RESNIK HAYES
MORADI LLP

# EXHIBIT A

# RESNIK HAYES MORADI LLP

**ATTORNEYS AT LAW**

Matthew D. Resnik*
M. Jonathan Hayes*
Roksana D. Moradi-Brovia *

\* Certified Bankruptcy
Specialist, State Bar of
California

17609 VENTURA BOULEVARD
SUITE 314
ENCINO, CALIFORNIA 91316
Telephone: (213) 572-0800
Facsimile: (818) 855-7013

Russell J. Stong, III
David M. Kritzer
W. Sloan Youkstetter
Pardis Akhavan

Of Counsel
Christopher J. Langley

March 5, 2020

**Amerigrade**
*c/o Olivia Adawalla, President*
13219 Filmore Street
Pacoima, CA 91109

    **Re:**   Chapter 11 Retainer Agreement

Dear Ms. Adawalla,

    This letter confirms the agreement of this Firm to perform bankruptcy services for Amerigrade (the "CORP"). The firm will represent the CORP in a Chapter 11 bankruptcy case which we will likely file in the next couple of days. The Firm does not and will not represent any insider of the CORP as is set forth below.

## I.   INTRODUCTION

A. <u>Our Duties to You</u>

    The Firm will act as the CORP's reorganization counsel, and, in such connection, will render such ordinary and necessary legal services as may be required in connection with the case under Chapter 11 of the Bankruptcy Code in the Central District of California. The services include preparing, and amending if necessary, the bankruptcy schedules; preparing and filing pleadings as necessary; advising the CORP with respect to matters concerning executory contracts and leases, cash collateral, creditors' claims and negotiation; assisting the CORP in the preparation and confirmation of a Chapter 11 Plan of Reorganization; representing the CORP in litigation in the Bankruptcy Court, limited to bankruptcy law issues, and otherwise advising the CORP regarding its legal rights and responsibilities under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

B. Monthly Operating Reports

One of the requirements of Chapter 11 cases, as you know, is a financial statement that must be filed EACH MONTH, called the Monthly Operating Report (the "MOR"). The MOR is due by the 15th day of the *following* month.

This will confirm that we have advised you that we do not prepare the MORs. That is the CORP's responsibility. Once the MOR is completed, the CORP will send it to us and we will upload it. That will be our only involvement. We will provide the CORP with the name of a person who regularly prepares MORs and the CORP can retain that person if it wishes. If the MORs are not accurate and filed on time, it is likely that the case will be dismissed on motion by the U.S. Trustee. **This is very important.** *Please make sure the MOR is received in our office by no later than the 10th of each month.*

If the CORP gets behind on the MORs or is generally not complying with the rules and regulations of the U.S. Trustee's Office, we will likely file a motion to withdraw from the case. The case will not be successful if the CORP does not file the MORs timely and accurately.

C. Plan of Reorganization

As we understand it, the CORP is filing this Chapter 11 case to try to save its real properties and effectively reorganize its debts through a Chapter 11 plan of reorganization. The most fundamental requirement of saving the properties is that the CORP must be financially able to make regular monthly payments to secured creditors. While these payments are not generally required to be made at the beginning of the case, we strongly advise that you make the payments from the first month. If you cannot, it will be difficult to convince the Court and creditors that you are able to make them in the future.

D. Cash Collateral

As you are aware, the CORP will not be permitted to use cash collateral without permission from the bankruptcy court. The Firm will determine prepetition whether any creditor has a lien on cash collateral, and if so, prepare and file the request for permission to use it during the case.

E. What Services are Not Included

As you are aware, the Firm limits its practice generally to insolvency and reorganization matters. Our employment as the CORP's reorganization counsel does not include appearances before any court or agency other than the Bankruptcy Court and the Office of the United States Trustee; litigation in any court, including the Bankruptcy Court with respect to matters that are, in the main case, disputes involving issues of non-bankruptcy law; or the provision of advice outside of the insolvency area, such as taxation, torts, environmental, labor,

criminal, insurance, construction or real estate law.  While we do represent people in appeals, this contract does not include that work.

The Firm strongly recommends that the CORP employ a tax professional in order to advise it concerning the tax issues, debt forgiveness and the tax consequences of confirmation of a Chapter 11 Plan of Reorganization generally.

F.  Who the Firm Represents

The Firm will represent the CORP only.  The Firm is not permitted to represent any individual associated with the CORP, especially insiders.  You should consider finding representation for you and other insiders personally for issues that may arise during the Chapter 11 case.  The Firm is required to focus on CORP *only*.  There may be times where your personal interests and those of the CORP are not the same.  We are required to do what's best for the CORP and not for you personally.  For that reason you should consider retaining counsel for you personally.

## II.    FEES, COSTS, BILLS AND RETAINERS

A.  Retainer

We have agreed to accept $11,717 as the initial retainer to represent CORP in the Chapter 11 case.  Of the retainer, $1,717 will be used to pay the case filing fee. *Ms. Adawalla has represented to the Firm that this payment is a gift from her to the CORP and she does not expect repayment.*

**Ms. Adawalla has represented to the Firm that the CORP does not owe her any money and that she does not owe the CORP any money, i.e., neither are creditors of each other.**

*Ms. Adawalla has also represented to the Firm that the funds used for the entire retainer fee will come from her own personal funds, the ultimate source of which was her employment income and savings.*

The entire retainer fee will be placed into our client trust account.  In conformity with 11 U.S.C. §§ 330 and 331, we intend to file interim fee applications for allowance of fees and reimbursement of costs advanced.

We intend to draw down on the retainer as allowed by the Central District Local Bankruptcy Rules and the U.S. Trustee's Office.  This means we will prepare and file a professional fee statement at the end of each month and serve it as required.  If no creditors object and the CORP does not object, we will remove the amount of the fees for the month until the retainer is gone.  The total cost of the Chapter 11 case will exceed the retainer depending on how complex and litigious the case becomes.

3

B. Monthly Payments During the Case

The Bankruptcy Code does not permit the CORP to pay us *during the case* without the permission of the Court. Further, we are only allowed to file fee applications once every four months. We expect to file a fee application in this case on or about the end of the fourth month of the case. The hearing on the fees will be about a month after that. Once those fees are "allowed" by the Court, we expect the CORP to pay those fees on a monthly basis.

C. Final Fee Application

As we explained, the Bankruptcy Code provides that our fees be paid in full at the time the CORP's Chapter 11 Plan of Reorganization is confirmed unless we agree otherwise. We often agree to payment of our fees over a year or two but reserve the right to require that the fees be paid in full on confirmation. Should the CORP fail to pay the fees per the Chapter 11 Plan of Reorganization after the fees have been approved by the Court, the fees awarded but unpaid to date will come immediately due and payable and we will use the order granting final fee application to enforce the CORP's obligation to pay us.

D. Fees as a Basis for Withdrawal from Representation

A Chapter 11 proceeding can be extremely expensive. Fees in cases in which there is little to no conflict, that is, the creditors agree to the Chapter 11 Plan of Reorganization up front, often run $55,000 to $65,000. After that, the process is similar to litigation meaning that the CORP will be making the decision whether to litigate some particular issue or settle. If the second retainer installment is not paid timely, then we can immediately file a motion for withdrawal from the case.

**We reserve the right to withdraw from the case if it appears to us that CORP will not be able to pay the fees for the litigation decisions it is making during the case.**

E. Computation of Fees

We will charge the CORP for our professional services on an hourly rate basis. We keep track of time spent on the case in tenths of an hour. The rates we will charge for this case for each attorney and paralegal are set forth at the end of this letter.

