**LAW OFFICE OF WAYNE A. SILVER**
Wayne A. Silver (108135)
643 Bair Island Road,
Suite 403
Redwood City, CA 94063
Phone: (650) 282-5970
Fax:    (650) 282-5980
Email: ws@waynesilverlaw.com

*Attorney for KENNETH Y. KAI and*
*TAE K. KAI, Trustees of the Kai Family 1998 Trust*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>HAWAIIAN RIVERBEND, LLC,<br><br>    Debtor. | Case No.: 22-50314-SLJ<br>Chapter 11 (Sub-Chapter V)<br><br>Date:    June 7, 2022<br>Time:    2:30 p.m.<br>Court:  Hon. Steven L. Johnson<br>**\*\*\* Hearing to be conducted by**<br>**Telephone or Video Conference** |

**SECURED CREDITORS' REQUEST FOR CONTINUANCE OF HEARINGS ON: (1)
ORDER TO SHOW CAUSE, AND (2) DEBTOR'S COUNSEL'S MOTION TO WITHDRAW**

KENNETH Y. KAI and TAE K. KAI, Trustees of the Kai Family 1998 Trust ("Kai"),

secured creditors and interested parties in the above-captioned Case No.: 22-50314-SLJ

("Bankruptcy Case"), respond to the Court's Order to Show Cause filed on June 2, 2022 [DKT # 46]

("OSC"), and request the Court continue this hearing so their motion to either convert the

Bankruptcy Case to Chapter 7, or in the alternative dismiss the Bankruptcy Case with a refiling bar

("Motion to Convert"), filed and served concurrently herewith, can be heard on such notice as the

Court deems adequate.

HAWAIIAN RIVERBEND, LLC ("HR LLC"), the Debtor in this single asset real estate

Bankruptcy Case, is owned and controlled by Michael H. Miroyan ("Miroyan"), HR LLC's sole

member.[1]  Miroyan is also a debtor in Chapter 13 Case No. 22-50339, pending before this Court ("Miroyan Chapter 13 Case"). HR LLC and Miroyan are both represented by Michael Jay Berger of the Law Offices of Michael Jay Berger ("Berger").

Berger has moved to withdraw in both this Bankruptcy Case and the Miroyan Chapter 13 Case,[2] and unless HR LLC and Miroyan are given an opportunity to retain new counsel and/or appear at a continued hearing, Miroyan's past behavior assures he will file an appeal of any adverse ruling on the ground HR LLC was denied due process. Moreover, before dismissing a case with a refiling bar, a debtor is entitled to fair warning and adequate notice. See *Jones v. Avery (In re Jones)*, No. CC-15-1211-KuDTa, 2016 Bankr. LEXIS 1837 (9th Cir. BAP, Apr. 25, 2016).

Kai therefore requests this hearing on the OSC be continued to assure both HR LLC and Miroyan are given adequate due process.

Kai further requests the hearing on Berger's motion to withdraw be likewise continued so that HR LLC has legal representation and can respond to the Motion to Convert. The Court will note that although Berger claims his relationship with HR LLC and Miroyan broke down in his May 10, 2022 Motion to Withdraw, on June 3, 2022 Berger somehow managed to file a Bankruptcy Local Rule 4002-1 Application to designate Miroyan as the HR LLC responsible individual, and HR LLC's April and May Monthly Operating Reports.[3]

Kai therefore requests the hearings on the OSC and Berger's motion to withdraw be continued to a date and time to coincide with the hearing on the Motion to Convert.

Date: June 5, 2022

*/s/ Wayne A. Silver*

Wayne A. Silver, attorney for *KENNETH Y. KAI and TAE K. KAI, Trustees of the Kai Family 1998 Trust*

---

[1] See, HR LLC Amended Voluntary Petition filed on May 27, 2022 [DKT # 38]. Kai requests the Court take judicial notice of the Voluntary Petition, Schedules, Statement of Financial Affairs, all amendments thereto, Application for Responsible Individual, and Monthly Operating Reports under Federal Rule of Evidence Rules 201(b) and 201(d), which are made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9017.
[2] Motion to Withdraw filed on May 10, 2022, [DKT # 28] in the Bankruptcy Case, and [DKT # 14] in the Miroyan Chapter 13 Case.
[3] DKT #'s 47 – 49 in this Bankruptcy Case.

Secured Creditors' Request for Continuance of Hearings