**LAW OFFICE OF WAYNE A. SILVER**
Wayne A. Silver (108135)
643 Bair Island Road,
Suite 403
Redwood City, CA 94063
Phone: (650) 282-5970
Fax:    (650) 282-5980
Email: ws@waynesilverlaw.com

*Attorney for KENNETH Y. KAI and*
*TAE K. KAI, Trustees of the Kai Family 1998 Trust*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>HAWAIIAN RIVERBEND, LLC,<br><br>　　Debtor. | Case No.: 22-50314-SLJ<br>Chapter 11 (Sub-Chapter V)<br><br>Date:　TBD<br>Time:　TBD<br>Court:　Hon. Steven L. Johnson<br>　　***Hearing to be conducted by Telephone or Video Conference*** |

### SECURED CREDITORS' MOTION TO CONVERT CASE TO CHAPTER 7, OR IN THE ALTERNATIVE, FOR DISMISSAL WITH REFILING BAR

KENNETH Y. KAI and TAE K. KAI, Trustees of the Kai Family 1998 Trust ("Kai") are secured creditors and interested parties in the above-captioned Case No.: 22-50314-SLJ ("Bankruptcy Case") of HAWAIIAN RIVERBEND, LLC ("HR LLC"), the Debtor in this single asset real estate Bankruptcy Case.[1] Kai moves under 11 U.S.C. §1112(b),[2] and Federal Rules of Bankruptcy Procedure 1017(f) and 9014 to convert this Chapter 11 Bankruptcy Case to Chapter 7, or

---

[1] See, HR LLC Amended Voluntary Petition filed on May 27, 2022 [DKT # 38]. Kai requests the Court take judicial notice of the Voluntary Petition, Schedules, Statement of Financial Affairs, all amendments thereto, and Application to Designate Responsible Individual, and Monthly Operating Reports, under Federal Rule of Evidence Rules 201(b) and 201(d), which are made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9017.
[2] 11 U.S.C. §101, et seq. is referred to as the "Code."

in the alternative, to dismiss the Bankruptcy Case with a refiling bar of two (2) years under Code §§105 and 349(b).

## I. BRIEF FACTUAL AND PROCEDURAL BACKGROUND

### 1. 2016 Chapter 11 Case and Confirmed Plan

HR LLC previously filed a Chapter 11 in U. S. Bankruptcy Court for the District of Hawaii, Case No. 16-00348 ("HR LLC 2016 Bankruptcy Case"). HR LLC was able to confirm a Chapter 11 Plan ("Plan") in the HR LLC 2016 Bankruptcy Case, a copy of which is attached as Exhibit One to the Kai Request for Judicial Notice ("RJN"), filed and served concurrently herewith.

The Plan called for HR LLC to sell an approximately 14.622 acre parcel of real property located in Waikoloa, Hawaii and identified with Tax Map Key No. (3) 6-8-002-053 ("Property"). The Order Confirming Plan stated:

> 2. The Plan is hereby amended as follows:
>
> A. Proof of Claim no. 5 in the Claim Register filed by the Kai Family 1998 Trust (the "Kai Trust") on August 22, 2016, in the total amount of $1,248,739.72 (the "Kai Secured Claims"), shall be deemed an Allowed Claim for all purposes in this Chapter 11 Case, and the Counterclaims asserted by the Debtor against the Kai Trust in that certain lawsuit entitled Kenneth Y. Kai, Trustee of the Kai Family 1998 Trust, et al. v. Hawaiian Riverbend, LLC, In the Third Circuit Court of the Circuit Courts of the State of Hawaii, Civil No. 3CC 15-1-0164K, shall be deemed waived and extinguished for all purposes.
>
> B. This Order constitutes authorization for the Debtor to sell and convey Parcel 21, Parcel 52 and Parcel 53 (collectively, the "Parcels") without further Court order, provided, however, (a) any recorded Lien against any of the foregoing Parcels must be satisfied in full at closing absent further Court order; (b) the Court shall retain jurisdiction over the amounts necessary to satisfy any recorded Lien, as well as the allocation of net sale proceeds from any such sale(s); and
>
> C. The real estate agent and the Debtor and its principals are instructed to promptly send to counsel of record for the Kai Trust and Cory Tereick any written bona fide offer for the sale of any the Parcel 52 or Parcel 53. Neither Kai Trust nor Cory Tereick (or their respective agents or representatives) shall contact either the offering parties or the real estate agent without either first obtaining the Debtor's express advance approval or a specific Court order allowing such contact. [RJN, Ex. 1, pp. 2 – 3]