As you know, rates are negotiable and obviously the CORP may seek other counsel and discuss with others their rates and make its determination based thereon.

We reserve the right to raise the fees at other times after giving the CORP a month of notice. We also reserve the right to add new staff and assign rates.

4

F.  Costs
Costs are typically limited to filing fees and copying costs.

G.  Monthly Statements
We will provide the CORP with monthly reports detailing our services.  On each bill, we will give the CORP specific details of the services rendered as well as the amount of time expended in providing these services.  We will discuss with the CORP in advance, where practicable, legal services to be performed on its behalf to determine the most efficient way to perform such service.

The statements have a lot of detail so they can be a little complicated to read. Please call the office if you have questions about them.  We are human and we do sometimes make mistakes so please CHECK OUR STATEMENTS and call if you believe we have made a mistake.

H.  Fee Estimates
Due to the uncertainty regarding the nature, extent and outcome of the matters in which we will represent the CORP, we cannot predict the total amount of fees and expenses to be incurred, nor can we give you any assurance regarding the outcome of this engagement.

The California Rules of Professional Conduct do not allow us to give the CORP any guaranty about the outcome of the case.  Please call the office if you want a status report on your case.  Estimates *are* estimates.  They are not caps, limits or guarantees.  You can best control the fees and costs by carefully reviewing our monthly statements and by closely following the progress of your own case so that you know what is being done and why.

I.  Fees Owed Upon Dismissal or Withdrawal
If the Chapter 11 case is ultimately dismissed for any reason, the CORP will still owe the fees charged by the Firm up to that date.  The Firm will make demand on CORP to pay those fees.  In addition, if the CORP chooses to replace us with other counsel or we withdraw from representation, the CORP will be responsible to pay those fees pursuant to the Bankruptcy Code.

## III.    ATTORNEY/CLIENT RESPONSIBILITIES
We can only do our job if you do yours.  You must provide us with telephone numbers, e-mail addresses, a mailing address and other contact information and keep that information current.  You must be available to talk with us on a regular basis.  If you plan to be out of touch, you must let us know in advance.  If we ask you for some information or copies of documents, you must provide us with the information or the documents within a reasonable period of

5

time. If you do not have the information or documents, you need to let us know this as soon as possible.

We will not withdraw from the case without either the CORP's permission or the permission of the Bankruptcy Court. Under some circumstances, we are required to ask the permission of the court before withdrawing.

This contract is limited to the bankruptcy case. It does not include any other legal matters or representing anyone else. It also does not include any other type of legal advice.

This will also confirm that I have advised you that the attorney-client privilege may be limited by the bankruptcy proceeding. This limitation would occur if the case were converted to Chapter 7. At that point, the Chapter 7 trustee would be able to waive the attorney-client privilege and require me to disclose otherwise privileged conversations I had regarding this case.

**Our representation of the CORP will end when the final decree is entered by the Court.** That happens when the Chapter 11 Plan of Reorganization is confirmed and CORP has substantially consummated the Chapter 11 Plan of Reorganization, which usually means it has begun making payments to its creditors under the Chapter 11 Plan of Reorganization. *We are willing to consider any legal representation the CORP may need after the final decree is entered however we will require a new retainer agreement and payment of the new fees on a monthly basis thereafter.*

The CORP may discharge the Firm as its bankruptcy counsel at any time. The Firm may withdraw at any time with the CORP's consent or for good cause shown without its consent. Good cause includes, but is not limited to, its breach of this agreement, its refusal or failure to cooperate with the Firm or any fact or circumstances that would render the Firm's continuing representation unlawful or unethical. Nothing contained herein shall prevent the Firm from making any appropriate motion to such court to withdraw as counsel should the Firm in its legal or business judgment determine that to be necessary or appropriate.

## IV.    MISCELLANEOUS ITEMS

This agreement covers this Firm's representation of the CORP in its capacity as a Debtor-in-Possession only. If the case is converted to a Chapter 7 or dismissed, we will continue to represent CORP provided that a new fee arrangement is reached.

6

The laws of the State of California shall govern the validity, construction, enforcement and interpretation of this agreement. This retainer agreement may only be amended in writing. Should litigation be required regarding the terms of this agreement, the successful party shall be entitled to receive attorney's fees and costs.

We are going paperless so we will return to the CORP any papers which relate to its case. If you want a copy of the CORP's file, we will give it to you on a disk. We recommend strongly that you keep the file for at least five (5) years.

## V.    CONCLUSION

After you have read this letter, please call us with any questions you may have. If this letter accurately sets forth our understanding, please sign this letter and return it to us by fax or email and then mail the original back to us. Please advise us if you have any questions or comments about this retention letter. As always, please do not hesitate to contact us if you have any questions with respect to any of these matters.

Very truly yours,

/s/ Matthew D. Resnik

## CLIENT STATEMENT

I have read this letter consisting of eight pages and understand what it says. I understand that I may consult with another attorney about this letter before I sign it. I have received answers to every question I have asked and I wish to hire RESNIK HAYES MORADI LLP to represent me under the terms and conditions discussed in this letter.

Date: 3-5-2020

By: _____
Olivia Adawalla
*President*
**Amerigrade**

## BILLING RATES 2020

| | | |
|---|---|---|
| M. Jonathan Hayes | Partner | $525.00 |
| Matthew D. Resnik | Partner | $485.00 |
| Roksana D. Moradi-Brovia | Partner | $425.00 |
| Russell J. Stong III | Associate | $350.00 |
| David M. Kritzer | Associate | $350.00 |
| W. Sloan Youkstetter | Associate | $350.00 |
| Pardis Akhavan | Associate | $200.00 |
| Rosario Zubia | Paralegal | $135.00 |
| Priscilla Bueno | Paralegal | $135.00 |
| Rebeca Benitez | Paralegal | $135.00 |
| Ja'Nita Fisher | Paralegal | $135.00 |
| Max Bonilla | Paralegal | $135.00 |
| Susie Segura | Paralegal | $135.00 |

# EXHIBIT B

# RESNIK HAYES MORADI LLP
## RESUME

Resnik Hayes Moradi, LLP is a boutique law firm which specializes in consumer bankruptcy, business bankruptcy, civil litigation including wrongful foreclosure, unlawful detainers and general business disputes. The Firm handles appeals in all courts as well.

Resnik Hayes Moradi, LLP has six attorneys and seven paralegals. It operates out of offices located in Encino and downtown Los Angeles.

Resnik Hayes Moradi LLP has three partners who have practiced together since 2012. Each of the three partners is a Certified Bankruptcy Specialist, California Bar Association, Board of Legal Specialization. The three associates have over 50 years of legal experience in a variety of areas of law.

Resnik Hayes Moradi, LLP files bankruptcy petitions for consumer and business debtors in all five divisions of the Central District of California, and, on occasion, in other districts in California. The partners of the Firm have filed or overseen at least 4,000 consumer bankruptcy cases in the past 20 years. The Firm has filed at least 150 Chapter 11 cases in the past eight years and confirmed more than 100 of those cases.