The Plan called for HR LLC to employ a realtor and sell the Property according to a strict timeline. [RJN, Ex. 1, pp. 27 – 29] The Debtor materially defaulted on the Plan by failing to conduct

Page - 2

Secured Creditors' Motion to Convert Case to Chapter 7, Or in the Alternative, for Dismissal with Refiling Bar

Case: 22-50314    Doc# 51    Filed: 06/06/22    Entered: 06/06/22 08:48:18    Page 2 of 9

a sale or submitting the Property for auction and had no intention of complying with the Plan. As a result, the HR LLC 2016 Bankruptcy Case was dismissed for cause:

> Cause exists to dismiss the case because the Debtor is admittedly in material default of its obligation under the Plan. Debtor failed to conduct a sale of the properties and later failed to submit them for auction. Debtor's counsel made it clear at the status conference on January 8, 2018, that Debtor does not intend to comply with the Plan. [Order Dismissing Case, RJN Ex. 2, p. 4]

### 2. Michael Miroyan Transfers the Property to Himself and Files for Bankruptcy

HR LLC is owned and controlled by Michael H. Miroyan ("Miroyan") HR LLC's sole member. Miroyan fraudulently transferred the Property from HR LLC to himself for no consideration on or about August 9, 2018. Miroyan then filed Chapter 13 bankruptcy case No. 18-52601 on November 26, 2018 ("Miroyan Chapter 13 Case"), the same day as the scheduled foreclosure auction of the Property, which prevented the foreclosure. [RJN, Ex. 3, Motion for Relief from Stay, p. 4:10 – 17] Kai subsequently moved for relief from stay and obtained an Order Granting Motion for Relief from Stay and Awarding in Rem Relief Under 11 U.S.C. §362(D)(4) on March 15, 2019 ("In Rem Order"). [RJN, Ex. 5]

### 3. KAI Attempts to Move Forward with Foreclosure of the Property

As set forth in the Declaration of Matthew C. Shannon ("Shannon Decl.") filed and served concurrently herewith, pursuant to the In Rem Order, on or about April 1, 2019 Kai filed several motions in the in the matter of *Kai, et al. v. Hawaiian Riverbend, LLC, et al.*, 15-1-0164K pending in the Circuit Court of the Third Circuit, State of Hawaii ("Foreclosure Action"), resulting in the following Orders entered on September 26, 2019[3]:

(i) Order Granting Plaintiffs'[4] Motion to Compel Transfer, which compelled the Clerk of the Court to convey the Property by Quitclaim Deed back to HR LLC. [Shannon Decl., Exhibit 1]

(ii). Order Granting Plaintiffs' Motion for Sanctions, which prohibited any further transfers of the Subject Property by HR LLC, and amended the foreclosure decree consistent with the

---

[3] In the interim, Miroyan sued Kai, their counsel, the Court-appointed foreclosure Commissioner, Andrew M. Kennedy, Esq in the Foreclosure Action, along with Judge Kim, the judge in the Foreclosure Action. [See RJN, Ex. 7] That lawsuit was ultimately dismissed with prejudice on November 5, 2019. [See RJN, Ex. 8]

[4] "Plaintiffs" refer to Kai in the Foreclosure Action.

same. [Shannon Decl., Exhibit 2]

(iii). Amended Order Granting Plaintiffs' Renewed Motion for Summary Judgment and Fore Interlocutory Decree of Foreclosure, filed December 17, 2015 ("Amended Foreclosure Decree"). Order Granting Plaintiffs' Motion to Compel Transfer, which compelled the Clerk of the Court to convey the Property by Quitclaim Deed back to HR LLC. [Shannon Decl., Exhibit 3] That was done on October 31, 2019, when Lester D. Ohiro, Chief Clerk of the Third Circuit Court of the State of Hawaii, on behalf of Michael H. Miroyan, as Grantor, executed a Quitclaim Deed in favor of Hawaii Riverbend LLC, as Grantee ("Quitclaim Deed"). The Quitclaim Deed was recorded in the State of Hawaii Bureau of conveyances as Document No. A-74110749 on April 16, 2020. [Shannon Decl., Exhibit 6]

(iv) Judgment on the Amended Foreclosure Decree. [Shannon Decl., Exhibit 4]

On October 25, 2019, HR LLC and Miroyan individually, filed a Notice of Appeal in the Intermediate Court of Appeals of the State of Hawaii ("ICA"). [Shannon Decl., Exhibit 5] Plaintiffs filed a Motion to Dismiss the Appeal for lack of appellate jurisdiction on February 11, 2020. On March 10, 2020, the ICA entered its Order Denying the Motion to Dismiss the Appeal. However, the ICA held that the Notice of Appeal was not valid as to HR LLC, and that "…Miroyan (individually) is the lone appellant in appellate court case number CAAP-19-0000742." [Shannon Decl., Exhibit 7] Accordingly, HR LLC does not have an appeal pending in the Hawaii courts. The appeal is fully briefed before the ICA.