---

### M. Jonathan Hayes, Partner

Practice Areas:
Bankruptcy & Insolvency, General Civil Litigation

Certified Bankruptcy Specialist, California Bar Association, Board of Legal Specialization, 2007 to date

Education:
Loyola University School of Law (J.D., 1977)
Loyola University (B.A., 1971)
Straus Institute for Dispute Resolution of the Pepperdine University School of Law, 30 hours (Certificate received 1995)

M. Jonathan Hayes concentrates his practice in bankruptcy and corporate - business litigation. He has represented many Chapter 11 debtors, businesses and individuals, and effected many successful reorganization plans. Mr. Hayes' recent chapter 11 cases include representing a chain of 28 retail clothing stores, am architectural firm, a clothing manufacturer with 110 employees, a specialty vodka manufacturer, six adult health care facilities, a 66 room hotel in Laguna Beach, a small trucking company, a medical clinic, a company that owed two Baskin Robbins stores, a former major league baseball player with $40 million in assets; a company which had 225 lawsuits pending against it on the date of filing being defended by the debtor's insurance company; a company which owned 20 oil wells; a company which owned a large hotel in Culver City which was sold during the case for $25 million, a "dot com" company; a Condominium Homeowners Association fending off a $9 million judgment creditor; a furniture manufacturing company ($4

1

## RESNIK HAYES MORADI LLP
## RESUME

million annual sales); a chain of carpet stores ($10 million annual sales); an employee leasing company ($30 million in annual sales); a wireless entertainment equipment sales company; a litigation attorney; a sunglass wholesaling company; a bait tank and machine shop; and a small commercial center.

From 2012 through mid-2019, Mr. Hayes has filed or otherwise taken-over approximately 143 chapter 11 cases including 112 cases for individuals primarily trying to save their homes and other real property. In the past, he has represented three franchisees in the Econo-Lube bankruptcy filing adversary proceedings for each demanding more than $10 million in total and settling each successfully. He represented the Creditor's Committee in the MiDici Pizza case, Lucy's LaundryMart and SBB Roofing chapter 11 cases. He was lead counsel for the Creditor's Committee in the Breath Asure, Inc. Chapter 11 and the B.C. Oil, Inc. Chapter 11.

Mr. Hayes has prosecuted and defended about twenty-five bankruptcy appeals to the Bankruptcy Appellate Panel, the district court, and the 9th Circuit Court of Appeals.

Mr. Hayes has prosecuted and defended complaints to declare debts non-dischargeable, to deny the discharge and other bankruptcy related litigation matters. He has defended several fraudulent conveyance actions brought by trustees in so-called Ponzi schemes. He has filed many Chapter 7 and Chapter 13 petitions for clients and has handled many bankruptcies that are commenced because of tax problems of the debtors.

Mr. Hayes has litigated many disputes in California Superior Court including at least 20-25 trials. The most recent was the successful defense of an escrow company who was sued for $1 million based on alleged fraud. He has represented minority shareholders in state court, prosecuted malpractice claims against attorneys and defended attorneys in malpractice claims.

Mr. Hayes is a partner at Resnik Hayes Moradi LLP, a boutique firm of six attorneys located in Encino, California. The firm practices bankruptcy and insolvency law and general civil litigation.

Mr. Hayes has been a member of the panel of mediators of the Bankruptcy Mediation Program for the Central District of California since the program's inception in 1995. He estimates that he has presided over at least 150 mediations in total. He has received the following awards and commendations:

- 2017-2018 Most Frequently Chosen Mediation, Central District of California and Los Angeles Division
- 2016-2017 Mediator Who Settled the Most Number of Mediations, U.S. Bankruptcy Court, Central District of California, San Fernando Valley Division
- 2014-2015 Most Frequently Chosen Mediator, San Fernando Valley Division (2-way tie)
- 2013-2014 Most Frequently Chosen Mediator, San Fernando Valley Division; Mediator Who Settled the Most Number of Mediations, San Fernando Valley Division
- 2003-2004 Most Frequently Chosen Mediator, U.S. Bankruptcy Court, Central District of California, Los Angeles Division
- 2000-2001 Most Frequently Chosen Mediator, Los Angeles Division; Mediator Who Settled the Most Number of Mediations, Los Angeles Division

# RESNIK HAYES MORADI LLP
## RESUME

In addition, Mr. Hayes

- is a Lawyer Representative to the Central District Judicial Conference, 2014 to present.
- is the past President, 2013 and 2014, and a member of the Board of Directors of the Central District Consumer Bankruptcy Attorneys Association ("cdcbaa").
- is the Director of the Bankruptcy Litigation Clinic at the University of West Los Angeles where law students from UWLA are used to help parties deal with litigation in bankruptcy court on a pro bono basis.
- is on the Board of Editors of the California Bankruptcy Journal since 2001.
- is of the Board of Directors and a member of the James T. King Bankruptcy Inn of the Court in Los Angeles.
- He was previously on the Board of Directors of the Los Angeles Bankruptcy Forum, 2013 to 2018.
- He was previously a member of the California State Bar Board of Legal Specialization, Bankruptcy Law Advisory Commission ("BLAC"), 2010 to 2018. He was Vice-Chairman for the year 2016-2017 and Chairman for the year 2017-2018. The BLAC prepares and grades the bi-annual examination for candidates for legal specialization and chooses those who are entitled to be certified.


Mr. Hayes has written many articles including:

- "Thinking out loud about the new Small Business Chapter 11," *Los Angeles Daily Journal*, November 27, 2019.
- "Lawyers are People Too," for the Central District Consumer Bankruptcy Attorneys Assn Newsletter. Interviews with Paul Winkler, Dennis McGoldrick, Pat Green, Daniela Romero, and Stella Havkin.
- "Community Property or No? Battle of the Presumptions," Central District Consumer Bankruptcy Attorneys Assn Newsletter, No. 17, March, 2016.
- "Thoughts on Justice Antonin Scalia," *The Academy, National Assn of Chapter 13 Trustees*, February 29, 2016
- "Predictions on *In re Bellingham*," *The Academy, National Assn of Chapter 13 Trustees*, February 16, 2014
- "The Section 1111(b) Election: A Primer," *California Bankruptcy Journal*, December 2011 (with Roksana Moradi).
- "How Does an Above-Median Chapter 13 Debtor Compute Her Plan Payments?," *Preview of the United States Supreme Court Cases, American Bar Association*, Issue No. 6, Vol. 37, March 22, 2010 (analysis of *Hamilton v. Lanning*).
- "11 U.S.C. §523(a)(19) Application of Denial of Discharge to Securities Law Violators," *American Bar Association, Journal of the Bankruptcy and Insolvency Committee*, Vol. 15, No. 3, Summer 2009 (with Robert J. Haupt and Robert N. Sheets).
- "A Chapter 13 Primer for the Non-Chapter 13 Bankruptcy Attorney," *California Bankruptcy Journal*, January, 2009 (with James T. King).
- "Chapter 7 Bad Faith, Substantial Abuse and Dismissal with Prejudice: Totality of the Circumstances Needs to be Rethunk," *California Bankruptcy Journal*, January, 2005.