Neither HR LLC nor Miroyan obtained a stay of the Foreclosure Action pending appeal. Accordingly, the Commissioner was authorized to proceed with the auction while the appeal proceeded, and set the foreclosure auction for April 14, 2022, at 12:00 p.m., at the Keahoulu Courthouse, 74-5451 Kamakaeka Ave., Kailua-Kona HI 96740. [Shannon Decl., Exhibit 8] HR LLC filed the Bankruptcy Case the day of the scheduled foreclosure auction, which did not proceed.

**4.  Miroyan Files a Third Bad Faith Chapter 13 Case**

Miroyan filed a third[5] Chapter 13 Case on April 22, 2022, Case No. 22-50339. The Court is

---

[5] Miroyan's second Chapter 13 Case was filed on December 18, 2019, Case No. 19-52547, and dismissed on January 2, 2020, for failure to prosecute. This case has since been reopened.

requested to review the Trustee's Objection to Confirmation attached as Exhibit 6 to the RJN, which lays out the deficiencies in the filing and notes the bad faith.

## II. LAW AND ARGUMENT

### 1. The Plan in the HR LLC Prior Bankruptcy Case Remains Valid and Enforceable

"As to post-confirmation debts, a Chapter 11 plan of reorganization constitutes a new contract between a debtor and his or her creditors." *Murdock v. Holquin*, 323 B.R. 275, 282 (N.D. Cal. 2005). "[O]nce the reorganization plan is approved by the bankruptcy court, each claimant gets a 'new' claim, based upon whatever treatment is accorded to it in the plan itself." *In re Benjamin Coal Co.*, 978 F.2d 823, 827 (3d Cir. 1992); accord *Paul v. Monts*, 906 F.2d 1468, 1471, n.3 (10th Cir. 1990) (stating that action for breach of obligations under a confirmed Chapter 11 plan was "analogous to a contract claim"), cited in *In re Bashas' Inc.*, 437 B.R. 874, 916-17 (Bankr. D. Ariz. 2010)

Dismissal does not "undo" the confirmed Plan in the HR LLC Prior Bankruptcy Case, which remains binding on the reorganized debtor and its creditors. See, e.g., *In re Potts*, 188 B.R. 575, 582 (Bankr. N.D. Ind. 1995); *In re T&A Holdings, LLC*, 2016 Bankr. LEXIS 3905, 2016 WL 7105903, at *5 (Bankr. N.D. Ill.) ("the terms of a confirmed Chapter 11 plan remain binding post-dismissal"); *In re Page*, 118 B.R. 456, 460 (Bankr. N.D. Tex. 1990) (following post-confirmation dismissal, "creditors are free to enforce their plan-created contractual rights in the appropriate state court forum"); see also *Paul v. Monts*, 906 F.2d 1468, 1473 (10th Cir. 1990) (confirmed chapter 11 plan is a binding contract, cited *In re Akamai Physics, Inc.*, No. 20-12297-t11, 2022 Bankr. LEXIS 1089, at *13-14 (Bankr. D.N.M. Apr. 21, 2022)(collecting cases).

Kai is therefore entitled to HR LLC's performance under the Plan notwithstanding the dismissal of the HR LLC Prior Bankruptcy Case. Kai seeks conversion of the Bankruptcy Case to Chapter 7 rather than dismissal, so a Chapter 7 Trustee can perform under the Plan by selling the Property and paying the creditors.

### 2. Cause Exists to Convert This Bankruptcy Case to Chapter 7 Under Code §1112(b)

This Bankruptcy Case is another bad faith filing engineered by Miroyan to prevent Kai from foreclosing on the Property, and Kai contends there is sufficient "cause" for conversion under Code §1112(b)(4). Kai as the movant, bears the burden of establishing by preponderance of the evidence

that cause exists. *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 614 (9th Cir. BAP 2014) (citation omitted). Where reorganization or rehabilitation is unrealistic or futile, a chapter 11 case may be dismissed or converted even at its outset. *Johnston v. Jem Dev. Co. v. Johnston (In re Johnston)*, 149 B.R. 158, 162 (9th Cir. BAP 1992) Such is the case here.