3

## RESNIK HAYES MORADI LLP
### RESUME

- "The Expanding Liability of Corporate Directors and Officers: Now You Have to Worry About "In the Vicinity of Insolvency," A Judicially Created Gun for Creditors, with Morton S. Rosen, *California Bankruptcy Journal,* March, 2004.
- "Attorneys Should Follow Simple Bankruptcy Law Rules of Thumb," *Los Angeles Daily Journal,* August 30, 2002.
- "The Bankruptcy Discharge: It's Not As Easy As It Looks," *California Bankruptcy Journal,* October, 2000.
- "Formulating and Confirming a Chapter 11 Plan of Reorganization," *Journal of Legal Advocacy & Practice,* University of La Verne School of Law, Volume 2, 2000; and
- "Fighting the Abusive Chapter 13," *Los Angeles Daily Journal.*

Published and other Cases:
- *In re Reynoso,* 315 B.R. 544 (9th Cir. BAP 2004), *affirmd* 477 F.3d 1117 (9th Cir. 2006).
- *In re Kagenveama,* 541 F.3d 868 (9th Cir. 2008)("on the brief" for the NACBA Amicus Brief)
- *In re Penrod,* 611 F.3d 1158 (9th Cir. 2010) )("on the brief" for a group of professors Amicus Brief)
- *Sherman v. SEC (In re Sherman),* 658 F.3d 1009 (9th Cir 2011)(successful representation of an attorney against the Securities and Exchange Commission)
- *Williams v. Sato (In re Sato),* 512 B.R. 241 (Bkrtcy C. D. CA. 2014 J. Tighe)(successful prosecution of non-dischargeability complaint)
- *Avery v. Obedian (In re Obedian),* 546 B.R. 409 (Bkrtcy C. D. CA. 2016 J. Kwan) (successful claim that home was community property)
- *In re Kashikar,* 567 B.R. 160 (9th Cir. BAP 2017) (pro bono, successfully reversed order on student loan)
- *In re Lua,* 2017 WL 2799989, (unpublished) (9th Cir 2017) (on the brief for the NACBA Amicus Brief) (successfully reversed order denying exemption to debtor)
- *In re Taylor,* 2017 WL 3429029 (unpublished) (9th Cir. BAP 2017)(successfully reversed order of $153,000 in sanctions against an attorney)

Presentations:
- "Day One: Retainers, Trust Accounts and Getting Started on the Right Foot," November 22, 2019, Federal Bar Assn of Los Angeles with John Sheller and Arthur Margolis
- "Chapter 7, Chapter 13 and the Stay - Oh My! Do Not Fear - the Bankruptcy Experts Are Here," March 22, 2019, 2019 Annual Association of Family Law Specialists Spring Seminar, with Judge Victoria Kaufman, Jeff Golden and Susan Luong
- "Recent Supreme Court Cases of Interest to Bankruptcy Practitioners," December 14, 2018, for the San Fernando Valley Bar Assn with Judge Alan Ahart (Ret.).
- Moderator of "5th Annual Consumer Bankruptcy Review" with five bankruptcy judges for Orange County Bar Assn, Commercial Law and Bankruptcy Section, October 23, 2018 at Chapman University, Fowler School of Law
- "Equal Access to Justice," for the Ninth Circuit Judicial Conference in Anaheim, CA, July 25, 2018 with Scott Bovitz and Michael O'Halloran

## RESNIK HAYES MORADI LLP
### RESUME

- "Automatic Stay and Discharge Injunctions Violations," for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa"), June 9, 2018 with Raymond H. Aver and Christopher Burke.
- "Hiding in the Valley or Shouting from the Mountain – Debtor's Schedules and Full Disclosure," May 19, 2018, California Bankruptcy Forum Insolvency Conference with Ed Hays, Jenny Doling, and Hagop Bedoyan.
- "Recent Supreme Court Cases of Interest to Bankruptcy Practitioners," October 27, 2017, for the San Fernando Valley Bar Assn with Judge Alan Ahart (Ret.).
- "Judicial Estoppel," for the Ninth Circuit Judicial Conference in San Francisco, CA, July 19, 2017 with Judge Scott Clarkson, Misty Perry Issacson, Corey Weber
- "9th Circuit Review" for the Orange County Bar Assn, March 21, 2017 with Judge Theodor Albert and Rob Goe.
- "Appeals:  It's Not as Hard as it Looks," for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa"), March 18, 2017 with Sarah Stevenson, Staff Attorney for the 9th Circuit BAP.
- "Top Ten Supreme Court Cases on Bankruptcy," for the San Fernando Valley Bar Assn on December 9, 2016 with Judge Alan Ahart (Ret.) and David Gould.
- "Consumer Law Update," for the ABI "Consumer Connect Program" on December 2, 2016 with Chapter 7 Trustee Wes Avery and Assistant UST Attorney Jennifer Braun.
- "Unbundling and Limited Scope Representation: Navigating in the Central District," for the Federal Bar Association on November 18, 2016 with Judge Sandra Klein.
- "Individual Chapter 11 Cases," for the National Association of Consumer Bankruptcy Attorneys Annual Convention in San Francisco, May 21, 2016, with Judge Laurel Davis from Bankruptcy Court in Las Vegas and Wayne Silver.
- "9th Circuit BAP Decisions for 2015" for the San Fernando Valley Bar Assn on February 19, 2016 with Judge Martin Barash and Michael Avanesian.
- "The Supreme Court" for the San Fernando Valley Bar Assn on October 16, 2015.
- "Bankruptcy Foundations," mcle program for bankruptcy professionals, eight class sessions conducted in early 2015.
- The Sixth Annual James T. King Bankruptcy Symposium; "In re Taggart: the Supreme Court and Discharge Violations," for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa"), September 7, 2019 with Daniel Geyser and Prof. Daniel Bussel, University of California Los Angeles School of Law.
- The Fifth Annual James T. King Bankruptcy Symposium; "Ethics and Getting Paid," for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa"), July 21, 2018 with Judge Erithe Smith and Prof. Nancy Rapoport, University of Nevada Law Vegas School of Law.
- The Fourth Annual James T. King Bankruptcy Symposium; "Exemptions: Is Bad Faith a Factor or Not?"  for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa"), September 23, 2017 with Judge Theodor Albert, John Tedford, and Prof. Mark Scarberry, Pepperdine University School of Law.
- The Third Annual James T. King Bankruptcy Symposium; "Judicial Philosophy: Interpreting the Bankruptcy Code," for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa"), August 13, 2016 with Judge Paul Watford, Judge Martin Barash, and Prof. Erwin Chemerinsky.

5

**RESNIK HAYES MORADI LLP**
**RESUME**

- The Second Annual James T. King Bankruptcy Symposium; "Dear Congress: Chapter 13 Could Use a Little Help," for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa"), September 19, 2015 with Judge Keith Lundin, Judge Meredith Jury, Prof. Katie Porter, Hank Hildebrand.
- The First Annual James T. King Bankruptcy Symposium; "*In re Bellingham*: From the Insiders," for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa"), July 19, 2014 with Judge Richard Paez, Judge Meredith Jury, and Prof. John Pottow.

- Nuts and Bolts of Consumer Bankruptcy; University of West Los Angeles MCLE Program, June 1 and 2, 2012 and May 31 and June 1, 2013 with James T. King.
- "Individual Chapter 11 Cases: The Good, the Bad, and the Ugly," Pepperdine Law Journal Symposium with Judge Thomas Donovan, Kenneth Lau, and Prof. Mark Scarberry; March 27, 2012.
- Nuts and Bolts of Consumer Bankruptcy; University of West Los Angeles MCLE Program, June 3 and 4, 2011 with James T. King.
- Nuts and Bolts of Chapter 11 Bankruptcy; University of West Los Angeles MCLE Program, October 15, 2010.
- Nuts and Bolts of Bankruptcy; University of West Los Angeles MCLE Program, May 15 and 16, 2010.

- "A Review of 9th Circuit Published Decisions on Bankruptcy" for the Los Angeles County Bar Assn presentations
  - on September 26, 2006 with retired Bankruptcy Judge Lisa Hill Fenning and Peter Lively;
  - on October 17, 2007 with Bankruptcy Judge Samuel Bufford and Jim King;
  - on November 17, 2009 with Bo Bollinger and Aram Ordubegian;
  - on September 25, 2012 with Judge Julia Brand.