Code §1112(b)(4) includes a non-exclusive list of the elements of "cause," and the Court should "consider other factors as they arise and use its equitable power to reach the appropriate result." *Pioneer Liquidating Corp. v. United States Trustee (In re Consolidated Pioneer Mortgage Entities)*, 248 B.R. 368, 375 (9th Cir. BAP 2000) aff'd, 264 F.3d 803 (9th Cir. 2001) The Court has broad discretion to determine what constitutes sufficient "cause" for dismissal or conversion[6] under §1112(b). Id.

To determine whether a debtor has filed a petition in bad faith, courts weigh a variety of circumstantial factors such as whether: (1) the debtor has only one asset; (2) the debtor has an ongoing business to reorganize; (3) there are any unsecured creditors; (4) the debtor has any cash flow or sources of income to sustain a plan of reorganization or to make adequate protection payments; and (5) the case is essentially a two party dispute capable of prompt adjudication in state court. A bankruptcy court may find one factor dispositive. Indeed, a bankruptcy court may find bad faith even if none of the factors are present. See *St. Paul Self Storage Ltd. P'ship v. Port Auth. (In re St. Paul Self Storage Ltd. P'ship)*, 185 B.R. 580 (9th Cir. BAP 1995); see also *In re Stolrow's, Inc.*, 84 B.R. 167, 171 (9th Cir. BAP 1988).

This facts in this Bankruptcy Case overwhelmingly meet and exceed each of the above factors. It is a single-asset real estate case. There is no on-going business to reorganize and there are unsecured creditors holding claims that were discharged in the HR LLC Prior Bankruptcy Case who can only be paid through the Plan. There is no cash flow to make adequate protection payments and the debt to Kai is increasing. And finally, this Bankruptcy Case is in essence a two-party dispute.[7]

---

[6] The standards for conversion and dismissal are the same, and the choice between conversion and dismissal is also committed to the discretion of the Bankruptcy Court. *Shulkin Hutton, Inc., P.S. v. Treiger*, 552 F.3d 958, 960-61 (9th Cir. 2009), cited *In re Bijelonic*, 2012 U.S. Dist. LEXIS 84130, at *8-9 n.3 (C.D. Cal. 2012)

[7] See Debtor's Amended Voluntary Petition, Amended Schedules, Statement of Financial Affairs, and Monthly Operating Reports.

When factors such as these indicate that a debtor is unreasonably deterring or harassing creditors rather than attempting a speedy and feasible reorganization, the court may conclude that the petition has been filed in bad faith. *Mahmood v. Khatib (In re Mahmood)*, No. CC-16-1210-TaFC, 2017 Bankr. LEXIS 724, at *9 (9th Cir. BAP, Mar. 17, 2017)

Once the Court determines that cause exists to convert or dismiss, it must also: (1) decide whether dismissal, conversion, or the appointment of a trustee or examiner is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate. *In re Sullivan*, 522 B.R. at 612; Code §1112(b)(1), (b)(2). The burden shifts to the party opposing the motion, usually the debtor, to establish grounds for applying the exception under § 1112(b)(2) and avoid conversion or dismissal." *In re Hoyle*, 2013 Bankr. LEXIS 420, 2013 WL 210254, at *13 (Bankr. D. Idaho 2013); *In re CA Fin. Sols.*, No. 19-00676 (RJF), 2019 Bankr. LEXIS 2016, at *12-13 (Bankr. D. Haw. July 1, 2019)

The word "unusual" is not defined in the Code, but contemplates facts that are not common to chapter 11 cases, generally. 7 Collier On Bankruptcy ¶ 1112.05[2] (Alan N. Resnick & Henry J. Sommers, eds., 16th ed.). If the Court does specifically find and identify such "unusual circumstances," the Debtor must also prove (1) there is a reasonable likelihood of plan confirmation within a reasonable time, (2) that the "cause" shown for conversion or dismissal was reasonably justified, and (3) that the cause for conversion or dismissal can be "cured" within a reasonable time. Code §1112(b)(2)(A)–(b)(2)(B). *Warren v. Young (In re Warren)*, 2015 Bankr. LEXIS 1775, 2015 WL 3407244, at *4 (9th Cir. BAP May 14, 2015) (citing Code § 1112(b)(2)(A) & (B)), cited in *Green v. Howard Family Tr. (In re Green)*, 2016 Bankr. LEXIS 3963, at *29-31 (9th Cir. BAP Nov. 9, 2016) The Debtor must establish each of the statutory elements set forth under Code §1112(b)(2) because the statute is written in the conjunctive. *In re Om Shivai*, Inc. 447 B.R. 459, 465 (Bankr. D.S.C. 2011); *Landmark Atlantic Hess Farm, LLC*, 448 B.R. 707, 717 (Bankr. D. Md. 2011).