- "A Review of 9th Circuit Published Decisions on Bankruptcy" for the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa")
  - on March 27, 2007 with Bankruptcy Judge Victoria Kaufman;
  - on January 26, 2008 with Chief Bankruptcy Judge Vincent Zurzolo;
  - on February 21, 2009 with Judge Meredith Jury;
  - on January 30, 2010 with Judge Erithe Smith;
  - on January 20, 2011 with Judge Maureen Tighe;
  - on January 21, 2012 with Judge Sandra Klein;
  - on January 24, 2013 with Judge Meredith Jury and Judge Neil Bason;
  - on January 25, 2014 with Judge Ted Albert and Judge Deborah Saltzman,
  - on January 24, 2015 with Judge Victoria Kaufman and Judge Martin Barash,
  - on January 30, 2016 with Judge Meredith Jury and Judge Julia Brand.
  - on January 28, 2017 with Judge Laura Taylor, Southern District of California, and Judge Vincent Zurzolo.
  - on January 27, 2018 with Judge Julia Brand and Judge Charles Novack, Northern District of California.

**6**

## RESNIK HAYES MORADI LLP
### RESUME

- On January 12, 2019 with Judge Neil Bason and Judge Christopher Klein, Eastern District of California.

- "A Review of 9th Circuit Published Decisions on Bankruptcy" for the California Bar Assn Annual Meeting
  - on October 13, 2012 in Monterey California with Bankruptcy Judge Charles Novack, San Jose;
  - on October 12, 2013 in San Jose with Bankruptcy Judge Charles Novack
  - on September 13, 2014 in San Diego with Chief Judge Laura Taylor, San Diego; and Judge Charles Novack,
  - on October 10, 2015 in Anaheim with Judge Mark Wallace, Santa Ana, and Judge Charles Novack,
  - on September 30, 2016 in San Diego with Judge Louise Adler, San Diego and Judge Charles Novack.
- "Bankruptcy Litigation: A Nondischargeability Defense Overview & Training"; with Judge Thomas Donovan, Jason Wallach and David Golubchick, May 6, 2003.

On November 3, 2016, Mr. Hayes received the Hon. Thomas B. Donovan Excellence Award from the Central District Consumer Bankruptcy Attorneys Assn ("cdcbaa"). The award is given for "excellence in writing or advocacy, service to the court or service to the bar." The award was presented to him at the annual Calvin Ashland Awards Dinner of the cdcbaa.

On June 21, 2012 and again on October 25, 2018, Mr. Hayes received the Hon. William J. Lazarow Award from Public Counsel and the Debtor Assistance Project for Outstanding Pro Bono Service to the Community.

In 2013, Mr. Hayes sat on the 9th Circuit Merit Selection Committee responsible for choosing candidates for the open judgeship position in the Riverside Division of the Central District of California. In 2014, Mr. Hayes sat on the 9th Circuit Merit Selection Committee responsible for choosing candidates for the open judgeship position in the Woodland Hills Division of the Central District of California.

Mr. Hayes has been an Adjunct Professor of Law at the University of West Los Angeles (previously University of LaVerne School of Law) for the past 28 years where he has taught Bankruptcy, Business Organizations, Contracts, Advanced Bankruptcy Issues, Commercial Law, and Taxation. Before that he was on the adjunct faculty of Whittier School of Law for four years. He maintains a blog directed primarily for his students at www.profhayesuwla.com. .

Mr. Hayes is active participant at the Bankruptcy Self-Help desk in Woodland Hills and is the director of the Bankruptcy Litigation Clinic at the University of West Los Angeles where law students from UWLA are used to help parties deal with litigation in bankruptcy court.

Mr. Hayes is the author of three books entitled, "*A Summary of Bankruptcy Law*, Third Edition" published in December, 2016; "*Bankruptcy Jurisprudence from the Supreme Court*, Second

7

## RESNIK HAYES MORADI LLP
### RESUME

Edition" published in 2016; and *"Melvyn 'Deacon' Jones: My 40 years with the Blues Legends,"* published in 2004. All are available on Amazon.com.

Mr. Hayes previously wrote a monthly column, "Judicial Profiles" for the San Fernando Valley Bar Association magazine, "Bar Notes," on judges in the San Fernando Valley. He maintains a blog at www.centraldistrictinsider.com. He was a regular contributor to the Supreme Court Corner at www.considerchapter13.org.

Mr. Hayes is married and has four children. He has lived in Northridge for 34 years.

---

### Matthew D. Resnik, Partner

*Certified Bankruptcy Specialist, State Bar of California, Board of Legal Specialization -- 2016*

- Partner, RESNIK HAYES MORADI LLP 2018-present
- Partner, SIMON RESNIK HAYES LLP 2015-2018
- Partner, SIMON RESNIK LLP 2003-2018
- Law Office of Matthew D. Resnik, 1999- 2003

Education:
California State University at San Diego (B.A., 1992)
University of West Los Angeles School of Law (J.D. 1996)

Matthew Resnik is the managing partner at Resnik Hayes Moradi LLP. He has dedicated his legal career to representing financially distressed individuals and businesses against their creditors. His reputation and excellent track record in consumer bankruptcy are widely recognized in Southern California.

Mr. Resnik concentrates his practice in bankruptcy and corporate - business litigation. He has represented upwards of 3,000 businesses and individuals in bankruptcy proceedings over the past 20 years. He has also represented creditors, landlords and others in bankruptcy and voluntary workout proceedings.

Mr. Resnik has prosecuted and defended many complaints to declare debts non-dischargeable, to deny the discharge and other bankruptcy related litigation matters.

Mr. Resnik has also represented many homeowners in wrongful foreclosure actions in state court as well as federal court. He has extensive experience in civil litigation in real estate and other business litigation matters. He has been a panelist at numerous seminars especially relating to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

Mr. Resnik is a member of the Central District Consumer Bankruptcy Attorneys Association ("CDCBAA").

8

## RESNIK HAYES MORADI LLP
### RESUME

---

### Roksana D. Moradi-Brovia, Partner

*Certified Bankruptcy Specialist since 2014*
*State Bar of California, Board of Legal Specialization*

- Partner, RESNIK HAYES MORADI LLP 2018-present
- Partner, SIMON RESNIK HAYES LLP 2015-2018
- Associate Attorney, SIMON RESNIK HAYES LLP 2012-2016
- Associate Attorney, Law Offices of M. Jonathan Hayes 2009-2012
- Law Clerk, Law Offices of M. Jonathan Hayes March, 2009 to November, 2009

Roksana D. Moradi-Brovia has dedicated her legal career to representation of both individuals and businesses navigating through Chapter 7 and Chapter 11, and litigation arising in the bankruptcy context.

She has successfully confirmed 75 Chapter 11 Plans of Reorganization for both individuals and businesses, assisting her clients through the "rehabilitation" process at each step of the way. Recent Chapter 11 cases include representing a couple with 19 income producing real properties, a small trucking company, a jewelry store, a dental practice, a tortilla manufacturing business and an LLC which owns a 13 unit commercial building.

Ms. Moradi-Brovia was nominated as a Super Lawyers Rising Star in 2014, 2015, 2016, 2017, 2018, 2019 and 2020.

She was the 2018 and 2019 *President* of the Central District Consumer Bankruptcy Attorneys Association ("cdcbaa") and has been on the *Board of Directors* and the *Programs Chair* of the *cdcbaa* since 2013.

In May of 2019, Ms. Moradi-Brovia was elected to serve a two-year term on the *Board of Directors* of the Los Angeles Bankruptcy Forum (LABF).

In July of 2019, Ms. Moradi-Brovia was elected to the *Board of Directors* of the James T. King Southern California Bankruptcy Inn of Court.