Nothing in the record reveals any unusual circumstances that would establish justification against conversion of this case to Chapter 7. Although HR LLC may try and argue the Covid-19 pandemic as an excuse, it was unable to sell the Property from December, 2016 when the Plan was

confirmed in the HR LLC 2016 Bankruptcy Case, to December, 2019 when the Covid-19 pandemic began. Moreover, the Bankruptcy Court in the HR LLC 2016 Bankruptcy Case found on February 2, 2018:

> The Debtor has had more than a year to comply with the Plan, but has chosen not to do so. The Debtor has made no substantial efforts to sell the properties in accordance with the Plan. [RJN, Ex. 2, p. 5]

Conversion is the more appropriate remedy than dismissal based on the available asset for the benefit of creditors. Accordingly, a Chapter 7 trustee could effectively administer that distribution. See *Rand v. Porsche Fin. Servs. (In re Rand)*, 2010 Bankr. LEXIS 5076, 2010 WL 6259960, *10 n.14 (9th Cir. BAP 2010) (citing 7 Collier on Bankruptcy ¶ 1112.04[7] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed., 2010)) (noting that one factor supporting conversion in lieu of dismissal is "[t]he ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors.").

Dismissal will simply empower HR LLC and Miroyan to wait until the next foreclosure auction, and then refile for bankruptcy. Conversion of this Bankruptcy Case is therefore in the best interest of all creditors, so that a Chapter 7 Trustee can be appointed to sell the Property and pay allowed claims.

> **2. In the Alternative, If the Court Chooses to Dismiss the Bankruptcy Case, It Should impose a Two (2) Year Re-Filing Bar**

Although the general presumption under § 349(a) is that dismissal is without prejudice, meaning the debtor can refile, Code § 349(a) also permits the court to dismiss with prejudice, which is a bar to refiling. *Franco v. U.S. Trustee (In re Franco)*, 2016 Bankr. LEXIS 2185, 2016 WL 3227154, *5 (9th Cir. BAP 2016) (citing *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1223 – 1224 (9th Cir. 1999). A finding of bad faith permits a dismissal with prejudice. Id. (citing *Leavitt*, 171 F.3d at 1224). And inasmuch as a dismissal with prejudice is a permanent bar to refiling a bankruptcy case, then dismissal with prejudice for bad faith may also include a lesser bar to refiling. Id. (citing *Johnson v. Vetter (In re Johnson)*, 2014 Bankr. LEXIS 2726, 2014 WL 2808977, *7 (9th Cir. BAP 2014)). "When dismissing with prejudice courts are to consider the following factors: (1) whether debtor misrepresented facts in the petition, unfairly manipulated the Bankruptcy Code, or otherwise filed in an inequitable manner; (2) debtor's history of filing and dismissals; (3) whether

debtor only intended to defeat state court litigation; and (4) whether egregious behavior is present."
Id. (citing *Leavitt,* 171 F.3d at 1224); *In re Neher*, Nos. 18-23887-B-13, JRD -1, 2018 Bankr. LEXIS 3170, at *6-7 (Bankr. E.D. Cal. Oct. 10, 2018) ; *Jones v. Avery (In re Jones)*, No. CC-15-1211-KuDTa, 2016 Bankr. LEXIS 1837, at *30-31 (9th Cir. BAP Apr. 25, 2016)

HR LLC unfairly manipulated the Bankruptcy Code and filed in an inequitable manner. No effort had been made in the four (4) plus years since the dismissal of the HR LLC 2016 Bankruptcy Case to either sell the Property or otherwise make any payments to creditors. The Bankruptcy Case was filed for the sole purpose of using the automatic stay to once again stop the foreclosure auction.

This is a consistent pattern, beginning with the filing of the HR LLC 2016 Bankruptcy Case, Miroyan's fraudulent transfer of the Property from HR LLC to himself, and culminating in Miroyan's Chapter 13 Bankruptcy Case where Kai obtained the In Rem Order. The Bankruptcy Case was filed to defeat the Foreclosure Action, and to continue to frustrate Kai.

A dismissal with prejudice is appropriate here. HR LLC and Miroyan engaged in a scheme to delay, hinder, or defraud Kai. HR LLC did not file the petition in this Bankruptcy Case in good faith. HR LLC and Miroyan's history of repeatedly filing non-productive bankruptcy cases is bad faith conduct, and a manipulation of the Bankruptcy Code in an inequitable manner and for an improper purpose. Therefore, cause for dismissal with prejudice exists.

Date: June 5, 2022                 /s/ Wayne A. Silver
                                   Wayne A. Silver, attorney for *KENNETH Y.*
                                   *KAI and TAE K. KAI, Trustees of the Kai*
                                   *Family 1998 Trust*