Ms. Moradi-Brovia was the 2018-2019 *Chair* of the Commercial Law and Bankruptcy Section of the Los Angeles County Bar Association ("LACBA"), previously holding the positions of *Programs Chair, Secretary and Vice Chair;* she remains an active participant in the Section. She acted as *Chair* of the Debtor Assistance Project/*Pro Bono* Sub-Committee of the Bankruptcy/Commercial Law Section of LACBA from 2013 through 2017. Ms. Moradi-Brovia was the LACBA representative for the U.S. Bankruptcy Court for the Central District of California's Bar Advisory Board for 2017.

**9**

## RESNIK HAYES MORADI LLP
## RESUME

In December of 2019, Ms. Moradi-Brovia was selected by Chief Judge of the U.S. Bankruptcy Court for the Central District of California, Hon. Maureen A. Tighe, to the Court's *Small Business Reorganization Task Force* whose mission is to work to identify obstacles in the current system for small businesses in distress, perform outreach and education issues in the community and suggest edits to the Court's Local Rules as related to the new Small Business Reorganization Act.

In 2014, Ms. Moradi-Brovia was selected by the U.S. Bankruptcy Court for the Central District of California's Bar Rules Advisory Group as the *Working Group Chair* of the "Disclosure Statement in Support of Chapter 11 Plan of Reorganization," "Cash Collateral Motion," and "Budget Motion" committees working to revise the current versions of those Chapter 11 Individual Debtor forms.

Presentations:

- "Recent, Relevant and Riveting Ninth Circuit Bankruptcy Appellate Panel Cases" MCLE program for the San Fernando Valley Bar Association on October 11, 2019, with the Hon. Deborah J. Saltzman and Jessica Bagdanov.
- "Individual Chapter 11s: An Overview" MCLE program from the Orange County Bar Assoc. – Commercial Law and Bankruptcy Section on May 23, 2019, with the Hon. Neil W. Bason, Steven Fox, Stella Havkin, Peter Lively, Dennis McGoldrick and moderated by Ed Hays.
- "Key Consumer Cases from Around the Country" MCLE program for the San Fernando Valley Bar Association on March 22, 2018, with the Hon. Sandra R. Klein and Cassandra J. Richey.
- "Interesting, Important and All Consuming Opinions of Central District Bankruptcy Judges" MCLE program for the San Fernando Valley Bar Association on January 19, 2018, with the Hon. Victoria S. Kaufman and James Selth.
- "Consumer Potpourri" MCLE program for the San Fernando Valley Bar Association on May 12, 2017, with Dennis McGoldrick and Nina Javan.
- "Chapter 11: Essentials and Special Situations" MCLE program for Pincus Professional Education on November 4, 2016, with the Hon. Neil W. Bason, Steven R. Fox, Stella Havkin, Peter Lively, and Dennis McGoldrick.
- "9th Circuit Bankruptcy Appellate Panel Review" MCLE program for the San Fernando Valley Bar Association on October 28, 2016, with Katherine C. Bunker and Raymond H. Aver.
- "Elimination of Bias" MCLE program for the *cdcbaa* at Southwestern Law School on February 27, 2016, with Nancy B. Clark and Magdalena Reyes Bordeaux.
- "When is Conversion Kosher? Exploring the Hows, Whens, and Whys of Converting Cases from One Chapter to Another" MCLE program for the Central District Consumer Bankruptcy Attorneys Association ("cdcbaa") at Southwestern Law School on February 8, 2014, with the Hon. Catherine Bauer and Jeffrey Hagen.
- "An Introduction to Adversary Proceedings" MCLE program for Public Counsel at the U.S. Bankruptcy Court – Los Angeles Division on July 11, 2013, with the Hon. Sandra R. Klein, and attorneys Magdalena R. Bordeaux and Roye Zur.

**10**

## RESNIK HAYES MORADI LLP
### RESUME

Publication: "The Section 1111(b) Election: A Primer," *California Bankruptcy Journal,* December 2011 (with M. Jonathan Hayes).

Ms. Moradi-Brovia volunteers regularly at Neighborhood Legal Services' Bankruptcy Self Help Desk and Public Counsel's Bankruptcy Self Help Desk and Reaffirmation Clinics.

On September 10, 2014, Ms. Moradi received the Public Counsel Debtor Assistance Project *Pro Bono* award.

Ms. Moradi-Brovia received her Juris Doctorate from the University of West Los Angeles – School of Law in June of 2009 and was admitted to the State Bar of California and the United States District Court in December of 2009. Ms. Moradi-Brovia was admitted to the Ninth Circuit Court of Appeals in 2013. While in law school, Ms. Moradi-Brovia had the privilege of externing for the Hon. Tracy Grant in San Pedro. Ms. Moradi-Brovia was the Dean of the Delta Theta Phi Law Fraternity her last year of law school.

In 2009, Ms. Moradi-Brovia was chosen by her law school professor, M. Jonathan Hayes, to join his bankruptcy firm. The Law Offices of M. Jonathan Hayes merged with Simon & Resnik, LLP in 2012.

Ms. Moradi-Brovia immigrated to the United States when she was a child and is fluent in Polish.

---

### Russell Stong
### Associate Attorney, Los Angeles Office

- Associate Attorney, RESNIK HAYES MORADI LLP 2018-present
- Associate Attorney, SIMON RESNIK HAYES LLP 2014-2018
- Associate Attorney, SIMON RESNIK, LLP 2007- 2014
- Associate Attorney, WEINSTEIN  TRIEGER & RILEY, LLP 2004-2007
- Associate Attorney, CHERIN &YELSKY, LLP  1998- 2004
- Sole Practioner Attorney, LAW OFFICE OF RUSSELL J. STONG, III 1996-1998
- Associate Attorney/Law Clerk, LAW OFFICE OF GREGORY CHUDACOFF 1992-1996
- Real Estate Broker (Commercial Real Estate) 1988-1992
- Real Estate Licensee (Commercial Real estate) 1985 - 1988

Education:
University of Southern California B.S. Business 1983
University of California Los Angeles Real Estate program 1986 to 1987
University of West Los Angeles School of Law 1994

**11**

## RESNIK HAYES MORADI LLP
### RESUME

Real Estate Brokers License 3/19/1988 to present
Real Estate License 1985 -1988

Member of the Central District Consumer Bankruptcy Attorneys Association ("CDCBAA")

Russell (Russ) Stong helps individuals protect their homes, cars and other assets. Russ is a highly respected advocate in court and enjoys using his quick oral advocacy skills in front of the Judges. Russ is passionate about his client's rights, but commands the respect from his advisories due to his outgoing personality and pleasant disposition.

Prior to working for Simon Resnik, Russ represented financial institutions in fraud actions as a creditor's attorney. This experience gives him insight into handling individual debtor cases as he understands the mentality and approach of the creditor attorney. Additionally, Russ developed a strong working relationship with other creditor attorneys, which helps ameliorate complex issues and provide alternatives for his clients. This experience also allowed Russ to argue matters in front of all the Central District Bankruptcy Judges, which enables him to know the patterns and practice of each Bankruptcy Judge.

Prior to becoming an attorney Russ practiced commercial real estate leasing/sales/marketing services including search analysis and lease negotiation. Representing both Landlord and Tenant interests from site location to final occupancy.

---

### David M. Kritzer
### Associate Attorney, Encino Office

- Associate Attorney, RESNIK HAYES MORADI LLP 2018-present
- Associate Attorney, SIMON RESNIK HAYES LLP 2012-2018
- Associate Attorney, HEMAR ROUSSO & HEALD LLP  2008-2012
- Associate Attorney, SPIWAK & IEZZA, LLP  2006-2008
- Associate Attorney, PARKER-STANBURY LLP 1999-2006
- Associate Attorney,  SWEDELSON & GOTTLIEB 1997-1998
- Law Clerk/Associate Attorney, LAW OFFICES OF LLOYD DOUGLAS DIX 1992-1997

Education:
Pepperdine University School of Law (J.D. 1993)
1992 - 1993 Moot Court Board - Co-Chair of 1993 Dalsimer Competition
1991 London Program Participant - Moot Court vs. London University
Second Place Petitioner's Brief - First Year Moot Court 1991
Gunnar Nicholson Family Scholarship Recipient, 1992 - 1993
Second Year Representative, Student Bar Association, 1991 - 1992

## RESNIK HAYES MORADI LLP
### RESUME

University of California, San Diego, Marshall (Third) College
Bachelor of Arts - Political Science - June 1990
Minors:  General Biology, General Chemistry, and American HistoryResident Advisor, Third
College Dormitories & Apartments - 1986 - 1989
Student Advocate Board, Associated Students - 1985 - 1987

David M.  Kritzer is one of the litigators at Resnik Hayes Moradi LLP with over 24 years
experience in and out of the courtroom.  He is very active in all of the firm's litigation matters,
regularly appearing in state and federal courts.  He has extensive experience in general business
litigation, unlawful detainers, real estate litigation, general commercial and business financial
litigation, and debtor-creditor litigation, and judgment enforcement with significant discovery,
law and motion and trial practice experience.

Other Honors:
A.S.B. President, Van Nuys High School, Van Nuys, California - 1984 - 1985
Boy Scouts of America, Eagle Scout Award Received - June 1984

---

## W. Sloan Youkstetter
### Associate Attorney, Encino and Los Angeles Offices

- Associate Attorney, RESNIK HAYES MORADI LLP 2020-present
- Associate Attorney, The Fox Law Corporation, Inc., September 2018 - December 2019
- Of Counsel, Illyssa I. Fogel & Associates, June 2018 - September 2018
- Associate Attorney, A.O.E Law & Associates, APC, September 2017 - April 2018
- Of Counsel, Law Offices of David A. Tilem, March 2015 - December 2015; March 2017 - September 2017
- Associate Attorney, Law Office of William S. Youkstetter, March 2015 - December 2015; March 2017 - September 2017
- Associate Attorney, Avanesian Law Firm, December 2015 - March 2017
- General Counsel, Place of South Pasadena, July 2014 - July 2017

*Admitted*
State Bar of California
United States District Court, Central District of California
United States District Court, Eastern District of California
United States District Court, Northern District of California
United States District Court, Southern District of California

*Education*
Southwestern Law School; *Los Angeles, California* - Juris Doctor, May 2011
University of San Diego; *San Diego, California* - Bachelor of Arts, Political Science, May 2007

*Externships/Internships*
County of Los Angeles District Attorney's Office, August 2010 - May 2011

## RESNIK HAYES MORADI LLP
### RESUME

Extern - Certified Law Student, *Los Angeles, California*
U.S. Representative Adam Schiff, 29th Congressional District, May 2005 - August 2005
Intern, *Pasadena, California*

*Awards* Super Lawyers Magazine's Rising Stars, 2017-2019
Public Counsel's William J. Lasarow Award, 2015
CACB Certificate of Appreciation, 2014-2018
CACB Honor Roll of Pro Bono Volunteers, 2014-2018

---

### Pardis Akhavan, Associate Attorney

- Associate Attorney, RESNIK HAYES MORADI LLP 2018-present
- Law Clerk, M. Jonathan Hayes 2016-2018

Education: University of West Los Angeles School of Law (J.D. 2017) Magna Cum Laude

Ms. Akhavan immigrated to the United States from Iran seven years ago. She graduated from college in Iran and spent eight years working in the banking industry before coming to the United States. Her first job here was as Administrative Manager of an insurance agency. From there, she worked for Wells Fargo Bank as a teller and was soon promoted to a personal banker. She stayed with Wells Fargo Bank for three years until she decided to go to law school. She graduated from UWLA School of Law in 2016 and passed the California Bar Exam on her first try.

Languages spoken: Farsi

---

### Rozario Zubia
### Paralegal, Encino Office

Education: California State University Northridge, 1980s

Rosario was a bankruptcy paralegal for a bankruptcy specialist sole practitioner in Los Angeles from 1994 to 2004. Rosario began as a paralegal for M. Jonathan Hayes in 2009. She is also a licensed real estate agent in the State of California.

Languages spoken: Spanish.

---

### Ja'Nita Fisher
### Paralegal, Encino Office

**14**

## RESNIK HAYES MORADI LLP
### RESUME

Education: California State University Northridge, 2017 B.S. Business Management

Ja'Nita Fisher has been a paralegal with M. Jonathan Hayes since January 2012.

---

### Susie Segura
### Paralegal and Office Manager, Los Angeles Office

Susie has been a bankruptcy paralegal since 1999.  She worked for the Law Office of Claudia Phillips before she was hired by Matt Resnik in 2004.  She is very experienced in all aspects of consumer Chapter 7 and Chapter 13 cases.

Languages spoken: Spanish.

---

### Max Bonilla
### Paralegal, Los Angeles Office

Education: Mt. San Antonio College (A.A. 2006)

Max was a paralegal with a personal injury firm for 4 years.  In 2009, he joined Simon & Resnik, LLP which later became Resnik Hayes Moradi, LLP in 2018.  He is especially knowledgeable with all aspects of Chapter 7 and Chapter 13.

Languages Spoken: Spanish

---

### Priscilla Bueno
### Paralegal, Encino Office

Education: Mission College (A.A. 2011) studying for a paralegal certificate

Priscilla was a paralegal for a worker's comp and personal attorney for about five years. Then she worked for Bank of America in the trust department and later in the bankruptcy department. With Bank of America, she was involved with bankruptcy sales for Recontrust.   She joined Simon Resnik Hayes LLP in early April of 2017 which became Resnik Hayes Moradi LLP in 2018.

Languages spoken: Spanish.

---

## RESNIK HAYES MORADI LLP
### RESUME

**Rebeca Benitez**
**Paralegal, Encino Office**

- Paralegal Resnik Hayes Moradi LLP 2017 to present
- Paralegal Landsberg & Associates 2008-2011
- Paralegal Weintraub & Selth, APLC  2006-2008

Education:
University of Phoenix, B.S. in Criminal Justice, 2009
Los Angeles Mission College, 2001-2003

Beca has been a bankruptcy and litigation paralegal since 2005. She has extensive experience preparing bankruptcy petitions for all chapters, assisting attorneys with all motions typically found in consumer bankruptcy cases.  She also has extensive experience assisting attorneys with unlawful detainer litigation and general civil litigation in state and federal courts in the Los Angeles area.

Languages spoken: Spanish.

**16**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **17609 Ventura Blvd., Suite 314, Encino, CA 91316.**

A true and correct copy of the foregoing document entitled **NOTICE OF APPLICATION AND APPLICATION OF RESNIK HAYES MORADI LLP TO BE EMPLOYED AS GENERAL BANKRUPTCY COUNSEL TO THE DEBTOR AND DEBTOR-IN-POSSESSION FROM MARCH 5, 2020 TO APRIL 24, 2020; DECLARATION OF MATTHEW D. RESNIK IN SUPPORT THEREOF** be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **5/6/2020** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐   Service information continued on attached page

- **Michael Jay Berger    michael.berger@bankruptcypower.com,**
  **yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com**
- **Katherine Bunker    kate.bunker@usdoj.gov**
- **Paul E Gold    dennis@evict123.com**
- **Erin M McCartney    bankruptcy@zbslaw.com,**
  **emccartney@ecf.courtdrive.com**
- **Matthew D. Resnik    matt@rhmfirm.com,**
  **roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhm**
  **firm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;r**
  **ebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com**
- **United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov**

**II.  SERVED BY U.S. MAIL:** On **5/6/2020** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.   ☐   Service information continued on attached page

No Judge's Copy per GENERAL ORDER 20-02 - IN RE: PROCEDURES FOR PUBLIC EMERGENCY RELATED TO COVID-19 OUTBREAK

Amerigrade Corp.
PO Box 94228
Pasadena, CA 91109

ALL CREDITORS:

Franchise Tax Board
Bankruptcy Section MS: A-340
PO Box 2952
Sacramento, CA 95812

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101

Employment Development Dept.

**RESNIK HAYES
MORADI LLP**

| | | |
|---|---|---|
| 1 | Bankruptcy Group MIC 92E<br>Po Box 826880<br>Sacramento, CA 94280 | JPMorgan Chase Bank<br>Bankruptcy Mail Intake Team<br>700 Kansas Ln., Fl. 01<br>Monroe, LA 71203 |
| 2 | California Department of Tax and Fee | |
| 3 | Administration<br>Account Information Group MIC:29 | JPMorgan Chase Mortgage Acquisition<br>Corp. |
| 4 | P.O. Box 942879<br>Sacramento, CA 94279 | ZBS Law Firm<br>30 Corporate Park, Suite 450<br>Irvine, CA 92606 |
| 5 | U. S. Securities and Exchange | |
| 6 | Commission<br>Attn: Bankruptcy Counsel | Los Angeles County Tax Collector<br>PO Box 54110 |
| 7 | 444 South Flower Street, Suite 900<br>Los Angeles, CA 90071-9591 | Los Angeles, CA 90054-0110 |
| 8 | | Michael Jay Berger<br>9454 Wilshire Blvd., 6th Fl. |
| 9 | Attorney General<br>United States Department of Justice<br>Ben Franklin Station | Beverly Hills, CA 90212 |
| 10 | P. O. Box 683<br>Washington, DC 20044 | Mr. Cooper<br>8950 Cypress Waters Blvd<br>Coppell, TX 75019 |
| 11 | | |
| 12 | Civil Process Clerk<br>United States Attorney's Office | Office of Finance<br>City of Los Angeles |
| 13 | Federal Building, Room 7516<br>300 North Los Angeles Street<br>Los Angeles, CA 90012 | 200 N. Spring St., Suite 1010<br>City Hall<br>Los Angeles, CA 90012 |
| 14 | | |
| 15 | Evette Awadalla<br>P.O. Box 70176<br>Los Angeles, CA 90070 | Oscar Sanchez<br>504 Montecito Drive<br>Los Angeles, CA 90031 |
| 16 | | |
| 17 | Jesus Cruz<br>3243 N. Drew Street<br>Los Angeles, CA 90065 | Robert Stewart<br>13217 Filmore Street<br>Pacoima, CA 91331 |
| 18 | | |
| 19 | JPMorgan Chase Bank<br>National Association | T Mobile/T-Mobile USA Inc<br>by American InfoSource as agent |
| 20 | 3415 Vision Drive<br>Columbus, OH 43219 | PO Box 248848<br>Oklahoma City, OK 73124-8848 |
| 21 | | |

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE
TRANSMISSION OR EMAIL** (indicate method for each person or entity served):
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **5/6/2020** I served the following
person(s) and/or entity(ies) by personal delivery, overnight mail service, or (for those who
consented in writing to such service method), by facsimile transmission and/or email as
follows.  Listing the judge here constitutes a declaration that personal delivery on the judge
will be completed no later than 24 hours after the document is filed.
☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.

| | | |
|---|---|---|
| **5/6/2020** | **Ja'Nita Fisher** | **/s/ Ja'Nita Fisher** |
| *Date* | *Type Name* | *Signature* |

1  Matthew D. Resnik (Bar No. 182562)
   Roksana D. Moradi-Brovia (Bar No. 266572)
2  **RESNIK HAYES MORADI LLP**
   17609 Ventura Blvd., Suite 314
3  Encino, CA 91316
   **Telephone:**  (818) 285-0100
4  **Facsimile:**  (818) 855-7013
   matt@RHMFirm.com
5  roksana@RHMFirm.com

6  *Proposed Attorneys for Debtor*
   Amerigrade Corp.

7

| FILED & ENTERED |
| JUN 16 2020 |
| CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY Pgarcia   DEPUTY CLERK |

CHANGES MADE BY COURT

8

9            **UNITED STATES BANKRUPTCY COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11            **SAN FERNANDO VALLEY DIVISION**

12
   In re                              ) Case No.: 1:20-bk-10543-VK
13                                     )
                                       ) Chapter 11
14       AMERIGRADE CORP.,             )
                                       )
15                           Debtor.   ) **ORDER GRANTING APPLICATION OF**
                                       ) **RESNIK HAYES MORADI LLP TO BE**
16                                     ) **EMPLOYED AS GENERAL**
                                       ) **BANKRUPTCY COUNSEL TO THE**
17                                     ) **DEBTOR AND DEBTOR-IN-**
                                       ) **POSSESSION FROM MARCH 5, 2020 TO**
18                                     ) **APRIL 24, 2020**
                                       )
19                                     )
                                       ) Date:  June 4, 2020
20                                     ) Time:  ~~1:30~~ *2:00* p.m.
                                       ) Place:  Courtroom 301
21                                     )        21041 Burbank Blvd.
                                       )        Woodland Hills, CA ~~91316~~ *91367*
22                                     )

23       A hearing took place at the above time and location to consider the *Application to*

24  *be Employed as General Bankruptcy Counsel to the Debtor and Debtor-In-Possession*

25  *from March 5, 2020 to April 24, 2020* (the "Application") [Docket No. 27] filed by Resnik

26  Hayes Moradi, LLP (the "Firm"), general bankruptcy counsel for Amerigrade Corp.,

27  Debtor and Debtor-in-Possession herein (hereinafter the "Debtor"); it appearing that the

28

**RESNIK HAYES**
**MORADI LLP**

1 | proposed counsel does not hold or represent any interest adverse to the estate in the matters

2 | on which they are to be employed, that such counsel is a disinterested person, that such

3 | employment is in the best interest of the estate, that the *Amended Notice* (Docket No. 31)

4 | of the Application was proper; and there being no objections to the Application,

5 |

6 | **IT IS HEREBY ORDERED** that:

7 |

8 | 1.    The Application is **APPROVED;**

9 | 2.    The Debtor is permitted to employ the Firm as its bankruptcy attorneys

10 | pursuant to 11 U.S.C. §327 with compensation pursuant to 11 U.S.C. §330 and on the

11 | terms set forth in the Application, for the period March 5, 2020 through April 24, 2020;

12 | 3.    The Firm shall comply with the *Guide to Application for Retainers and*

13 | *Professionals and Insider Compensation* promulgated April 2008 by the United States

14 | Trustee in withdrawing prepetition retainer funds.

15 |

16 |

17 |                                     ###

18 |

19 |

20 |

21 |

22 |

23 | Date: June 16, 2020

24 |                                     Victoria S. Kaufman
                                        United States Bankruptcy Judge

25 |

26 |

27 |

28 |