**LAW OFFICE OF WAYNE A. SILVER**
Wayne A. Silver (108135)
643 Bair Island Road,
Suite 403
Redwood City, CA 94063
Phone: (650) 282-5970
Fax:    (650) 282-5980
Email: ws@waynesilverlaw.com

*Attorney for KENNETH Y. KAI and*
*TAE K. KAI, Trustees of the Kai Family 1998 Trust*

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>HAWAIIAN RIVERBEND, LLC,<br><br>     Debtor. | Case No.: 22-50314-SLJ<br>Chapter 11 (Sub-Chapter V) |

### DECLARATION OF MATTHEW C. SHANNON

I, MATTHEW C. SHANNON, declare as follows:

1.      I am a Partner with the law firm of Lung Rose Voss & Wagnild, attorneys for Plaintiffs Kenneth Y. Kai and Tae K. Kai, Trustees of the Kai Family 1998 Trust ("Plaintiffs"), in the matter of *Kai, et al. v. Hawaiian Riverbend, LLC, et al.*, 15-1-0164K pending in the Circuit Court of the Third Circuit, State of Hawaii ("Foreclosure Action").  I am licensed to practice before all courts in the State of Hawaii.

2.      The purpose of the Foreclosure Action is to foreclose on certain undeveloped real property owned by Defendant Hawaiian Riverbend, LLC ("HR LLC"), identified as Tax Map Key (3) 6-8-002-053 ("Subject Property").

3.      I am competent to testify to the matters herein, and I have been counsel for Plaintiffs in this Foreclosure Action since approximately March 2015.  I am the lead counsel at my firm responsible for handling this matter, and I am familiar with all the files and proceedings in this case.

4.      On or about March 15, 2019, the United States Bankruptcy Court, Northern District of

Page - 1

California, San Jose Division, entered its Order Granting Motion for Relief from Stay and Awarding In Rem Relief Under 11 U.S.C. §362(d)(4) ("In Rem Order") in Bankruptcy Case No. 18-52601.

5.  Pursuant to the In Rem Order, on or about April 1, 2019, Plaintiffs filed the following motions in the Foreclosure Action:

a.  Plaintiffs' Motion for Order to Show Cause and Sanctions Against Defendant Hawaiian Riverbend, LLC ("Motion for Sanctions"). This motion requested a ruling that HR LLC violated the Court's prior foreclosure decree by transferring the Subject Property to HR LLC's principal, Michael Miroyan, without authorization of the Court or the Court-appointed foreclosure Commissioner, Andrew M. Kennedy, Esq ("Commissioner"). The motion also sought to amend the foreclosure decree to specifically prohibit any further transfers of the Subject Property.

b.  Plaintiffs' Motion to Compel Transfer of the Subject Foreclosure Property ("Motion to Compel Transfer"). This motion requested that the Clerk of the Court execute a deed on behalf of Michael Miroyan to transfer title of the Property back to HR LLC.

c.  Plaintiffs' Ex Parte Motion to Certify Michael Miroyan as John Doe Defendant No. 1, which was granted on April 10, 2019.

6.  On June 3, 2019, Plaintiffs' Motion for Sanctions and Motion to Compel Transfer came for hearing in the Foreclosure Action before the Honorable Robert D.S. Kim.

7.  On September 26, 2019, the Court entered the following orders:

a.  Order Granting Plaintiffs' Motion to Compel Transfer, which compelled the Clerk of the Court to convey the Property by Quitclaim Deed back to HR LLC. See Exhibit 1

b.  Order Granting Plaintiffs' Motion for Sanctions, which prohibited any further transfers of the Subject Property by HR LLC, and amended the foreclosure decree consistent with the same. See Exhibit 2.

c.  Amended Order Granting Plaintiffs' Renewed Motion for Summary Judgment and Fore Interlocutory Decree of Foreclosure, filed December 17, 2015 ("Amended Foreclosure Decree"). Order Granting Plaintiffs' Motion to Compel Transfer, which compelled the Clerk of the Court to convey the Property by Quitclaim Deed back to HR LLC.

Case: 22-90314    Doc# 51-1    Filed: 06/06/22    Entered: 06/06/22 08:48:18    Page 2 of 63

See Exhibit 3.

8.    The Amended Foreclosure Decree was necessary to specifically bar any further transfers of the Property without prior leave of Court.

9.    On September 26, 2019, the Court also entered its Judgment on the Amended Foreclosure Decree.  See Exhibit 4.

10.   On October 25, 2019, HR LLC and Miroyan, individually, filed a Notice of Appeal in the Intermediate Court of Appeals of the State of Hawaii.  See Exhibit 5.

11.   On October 31, 2019, Lester D. Ohiro, Chief Clerk of the Third Circuit Court of the State of Hawaii, on behalf of Michael H. Miroyan, as Grantor, executed a Quitclaim Deed in favor of Hawaii Riverbend LLC, as Grantee ("Quitclaim Deed").  The Quitclaim Deed was recorded in the State of Hawaii Bureau of conveyances as Document No. A-74110749 on April 16, 2020.  See Exhibit 6.

12.   On February 11, 2020, Plaintiffs filed a Motion to Dismiss the Appeal for lack of appellate jurisdiction.

13.   On March 10, 2020, the ICA entered its Order Denying the Motion to Dismiss the Appeal.  However, the ICA held that the Notice of Appeal was not valid as to HR LLC, and that "…Miroyan (individually) is the lone appellant in appellate court case number CAAP-19-0000742." Accordingly, HR LLC does not have an appeal pending in the Hawaii courts.  See Exhibit 7.

14.   The appeal is fully briefed before the ICA.

15.   Neither HR LLC nor Miroyan obtained a stay of the Foreclosure Action pending appeal.  Accordingly, the Commissioner was authorized to proceed with the auction while the appeal proceeded.

16.   The Commissioner set the foreclosure auction for April 14, 2022 at 12:00 p.m., at the Keahoulu Courthouse, 74-5451 Kamakaeha Ave., Kailua-Kona HI 96740.  Attached hereto as Exhibit 8 is a true and correct copy of the Fact Sheet provided by the Commissioner.

17.   Prior to the scheduled auction, HR LLC filed this Bankruptcy Petition, therefore, the auction did not occur.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 3, 2022 at Honolulu, Hawaii.

/s/ Matthew c. Shannon
Matthew C. Shannon

Case: 22-90314    Doc# 51-1    Filed: 06/06/22    Entered: 06/06/22 08:48:18    Page 4 of 63

# EXHIBIT ONE

FILED

Of Counsel:

BAYS LUNG ROSE & HOLMA

MICHAEL C. CARROLL            7583-0
Attorney at Law
A Law Corporation

MATTHEW C. SHANNON            9043-0
Attorney at Law
A Law Corporation
SHARON PARIS                  10549-0
Topa Financial Center
700 Bishop Street, Suite 900
Honolulu, Hawaii 96813
Telephone: (808) 523-9000

Attorneys for Plaintiffs
KENNETH Y. KAI and TAE K. KAI,
TRUSTEES OF THE KAI FAMILY 1998 TRUST

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| KENNETH Y. KAI and TAE K. KAI, TRUSTEES OF THE KAI FAMILY 1998 TRUST, | ) CIVIL NO. 15-1-0164K<br>) (Foreclosure)<br>) |
| Plaintiffs, | ) ORDER GRANTING PLAINTIFFS'<br>) MOTION TO COMPEL TRANSFER OF<br>) SUBJECT FORECLOSURE PROPERTY, |
| vs. | ) FILED APRIL 1, 2019; EXHIBIT "1"<br>) |
| HAWAIIAN RIVERBEND, LLC;<br>COUNTY OF HAWAII; JOHN DOES 1-10;<br>JANE DOES 1-10; DOE CORPORATIONS<br>1-10; DOE PARTNERSHIPS 1-10;<br>DOE ENTITIES 1-10; and DOE<br>GOVERNMENTAL ENTITIES 1-10, | )<br>)<br>)<br>) Judge: The Honorable Robert D.S. Kim<br>)<br>) No Trial Date Set. |
| Defendants. | )<br>) |

I hereby certify that this is a full, true and correct copy of the original on file in this office.

Clerk, Third Circuit Court, State of Hawaii

762367.1

## ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL
## TRANSFER OF SUBJECT FORECLOSURE PROPERTY, FILED APRIL 1, 2019

Plaintiff KENNETH Y. KAI and TAE K. KAI, TRUSTEES OF THE KAI FAMILY 1998 TRUST's ("Plaintiffs") Motion to Compel Transfer of Subject Foreclosure Property filed April 1, 2019 ("Motion") came on for hearing at 8:30 a.m. on June 3, 2019, before the Honorable Robert D.S. Kim. Matthew C. Shannon, Esq., appeared on behalf of the Plaintiffs. Demetri G. Lametti, Esq., appeared on behalf of Defendant HAWAIIAN RIVERBEND, LLC ("Defendant"). Commissioner Andrew M. Kennedy, Esq., also made an appearance, and Doe Defendant Michael H. Miroyan appeared by telephone.

The Court, having reviewed the Motion, memoranda and responses, argument of counsel, and being duly advised of the record and file herein, and for good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion is GRANTED as follows:

1. Defendant Hawaiian Riverbend, LLC conveyed the real property located at Tax Map Key No. (3) 6-8-002-053 ("Property") to Doe Defendant Michael H. Miroyan in violation of this Court's March 21, 2018 Order Granting Plaintiffs' Renewed Motion for Summary Judgment and for Interlocutory Decree of Foreclosure, Filed December 17, 2015.

2. Pursuant to Haw. Rev. Stat. § 651C-4(a)(1), the Warranty Deed recorded in the Bureau of Conveyances, State of Hawaii as Document No. A-67950847, concerning the Property, is a fraudulent conveyance and is void as a matter of law.

3. Doe Defendant Michael H. Miroyan, having appeared at the hearing and failing to raise any objection regarding service of process, is deemed to have waived any such objection.

2

4.      Based on Doe Defendant Michael H. Miroyan's failure or refusal to transfer the Property back to Defendant Hawaiian Riverbend, LLC, the Clerk of the Court is hereby appointed to execute the conveyance of the Property and deliver deeds or other documents necessary to effectuate such conveyance in accordance with Rule 70 of the Hawaii Rules of Civil Procedure.

5.      The Clerk of the Court is ordered to convey the Property by Quitclaim Deed, in the form attached hereto as Exhibit "1" and as submitted concurrently herewith, to Defendant Hawaiian Riverbend, LLC and record such conveyance in the State of Hawaii Bureau of Conveyances.

6.      Plaintiffs are entitled to $ 2,095.33 for their attorneys' fees and costs incurred in the filing of this Motion.

DATED: ~~Kealakekua,~~ Kailua-Kona, Hawaii, _____ SEP 2 5 2019 _____.

_____
JUDGE OF THE ABOVE-ENTITLED COURT

[SEAL: THIRD CIRCUIT COURT OF HAWAII]

APPROVED AS TO FORM:


_____
HAWAIIAN RIVERBEND, LLC
Defendant


_____
MICHAEL H. MIROYAN
Doe Defendant and Owner of
HAWAIIAN RIVERBEND, LLC


*Kenneth Y. Kai and Tae K. Kai, Trustees of the Kai Family 1998 Trust v. Hawaiian Riverbend, LLC, et al.;* Civil No. 15-1-0164K; ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL TRANSFER OF SUBJECT FORECLOSURE PROPERTY, FILED APRIL 1, 2019

762367.1

Case: 22-50314    Doc# 51-1    Filed: 06/06/22    Entered: 06/06/22 08:48:18    Page 8 of 63

ANDREW M. KENNEDY
Court-Appointed Commissioner


RENEE N.C. SCHOEN
Attorney for Defendant
COUNTY OF HAWAII

*Kenneth Y. Kai and Tae K. Kai, Trustees of the Kai Family 1998 Trust v. Hawaiian Riverbend, LLC, et al.;* Civil No. 15-1-0164K; ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL TRANSFER OF SUBJECT FORECLOSURE PROPERTY, FILED APRIL 1, 2019

4

762367.1

# EXHIBIT "1"

LAND COURT                    REGULAR SYSTEM

AFTER RECORDATION, RETURN BY:  Mail ( )     Pickup (X)

> Bays Lung Rose & Holma (MCS)
> 700 Bishop Street, Ste. 900
> Honolulu, Hawaii 96813
> (808) 523-9000

TITLE OF DOCUMENT:

## QUITCLAIM DEED

PARTIES TO DOCUMENT:

GRANTOR:        Michael H. Miroyan
                P.O. Box 3181
                Saratoga, California 95070

GRANTEE:        Hawaiian Riverbend, LLC, a Hawaii limited liability company
                with a mailing address of P.O. Box 3181
                Saratoga, California 95070

Tax Map Key No.:  (3) 6-8-002-053 (Lot 9-C);          This document contains ___ pages.
approximately 14.622 acres of real property,
more or less

Page 1

749239.1

# QUITCLAIM DEED

As of this _____ day of _____, 2019, for $1.00 and other good and valuable consideration paid by Grantee the receipt and sufficiency of which Grantor acknowledges, Grantor releases, remises, and quitclaims to Grantee all of the real property described in **Exhibit A** attached to this Quitclaim Deed, together with all appurtenant rights, titles, and interests to that real property without any representations or warranties, whatsoever, express or implied.

The Clerk of the Circuit Court of the Third Circuit, State of Hawaii is executing this Quitclaim Deed on behalf of Grantor as of the date stated above, pursuant to Rule 70 of the Hawaii Rules of Civil Procedure and the Court's Order Granting Plaintiffs' Motion to Compel Transfer of Subject Foreclosure Property, Filed April 1, 2019, in Civil No. 15-1-0164K.


_____
CLERK OF THE CIRCUIT COURT
OF THE THIRD CIRCUIT
STATE OF HAWAII

749239.1

STATE OF HAWAII )
                        )    SS

COUNTY OF HAWAII )

On this ____ day of _____ 2019, personally appeared _____,
to me personally known, who, being by me duly sworn or affirmed did say that such person
executed the foregoing instrument as the free act and deed of such person, and if applicable, in
the capacity shown, having been duly authorized to execute such instrument in such capacity.


(seal)
                                    _____
                                    Name:
                                    Notary Public, State of Hawaii
                                    Third Judicial Circuit

                                    My commission expires on: _____


### Notary Certification

Doc. Date: _____ # Pages: _____
_____ _____ Circuit
                     [Print Name of Notary]

(seal)
                                    Doc. Description:  Quitclaim Deed


_____ _____
                    Notary Signature                  Date

749239.1

Case: 22-50314    Doc# 51-1    Filed: 06/06/22    Entered: 06/06/22 08:48:18    Page 13
of 63

*THE TOP PORTION OF THIS PAGE IS INTENTIONALLY LEFT BLANK*

Lot 9-C

All of that certain parcel of land being a portion of Lot 9, Waikoloa Development. File Plan 1172 being also a portion of R. P. 5671 L C. Aw. 8521-B, Apana 1 to G. D. Hueu of Waikoloa Development, situate at Waikoloa. District of South Kohala Island of Hawaii. Hawai'i. being Lot 9-C being a portion of Lot 9. Waikoloa Development File Plan 1172, and thus bounded and described.

Beginning at the Southeast corner of this parcel of land being also the North side of Waikoloa Road and the Southwest corner of Lot 8 Waikoloa Development File Plan 1172. the coordinates of said point of beginning referred to Government Survey Triangulation Station "Puu Hinai" being 8 393.08 feet North and 1.531.27 feet West and running by azimuths measured clockwise from True South:

| | | | | |
|---|---|---|---|---|
| 1. | 111° | 44' | 07" | 1.280.73 feet along the North side of Waikoloa Road, |
| 2 | 113° | 41' | 56" | 352.57 feet along the same. |

Thence, along the intersection of Waikoloa Road and Ponilolo Avenue on a curve to the right with a radius of 20.00 feet, the chord azimuth and distance being:

# Exhibit A

| | | | | |
|---|---|---|---|---|
| 3. | 157° | 32' | 49" | 27.71 feet; |
| 4. | 201° | 23' | 42" | 304.78 feet along Paniolo Avenue; |

Thence, along the same on a curve to the left with a radius of 540.00 feet, the chord azimuth and distance being:

| | | | | |
|---|---|---|---|---|
| 5. | 192° | 03' | 09" | 175.29 feet; |
| 6. | 266° | 19' | 57" | 24.17 feet along Lot 9-B; |

Thence, along the same on a curve to the left with a radius of 265.00 feet, the chord azimuth and distance being:

| | | | | |
|---|---|---|---|---|
| 7. | 254° | 55' | 34" | 104.81 feet; |
| 8. | 243° | 31' | 12" | 102.13 feet along the same; |

Thence, along the same on a curve to the right with a radius of 191.00 feet, the chord azimuth and distance being:

| | | | | |
|---|---|---|---|---|
| 9. | 267° | 37' | 40" | 156.03 feet; |
| 10. | 291° | 44' | 07" | 164.63 feet along the same; |
| 11. | 21° | 44' | 07" | 279.00 feet along the same; |
| 12. | 291° | 44' | 07" | 447.84 feet along the same; |
| 13. | 21° | 44' | 07" | 263.57 feet along Lot 8, Waikoloa Development, File Plan 1172; |
| 14. | 291° | 44' | 07" | 755.00 feet along the same; |
| 15. | 21° | 44' | 07" | 180.00 feet along the same to the point of beginning and containing and area of 14.622 acres, more or less. |

Together with Easement AE-1 for access purposes, more particularly described as follows:

All of that certain easement parcel of land being a portion of Lot 9-B, Waikoloa Development, Waikoloa, District of South Kohala, Island of Hawaii, State of Hawaii.

Beginning at the Northeast corner of this easement parcel of land, the coordinates of said point of beginning referred to Government Survey Triangulation Station "Puu Hinai" being 9,596.53 feet North and 2,436.77 feet West and running by azimuths measured clockwise from True South:

| | | | | |
|---|---|---|---|---|
| 1. | 21° | 44' | 07" | 60.00 feet; |
| 2. | 111° | 44' | 07" | 80.70 feet along Lot 9-C; |

Thence, along the same on a curve to the left with a radius of 191.00 feet, the chord azimuth and distance being:

| | | | | |
|---|---|---|---|---|
| 3. | 87° | 37' | 40" | 156.03 feet; |
| 4. | 63° | 31' | 12" | 102.13 feet along the same; |

Thence, along the same on a curve to the right with a radius of 265.00 feet, the chord azimuth and distance being:

| 5. | 74° | 55' | 34" | 104.80 | feet; |
| 6. | 86° | 19' | 57" | 24.17 | feet along the same; |

Thence, along Paniolo Avenue on a curve to the left with a radius of 540.00 feet, the chord azimuth and distance being:

| 7. | 179° | 31' | 19" | 60.09 | feet; |
| 8. | 266° | 19' | 57" | 20.83 | feet along Lot 9-A; |

Thence, along the same on a curve to the left with a radius of 205.00 feet, the chord azimuth and distance being:

| 9. | 254° | 55' | 34" | 81.08 | feet; |
| 10. | 243° | 31' | 12" | 102.13 | feet along the same; |

Thence, along the same on a curve to the right with a radius of 251.00 feet, the chord azimuth and distance being:

| 11. | 267° | 37' | 40" | 205.04 | feet; |
| 12. | 291° | 44' | 07" | 80.70 | feet along the same to the point of beginning and containing an area of 0.667 acres, more or less. |

Being a portion of the land conveyed,

| To: | Hawaiian Riverbend, LLC, a Hawaii limited liability company |
| By: | Warranty Deed |
| Dated: | November 23, 2009 |
| Recorded/Filed | November 23, 2009 |
| Document No.: | 2009-179060 |

# EXHIBIT TWO

Of Counsel:

BAYS LUNG ROSE & HOLMA

MICHAEL C. CARROLL     7583-0
Attorney at Law
A Law Corporation
MATTHEW C. SHANNON     9043-0
Attorney at Law
A Law Corporation
SHARON PARIS     10549-0
Topa Financial Center
700 Bishop Street, Suite 900
Honolulu, Hawaii 96813
Telephone: (808) 523-9000

Attorneys for Plaintiffs
KENNETH Y. KAI and TAE K. KAI,
TRUSTEES OF THE KAI FAMILY 1998 TRUST

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| KENNETH Y. KAI and TAE K. KAI, TRUSTEES OF THE KAI FAMILY 1998 TRUST, | ) CIVIL NO. 15-1-0164K<br>) (Foreclosure)<br>) |
| Plaintiffs, | ) ORDER GRANTING PLAINTIFFS'<br>) MOTION FOR ORDER TO SHOW CAUSE<br>) AND SANCTIONS AGAINST |
| vs. | ) DEFENDANT HAWAIIAN RIVERBEND,<br>) LLC, FILED APRIL 1, 2019; EXHIBIT "1" |
| HAWAIIAN RIVERBEND, LLC; COUNTY OF HAWAII; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, | )<br>)<br>)<br>)<br>)<br>)<br>) Judge: The Honorable Robert D.S. Kim<br>) |
| Defendants. | ) No Trial Date Set.<br>) |

I hereby certify that this is a full, true and correct
copy of the original on file in this office.

Clerk, Third Circuit Court, State of Hawaii

Plaintiff KENNETH Y. KAI and TAE K. KAI, TRUSTEES OF THE KAI

FAMILY 1998 TRUST's ("Plaintiffs") Motion for an Order to Show Cause and Sanctions

Against Defendant Hawaiian Riverbend, LLC, Filed April 1, 2019 ("Motion") came on for

hearing at 8:30 a.m. on June 3, 2019, before the Honorable Robert D.S. Kim.  Matthew C.

Shannon, Esq., appeared on behalf of the Plaintiffs.  Demetri G. Lametti, Esq., appeared on

behalf of Defendant HAWAIIAN RIVERBEND, LLC ("Defendant").  Commissioner Andrew

M. Kennedy, Esq., also made an appearance, and Doe Defendant Michael H. Miroyan appeared

by telephone.

The Court, having reviewed the Motion, memoranda and responses, argument of

counsel, and being duly advised of the record and file herein, and for good cause appearing

therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff's

Motion is GRANTED as follows:

1.      Defendant Hawaiian Riverbend, LLC and Doe Defendant Michael H.

Miroyan violated this Court's March 21, 2018 Order Granting Plaintiffs' Renewed Motion for

Summary Judgment and for Interlocutory Decree of Foreclosure, Filed December 17, 2015.

2.      Defendant Hawaiian Riverbend, LLC shall not transfer the title to subject

property, identified as Tax Map Key No. (3) 6-8-002-053, absent an Order of this Court.

3.      The Order Granting Plaintiffs' Renewed Motion For Summary Judgment

and For Interlocutory Decree of Foreclosure, Filed December 17, 2015 shall be amended as

indicated in the form, in Ramseyer format, attached hereto as Exhibit "1" and as submitted concurrently herewith in final form.

   4.   Plaintiffs are entitled to $ _2,211.72_ for their attorneys' fees and costs incurred in the filing of this Motion.

   DATED: ~~Kealakekua~~ Keilani Kona, Hawaii, _____SEP 2 5 2019_____.

   _____
   JUDGE OF THE ABOVE-ENTITLED COURT

APPROVED AS TO FORM:

_____
HAWAIIAN RIVERBEND, LLC
Defendant

_____
MICHAEL H. MIROYAN
Doe Defendant and Owner of
HAWAIIAN RIVERBEND, LLC

_____
ANDREW M. KENNEDY
Court-Appointed Commissioner

_____
RENEE N.C. SCHOEN
Attorney for Defendant
COUNTY OF HAWAII

_____
*Kenneth Y. Kai and Tae K. Kai, Trustees of the Kai Family 1998 Trust v. Hawaiian Riverbend, LLC, et al.;* Civil No. 15-1-0164K; ORDER GRANTING PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE AND SANCTIONS AGAINST DEFENDANT HAWAIIAN RIVERBEND, LLC, FILED APRIL 1, 2019

762427.1

3

# EXHIBIT "1"

Of Counsel:

BAYS LUNG ROSE & HOLMA

| | |
|---|---|
| MICHAEL C. CARROLL | 7583-0 |
| Attorney at Law | |
| A Law Corporation | |
| MATTHEW C. SHANNON | 9043-0 |
| Attorney at Law | |
| A Law Corporation | |
| SHARON PARIS | 10549-0 |

Topa Financial Center
700 Bishop Street, Suite 900
Honolulu, Hawaii 96813
Telephone: (808) 523-9000

Attorneys for Plaintiffs
KENNETH Y. KAI and TAE K. KAI,
TRUSTEES OF THE KAI FAMILY 1998 TRUST

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| KENNETH Y. KAI and TAE K. KAI, TRUSTEES OF THE KAI FAMILY 1998 TRUST, | ) CIVIL NO. 15-1-0164K<br>) (Foreclosure)<br>) |
| Plaintiffs, | ) AMENDED ORDER GRANTING<br>) PLAINTIFFS' RENEWED MOTION FOR<br>) SUMMARY JUDGMENT AND FOR<br>) INTERLOCUTORY DECREE OF<br>) FORECLOSURE, FILED DECEMBER 17,<br>) 2015 |
| vs. | ) |
| HAWAIIAN RIVERBEND, LLC; COUNTY OF HAWAII; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, | )<br>)<br>)<br>) Hearing Date:<br>) Date:   February 28, 2018<br>) Time:   8:00 a.m.<br>) Judge:  Hon. Robert D.S. Kim |
| Defendants. | )<br>) No Trial Date Set. |

762435.1

<u>AMENDED ORDER GRANTING PLAINTIFFS'</u>
<u>RENEWED MOTION FOR SUMMARY JUDGMENT AND FOR</u>
<u>INTERLOCUTORY DECREE OF FORECLOSURE, FILED DECEMBER 17, 2015</u>

Plaintiffs Kenneth Y. Kai and Tae K. Kai, Trustees of the Kai Family 1998

Trust's ("Plaintiffs") Renewed Motion for Summary Judgment and for Interlocutory Decree of

Foreclosure, filed December 17, 2015, came on for hearing at 8:00 a.m. on February 28, 2018,

before the Honorable Robert D.S. Kim.  Matthew C. Shannon, Esq. appeared on behalf of

Plaintiffs, and Paul J. Sulla, Jr., Esq. appeared on behalf of Defendant Hawaiian Riverbend, LLC

("Defendant").  Defendant County of Hawaii did not appear.

After considering the written submissions by the parties and hearing the

arguments of the parties, the files herein, and good cause appearing therefore, the Court finds as

follows:

<u>FINDINGS OF FACT</u>

1.       On or about May 3, 2010, Defendant executed a Promissory Note in favor

of Plaintiffs in the principal amount of FIVE HUNDRED FORTY THOUSAND AND NO/100

DOLLARS ($540,000.00) at 5% per annum ("Note").  The Note was secured by a mortgage

("First Mortgage") on certain property located in Waikoloa, Hawaii, bearing Tax Map Key

("TMK") No. (3) 6-8-002-021 ("Property").  On May 7, 2010, the First Mortgage was recorded

in the Bureau of Conveyances of the State of Hawaii ("Bureau") as Document No. 2010-062606.

The Property was subsequently subdivided into three lots: Lot 9-A, Lot 9-B, and Lot 9-C.

2.       On or about July 15, 2013, the First Mortgage was amended by a Partial

Release of Mortgage to cancel, discharge, and release all of Plaintiffs' interest in Lot 9-A, and

which was recorded in the Bureau as Document No. A-49680401 on August 8, 2013.

Case: 22-50314    Doc# 51-1    Filed: 06/06/22    Entered: 06/06/22 08:48:18    Page 23
of 63

3.       On or about February 4, 2014, the First Mortgage was again amended by a Partial Release of Mortgage to cancel, discharge, and release all of Plaintiffs' interest in Lot 9-B, and which was recorded in the Bureau as Document No. A-51720204 on February 28, 2014.

4.       The First Mortgage retained its security interest in Lot 9-C, bearing TMK No. (3) 6-8-002-053 ("Mortgaged Property").

5.       As consideration for the partial releases of the First Mortgage, on August 8, 2013, the Note was amended to increase the principal amount owed to EIGHT HUNDRED NINE THOUSAND FIVE HUNDRED FOUR AND NO/100 DOLLARS ($809,504.00) and extend the maturity date to December 1, 2013 ("Amended Note"), which was recorded in the Bureau as Document No. A-50700518 on November 18, 2013.

6.       On or about August 7, 2013, the Debtor executed a second promissory note in favor of the Plaintiffs ("Second Note") in the amount of THREE HUNDRED THOUSAND AND NO/100 DOLLARS ($300,000.00). The Second Note was secured by a junior mortgage on the Mortgaged Property ("Second Mortgage"), which was recorded in the Bureau as Document No. A-5700519 on November 18, 2013.

7.       Under the terms, covenants, and conditions set forth in the loan documents, Plaintiffs are entitled to accelerate the Amended Note and Second Note and foreclose on the Mortgaged Property in the event of default.

8.       The Defendant has defaulted on his obligations and promises under the loan documents, and has failed and refused to make payment as required under the same, despite the Plaintiffs' demands.

3

9.     As a result of Defendant's default, on or about June 3, 2015, Plaintiffs filed a First Amended Complaint with this Court seeking to assert their rights under the applicable loan documents.

10.    Subject only to real property taxes owed to Defendant County of Hawaii, Plaintiffs have a valid first lien upon the Mortgaged Property for all such amounts due under the applicable loan documents.

<u>CONCLUSIONS OF LAW</u>

1.     This Court has jurisdiction over the Parties and the subject matter of this action, and Venue is proper in this Circuit.

2.     Having viewed the facts in their best light to the Defendant, and there being no genuine issue as to any material fact, the Plaintiffs are entitled to a judgment as a matter of law pursuant to the Hawaii Rules of Civil Procedure Rule 56(c).

3.     Plaintiffs are entitled to have the applicable loan documents enforced and the Mortgaged Property foreclosed, and to have the Mortgaged Property sold in a manner prescribed by law, the First and Second Mortgages being valid first liens on the Mortgaged Property subject only to outstanding real property taxes owed to the Defendant County of Hawaii.

4.     Any sums due or claimed by other parties to this action are hereby adjudged to be junior and subordinate to the judgment entered herein in favor of Defendant County of Hawaii and Plaintiffs.

5.     Plaintiffs, as Mortgagee, may purchase the Mortgaged Property at any foreclosure sale, without first making a down payment.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      Plaintiffs' Renewed Motion for Summary Judgment and for Interlocutory Decree of Foreclosure, filed December 17, 2015, is hereby GRANTED.

2.      All sums that are due, or will become due to Plaintiffs, are valid first liens on the Mortgaged Property, subject only to real property taxes that may be owed to Defendant County of Hawaii.

3.      The Mortgaged Property subject to this foreclosure action consists of TMK No. (3) 6-8-002-053.

4.      Defendant is due and owing to Plaintiffs for unpaid principal, interest, and other sums, pursuant to the applicable loan documents, in the amount to be determined by the Court once the Mortgaged Property is sold at a foreclosure auction.

5.      The Court hereby appoints the following Commissioner:

Name:           Andrew Kennedy, Esq.

Telephone:      (808) 787-7275

Address:        75-167 Kalani Street, Suite 201, Kailua-Kona, HI 96740

6.      The Commissioner shall hold equitable and legal title to the Mortgaged Property until otherwise ordered and/or instructed by the Court.

7.      Defendant is prohibited from transferring, conveying, or encumbering the Mortgaged Property without prior leave of Court.

6.8.    The Commissioner is hereby authorized and directed to take possession of the Mortgaged Property, to rent the Mortgaged Property pending foreclosure, if appropriate, and to sell the Mortgaged Property for cash in lawful money of the United States in the manner provided by law and all orders of this Court, without upset price, and upon confirmation of the

5

sale by this Court, the Commissioner is hereby authorized and directed to make and deliver to the purchaser or purchasers such instruments of conveyance of the Mortgaged Property as may be appropriate.

7.9.    The Commissioner may require that the sale close through an escrow, even if purchaser does not require one.  All costs and expenses of closing, including, without limitation, the costs of conveyance, including preparation of the conveyance document, conveyance tax, escrow and recording fees, any proof of title or title insurance, and notary fees, as well as the costs of securing possession of the Mortgaged Property, shall be the responsibility of, and paid by the purchaser.  Neither the availability of title insurance nor securing possession of the Mortgaged Property shall be a condition of closing.

8.10.    The Commissioner is hereby authorized and directed to make his report to the Court upon sale of the Mortgaged Property, and the Court shall determine the amounts due to Plaintiffs, including, but not limited to, principal, interest, late charges, advances, costs, expenses, and attorneys' fees.

9.11.    Plaintiffs and/or their assigns may become a purchaser at the sale without the requirement of a down payment and are authorized to credit bid for the Mortgaged Property up to the amount of the mortgage debt.

10.12.  Upon foreclosure sale, Defendant, and all persons claiming any interest in the Mortgaged Property, by, through, or under them are forever barred from any and all rights, title, interest and claims at law or in equity in and to the Mortgaged Property.

11.13.  This Court shall reserve jurisdiction to determine any other matters which may later come before this Court, including, but not limited to, the distribution and disbursement of the proceeds of the foreclosure sale, the amount of fees and costs of the Commissioner and of

6

Plaintiffs' attorneys, and, if the sale proceeds are insufficient to pay amounts claimed by

Plaintiffs, to enter a judgment against Defendant for such deficiency.

        DATED:  Kealakekua, Hawaii, _____.


_____
Judge of the Above-Entitled Court


APPROVED AS TO FORM:


_____
HAWAIIAN RIVERBEND, LLC
Defendant


_____
MICHAEL H. MIROYAN
Doe Defendant and Owner of
HAWAIIAN RIVERBEND, LLC


_____
ANDREW M. KENNEDY
Court-Appointed Commissioner


_____
RENEE N.C. SCHOEN
Attorney for Defendant
COUNTY OF HAWAII


*Kenneth Y. Kai, et al. v. Hawaiian Riverbend, LLC, et al.*; Civil No. 15-1-0164K; <u>Amended</u> Order Granting Plaintiffs' Renewed Motion for Summary Judgment and For Interlocutory Decree of Foreclosure, Filed December 17, 2015

762435.1

7

Case: 22-50314    Doc# 51-1    Filed: 06/06/22    Entered: 06/06/22 08:48:18    Page 28 of 63

# EXHIBIT THREE

OCT 04 2019

FILED

2019 SEP 26 AM 11: 09

L. KITAOKA, CLERK
THIRD CIRCUIT COURT
STATE OF HAWAII

Of Counsel:

BAYS LUNG ROSE & HOLMA

MICHAEL C. CARROLL          7583-0
Attorney at Law
A Law Corporation
MATTHEW C. SHANNON          9043-0
Attorney at Law
A Law Corporation
SHARON PARIS               10549-0
Topa Financial Center
700 Bishop Street, Suite 900
Honolulu, Hawaii  96813
Telephone:  (808) 523-9000

Attorneys for Plaintiffs
KENNETH Y. KAI and TAE K. KAI,
TRUSTEES OF THE KAI FAMILY 1998 TRUST

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| KENNETH Y. KAI and TAE K. KAI, TRUSTEES OF THE KAI FAMILY 1998 TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>HAWAIIAN RIVERBEND, LLC; COUNTY OF HAWAII; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. 15-1-0164K<br>(Foreclosure)<br><br>AMENDED ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR SUMMARY JUDGMENT AND FOR INTERLOCUTORY DECREE OF FORECLOSURE, FILED DECEMBER 17, 2015<br><br><u>Hearing Date:</u><br>Date:   February 28, 2018<br>Time:   8:00 a.m.<br>Judge:  Hon. Robert D.S. Kim<br><br>No Trial Date Set. |

764199.1

I hereby certify that this is a full, true and correct
copy of the original on file in this office.

Clerk, Third Circuit Court, State of Hawaii

AMENDED ORDER GRANTING PLAINTIFFS'
RENEWED MOTION FOR SUMMARY JUDGMENT AND FOR
<u>INTERLOCUTORY DECREE OF FORECLOSURE, FILED DECEMBER 17, 2015</u>

Plaintiffs Kenneth Y. Kai and Tae K. Kai, Trustees of the Kai Family 1998

Trust's ("Plaintiffs") Renewed Motion for Summary Judgment and for Interlocutory Decree of

Foreclosure, filed December 17, 2015, came on for hearing at 8:00 a.m. on February 28, 2018,

before the Honorable Robert D.S. Kim. Matthew C. Shannon, Esq. appeared on behalf of

Plaintiffs, and Paul J. Sulla, Jr., Esq. appeared on behalf of Defendant Hawaiian Riverbend, LLC

("Defendant"). Defendant County of Hawaii did not appear.

After considering the written submissions by the parties and hearing the

arguments of the parties, the files herein, and good cause appearing therefore, the Court finds as

follows:

<u>FINDINGS OF FACT</u>

1.      On or about May 3, 2010, Defendant executed a Promissory Note in favor

of Plaintiffs in the principal amount of FIVE HUNDRED FORTY THOUSAND AND NO/100

DOLLARS ($540,000.00) at 5% per annum ("Note"). The Note was secured by a mortgage

("First Mortgage") on certain property located in Waikoloa, Hawaii, bearing Tax Map Key

("TMK") No. (3) 6-8-002-021 ("Property"). On May 7, 2010, the First Mortgage was recorded

in the Bureau of Conveyances of the State of Hawaii ("Bureau") as Document No. 2010-062606.

The Property was subsequently subdivided into three lots: Lot 9-A, Lot 9-B, and Lot 9-C.

2.      On or about July 15, 2013, the First Mortgage was amended by a Partial

Release of Mortgage to cancel, discharge, and release all of Plaintiffs' interest in Lot 9-A, and

which was recorded in the Bureau as Document No. A-49680401 on August 8, 2013.

764199.1

2

3.	On or about February 4, 2014, the First Mortgage was again amended by a Partial Release of Mortgage to cancel, discharge, and release all of Plaintiffs' interest in Lot 9-B, and which was recorded in the Bureau as Document No. A-51720204 on February 28, 2014.

4.	The First Mortgage retained its security interest in Lot 9-C, bearing TMK No. (3) 6-8-002-053 ("Mortgaged Property").

5.	As consideration for the partial releases of the First Mortgage, on August 8, 2013, the Note was amended to increase the principal amount owed to EIGHT HUNDRED NINE THOUSAND FIVE HUNDRED FOUR AND NO/100 DOLLARS ($809,504.00) and extend the maturity date to December 1, 2013 ("Amended Note"), which was recorded in the Bureau as Document No. A-50700518 on November 18, 2013.

6.	On or about August 7, 2013, the Debtor executed a second promissory note in favor of the Plaintiffs ("Second Note") in the amount of THREE HUNDRED THOUSAND AND NO/100 DOLLARS ($300,000.00). The Second Note was secured by a junior mortgage on the Mortgaged Property ("Second Mortgage"), which was recorded in the Bureau as Document No. A-5700519 on November 18, 2013.

7.	Under the terms, covenants, and conditions set forth in the loan documents, Plaintiffs are entitled to accelerate the Amended Note and Second Note and foreclose on the Mortgaged Property in the event of default.

8.	The Defendant has defaulted on his obligations and promises under the loan documents, and has failed and refused to make payment as required under the same, despite the Plaintiffs' demands.

764199.1

9.     As a result of Defendant's default, on or about June 3, 2015, Plaintiffs filed a First Amended Complaint with this Court seeking to assert their rights under the applicable loan documents.

10.     Subject only to real property taxes owed to Defendant County of Hawaii, Plaintiffs have a valid first lien upon the Mortgaged Property for all such amounts due under the applicable loan documents.

<u>CONCLUSIONS OF LAW</u>

1.     This Court has jurisdiction over the Parties and the subject matter of this action, and Venue is proper in this Circuit.

2.     Having viewed the facts in their best light to the Defendant, and there being no genuine issue as to any material fact, the Plaintiffs are entitled to a judgment as a matter of law pursuant to the Hawaii Rules of Civil Procedure Rule 56(c).

3.     Plaintiffs are entitled to have the applicable loan documents enforced and the Mortgaged Property foreclosed, and to have the Mortgaged Property sold in a manner prescribed by law, the First and Second Mortgages being valid first liens on the Mortgaged Property subject only to outstanding real property taxes owed to the Defendant County of Hawaii.

4.     Any sums due or claimed by other parties to this action are hereby adjudged to be junior and subordinate to the judgment entered herein in favor of Defendant County of Hawaii and Plaintiffs.

5.     Plaintiffs, as Mortgagee, may purchase the Mortgaged Property at any foreclosure sale, without first making a down payment.

4

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.  Plaintiffs' Renewed Motion for Summary Judgment and for Interlocutory Decree of Foreclosure, filed December 17, 2015, is hereby GRANTED.

2.  All sums that are due, or will become due to Plaintiffs, are valid first liens on the Mortgaged Property, subject only to real property taxes that may be owed to Defendant County of Hawaii.

3.  The Mortgaged Property subject to this foreclosure action consists of TMK No. (3) 6-8-002-053.

4.  Defendant is due and owing to Plaintiffs for unpaid principal, interest, and other sums, pursuant to the applicable loan documents, in the amount to be determined by the Court once the Mortgaged Property is sold at a foreclosure auction.

5.  The Court hereby appoints the following Commissioner:

Name:       Andrew Kennedy, Esq.

Telephone:  (808) 787-7275

Address:    75-167 Kalani Street, Suite 201, Kailua-Kona, HI 96740

6.  The Commissioner shall hold equitable and legal title to the Mortgaged Property until otherwise ordered and/or instructed by the Court.

7.  Defendant is prohibited from transferring, conveying, or encumbering the Mortgaged Property without prior leave of Court.

8.  The Commissioner is hereby authorized and directed to take possession of the Mortgaged Property, to rent the Mortgaged Property pending foreclosure, if appropriate, and to sell the Mortgaged Property for cash in lawful money of the United States in the manner provided by law and all orders of this Court, without upset price, and upon confirmation of the

5

sale by this Court, the Commissioner is hereby authorized and directed to make and deliver to the purchaser or purchasers such instruments of conveyance of the Mortgaged Property as may be appropriate.

9.     The Commissioner may require that the sale close through an escrow, even if purchaser does not require one. All costs and expenses of closing, including, without limitation, the costs of conveyance, including preparation of the conveyance document, conveyance tax, escrow and recording fees, any proof of title or title insurance, and notary fees, as well as the costs of securing possession of the Mortgaged Property, shall be the responsibility of, and paid by the purchaser. Neither the availability of title insurance nor securing possession of the Mortgaged Property shall be a condition of closing.

10.     The Commissioner is hereby authorized and directed to make his report to the Court upon sale of the Mortgaged Property, and the Court shall determine the amounts due to Plaintiffs, including, but not limited to, principal, interest, late charges, advances, costs, expenses, and attorneys' fees.

11.     Plaintiffs and/or their assigns may become a purchaser at the sale without the requirement of a down payment and are authorized to credit bid for the Mortgaged Property up to the amount of the mortgage debt.

12.     Upon foreclosure sale, Defendant, and all persons claiming any interest in the Mortgaged Property, by, through, or under them are forever barred from any and all rights, title, interest and claims at law or in equity in and to the Mortgaged Property.

13.     This Court shall reserve jurisdiction to determine any other matters which may later come before this Court, including, but not limited to, the distribution and disbursement of the proceeds of the foreclosure sale, the amount of fees and costs of the Commissioner and of

Plaintiffs' attorneys, and, if the sale proceeds are insufficient to pay amounts claimed by

Plaintiffs, to enter a judgment against Defendant for such deficiency.

DATED: ~~Kealakekua,~~ Kailua-Kona, Hawaii, _____ SEP 2 5 2019 _____.

ROBERT D. S. KIM (SEAL)

_____
Judge of the Above-Entitled Court

APPROVED AS TO FORM:

_____
HAWAIIAN RIVERBEND, LLC
Defendant

_____
MICHAEL H. MIROYAN
Doe Defendant and Owner of
HAWAIIAN RIVERBEND, LLC

_____
ANDREW M. KENNEDY
Court-Appointed Commissioner

_____
RENEE N.C. SCHOEN
Attorney for Defendant
COUNTY OF HAWAII

---

*Kenneth Y. Kai, et al. v. Hawaiian Riverbend, LLC, et al.*; Civil No. 15-1-0164K; Amended Order Granting
Plaintiffs' Renewed Motion for Summary Judgment and For Interlocutory Decree of Foreclosure, Filed
December 17, 2015

# EXHIBIT FOUR

Of Counsel:

BAYS LUNG ROSE & HOLMA

| | |
|---|---|
| MICHAEL C. CARROLL | 7583-0 |
| Attorney at Law | |
| A Law Corporation | |
| MATTHEW C. SHANNON | 9043-0 |
| Attorney at Law | |
| A Law Corporation | |
| SHARON PARIS | 10549-0 |

Topa Financial Center
700 Bishop Street, Suite 900
Honolulu, Hawaii 96813
Telephone: (808) 523-9000

Attorneys for Plaintiffs
KENNETH Y. KAI and TAE K. KAI,
TRUSTEES OF THE KAI FAMILY 1998 TRUST

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| KENNETH Y. KAI and TAE K. KAI, TRUSTEES OF THE KAI FAMILY 1998 TRUST, | ) CIVIL NO. 15-1-0164K<br>) (Foreclosure)<br>)<br>) JUDGMENT |
| Plaintiffs, | ) |
| vs. | ) (*RE: AMENDED ORDER GRANTING*<br>) *PLAINTIFFS' RENEWED MOTION FOR*<br>) *SUMMARY JUDGMENT AND FOR* |
| HAWAIIAN RIVERBEND, LLC; COUNTY OF HAWAII; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, | ) *INTERLOCUTORY DECREE OF*<br>) *FORECLOSURE FILED DECEMBER 17,*<br>) *2015*)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

763215.1

I hereby certify that this is a full, true and correct
copy of the original on file in this office.

Clerk, Third Circuit Court, State of Hawaii

## JUDGMENT

In accordance with Rule 54(b) and 58 of the Hawaii Rules of Civil Procedure, and pursuant to the Amended Order Granting Plaintiffs' Renewed Motion for Summary Judgment and for Interlocutory Decree of Foreclosure, Filed December 17, 2015, summary judgment and the interlocutory decree of foreclosure are hereby entered in favor of Plaintiffs and against all Defendants.

This Court expressly directs that said summary judgment and interlocutory decree of foreclosure are entered as final judgments as there is no reason for delay pursuant to Rules 54(b) and 58 of the Hawaii Rules of Civil Procedure.

DATED: ~~Honolulu~~ Kailua-Kona, Hawaii, _____ SEP 2 5 2019 _____.


_____
ROBERT D. S. KIM (SEAL)
JUDGE OF THE ABOVE-ENTITLED COURT

APPROVED AS TO FORM:


_____
HAWAIIAN RIVERBEND, LLC
Defendant


_____
MICHAEL H. MIROYAN
Doe Defendant and Owner of
HAWAIIAN RIVERBEND, LLC


_____

*Kenneth Y. Kai and Tae K. Kai, Trustees of the Kai Family 1998 Trust v. Hawaiian Riverbend, LLC, et al.;* Civil No. 15-1-0164K; JUDGMENT (RE: AMENDED ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR SUMMARY JUDGMENT AND FOR INTERLOCUTORY DECREE OF FORECLOSURE FILED DECEMBER 17, 2015)

2

763215.1

_____
ANDREW M. KENNEDY
Court-Appointed Commissioner


_____
RENEE N.C. SCHOEN
Attorney for Defendant
COUNTY OF HAWAII

*Kenneth Y. Kai and Tae K. Kai, Trustees of the Kai Family 1998 Trust v. Hawaiian Riverbend, LLC, et al.;* Civil No. 15-1-0164K; JUDGMENT (RE: AMENDED ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR SUMMARY JUDGMENT AND FOR INTERLOCUTORY DECREE OF FORECLOSURE FILED DECEMBER 17, 2015)

763215.1

3

# EXHIBIT FIVE

Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000742
25-OCT-2019
08:31 AM

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| KENNETH & TAE KAI<br>KAI FAMILY TRUST, | ) | CASE NO.  CIVIL NO. 15-1-164K |
| | ) | |
| | ) | NOTICE OF APPEAL |
| Plaintiffs-Appellee, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HAWAIIAN RIVERBEND, LLC AND | ) | |
| MICHAEL MIROYAN AS NAMED | ) | |
| DEFENDANT BELATEDLY AS JOHN | ) | |
| DOE #1 AS OF 4/12/19, | ) | |
| | ) | |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |

NOTICE OF APPEAL

Michael Miroyan *AND his single member Hawaiian Riverbend, LLC ("HR")*

P.O. Box 3181

Saratoga, CA 95070 - 1181

*Michael Miroyan owner as of 8-9-18 of TMK# 6-8-002-053*
*Subj. of Foreclosure order*
*14.66 Acres filed 9-26-19*
*of commercial land worth*
*6 million dollars. Mr 10/24/19*

Ph. 408 913-3123

E: mae8981@me.com

In Pro se ☑

Circuit Court for the Third Circuit

STATE OF HAWAII

*Kenneth + Tae Kai*
*Kai Family Trust*

_____ Plaintiff,

v.

Hawaiian Riverbend, LLC *AND*
*Michael Miroyan AS named Defendant belatedly as*
*John Doe #1 as of 4/12/19.* Defendants

*Circuit* COURT CASE NO. **15-1-0164K**
3cc

NOTICE OF APPEAL

Notice is hereby given that Hawaiian Riverbend, LLC

by and through his/her/its *owner* Michael Miroyan, pro se *AND Miroyan as John Doe #1 as of 4/12/19*

pursuant to section **641-1(a)** _____ , Hawaii

Revised Statutes, and Rule 3 of the Hawaii Rules of Appellate Procedure _____

_____ , appeals to the *Supreme* Court of the State of Hawaii

from the judgment *AND order of 3rd Circuit Court, Judge Robert DS Kim*

filed herein on **Sept. 26, 2019** , and attached hereto as Exhibit "A" *(if required under Hawaii*

*Rules of Appellate Procedure Rule 3).*

DATED: Oct. 24, 2019
*San Jose, Ca.*
*and faxed this one*
*to Kona Legal Docs*
*808-322-8730 w/proof*
*of Fax completion*
*@ _____ Hst.*

*Michael Miroyan, owner in pro se*
*and as MGR of HR, LLC*

Pro se ☑

*Pg 1 of 4*

HRAP Form 1 (09/10)

RG-LC-508 (5/2016)

SC-P-344

[Reset Form]

*10/24/19 * Note: Defendants were Not Notified by Judge Kim or*
*opposing Counsel re: the signing of AND the filing of this judgment.*
*Judge Robert DS Kim signed it in secrecy AND Defendants were*
*Not Notified AND the order/Judgment was Not posted on Judicial [Register?]*

PAGE 02
FEDEX OFFICE    1923    408-998-0358    10/24/2019 19:29

ORIGINAL

FILED

2019 SEP 26 AM 11: 13

L. KITAOKA, CLERK
THIRD CIRCUIT COURT
STATE OF HAWAII

Of Counsel:

BAYS LUNG ROSE & HOLMA

MICHAEL C. CARROLL          7583-0
Attorney at Law
A Law Corporation
MATTHEW C. SHANNON          9043-0
Attorney at Law
A Law Corporation
SHARON PARIS                10549-0
Topa Financial Center
700 Bishop Street, Suite 900
Honolulu, Hawaii 96813
Telephone: (808) 523-9000

Attorneys for Plaintiffs
KENNETH Y. KAI and TAE K. KAI,
TRUSTEES OF THE KAI FAMILY 1998 TRUST

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| KENNETH Y. KAI and TAE K. KAI, TRUSTEES OF THE KAI FAMILY 1998 TRUST, | ) CIVIL NO. 15-1-0164K<br>) (Foreclosure)<br>) |
| Plaintiffs, | ) JUDGMENT<br>)<br>) (RE: AMENDED ORDER GRANTING |
| vs. | ) PLAINTIFFS' RENEWED MOTION FOR<br>) SUMMARY JUDGMENT AND FOR<br>) INTERLOCUTORY DECREE OF |
| HAWAIIAN RIVERBEND, LLC; COUNTY OF HAWAII; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, | ) FORECLOSURE DECREE FILED DECEMBER 17,<br>) 2015)<br>)<br>)<br>) |
| Defendants. | ) |

763215.1

## JUDGMENT

In accordance with Rule 54(b) and 58 of the Hawaii Rules of Civil Procedure, and pursuant to the Amended Order Granting Plaintiffs' Renewed Motion for Summary Judgment and for Interlocutory Decree of Foreclosure, Filed December 17, 2015, summary judgment and the interlocutory decree of foreclosure are hereby entered in favor of Plaintiffs and against all Defendants.

This Court expressly directs that said summary judgment and interlocutory decree of foreclosure are entered as final judgments as there is no reason for delay pursuant to Rules 54(b) and 58 of the Hawaii Rules of Civil Procedure.

*Kailun-Kona*

DATED: ~~Honolulu,~~ Hawaii, _____ SEP 2 5 2019 _____.


_____
JUDGE OF THE ABOVE-ENTITLED COURT

APPROVED AS TO FORM:


_____
HAWAIIAN RIVERBEND, LLC
Defendant


_____
MICHAEL H. MIROYAN
Doe Defendant and Owner of
HAWAIIAN RIVERBEND, LLC


*Kenneth Y. Kai and Tae K. Kai, Trustees of the Kai Family 1998 Trust v. Hawaiian Riverbend, LLC, et al.;* Civil No. 15-1-0164K; JUDGMENT (RE: AMENDED ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR SUMMARY JUDGMENT AND FOR INTERLOCUTORY DECREE OF FORECLOSURE FILED DECEMBER 17, 2015)

Pg 39
of 4

2

763216.1

_____

ANDREW M. KENNEDY
Court-Appointed Commissioner



_____

RENEE N.C. SCHOEN
Attorney for Defendant
COUNTY OF HAWAII



_____

*Kenneth Y. Kai and Tae K. Kai, Trustees of the Kai Family 1998 Trust v. Hawaiian Riverbend, LLC, et al.;* Civil No. 15-1-0164K; JUDGMENT (RE: AMENDED ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR SUMMARY JUDGMENT AND FOR INTERLOCUTORY DECREE OF FORECLOSURE FILED DECEMBER 17, 2015)

3

783215.1

# EXHIBIT SIX

THE ORIGINAL OF THE DOCUMENT
RECORDED AS FOLLOWS:
STATE OF HAWAII
BUREAU OF CONVEYANCES
DOCUMENT NO.
Doc A – 74110749
DATE – TIM
April 16, 2020 3:29 PM

Land Court System | Regular System

AFTER RECORDATION: RETURN BY MAIL ( )  PICK UP ( )

Bays Lung Rose & Holma
700 Bishop Street, Suite 900
Honolulu, Hawaii 96813

TITLE OF DOCUMENT:

## QUITCLAIM DEED

PARTIES TO DOCUMENT:

GRANTOR:    Lester D. Oshiro, Chief Clerk of the Third Circuit Court of the State
of Hawaii, on behalf of Michael H. Miroyan, whose mailing address is
P.O. Box 3181, Saratoga, California 95070

GRANTEE:    Hawaii Riverbend, LLC, a Hawaii limited liability company, whose
mailing address is P.O. Box 3181, Saratoga, California 95070

Tax May Key No.: (3) 6-8-002-053 (Lot 9-C)        This document contains: 6 pages
Approximately 14.622 acres of real property,
more or less

807367.1

# QUITCLAIM DEED

THIS QUITCLAIM DEED, made this 31st day of October, 2019, by **Lester D. Oshiro, Chief Clerk of the Third Circuit Court of the State of Hawaii, on behalf of Michael H. Miroyan**, whose mailing address is P.O. Box 3181, Saratoga, California 95070, hereinafter called the "Grantor" in favor of **Hawaiian Riverbend, LLC, a Hawaii limited liability company**, whose mailing address is P.O. Box 3181 Saratoga, California 95070, hereafter called the "Grantee".

## W I T N E S S E T H:

That for ONE AND NO/100 DOLLARS ($1.00) and other good and valuable consideration paid by the Grantee, the receipt and sufficiency of which is hereby acknowledged, Grantor hereby releases, remises and quitclaims to Grantee, its heirs, personal representatives, successors and assigns, all of the right, title and interest of the Grantor (if any) in and to:

> That certain real property described in Exhibit "A" attached to this Quitclaim Deed and made a part of this Quitclaim Deed, subject to the encumbrances and other matters noted in Exhibit "A" and in this Quitclaim Deed (if any).

> Together with all appurtenant rights, titles, and interests to that real property without any representations or warranties, whatsoever, express or implied.

The Clerk of the Circuit Court of the Third Circuit, State of Hawaii is executing this Quitclaim Deed on behalf of Michael H. Miroyan as of the date stated above, pursuant to Rule 70 of the Hawaii Rules of Civil Procedure and the Court's Order Granting Plaintiffs' Motion to Compel Transfer of Subject Foreclosure Property, Filed April 1, 2019, in Civil No. 15-1-0164K.

LESTER D. OSHIRO
Chief Clerk of the Third Circuit Court
of the State of Hawaii, on behalf of
Michael H. Miroyan

2

STATE OF HAWAII              )
                                     ) ss.

COUNTY OF HAWAII      )

On **March 30, 2020**, before me personally appeared
**LESTER D. OSHIRO, Chief Clerk of the Third Circuit of the State of Hawaii, on behalf of Michael H. Miroyan,** to me personally known, who, being by me duly sworn or affirmed, did say that such person executed the foregoing instrument as the free act and deed of such person, and if applicable, in the capacity shown, having been duly authorized to execute such instrument in such capacity.

Signature: *Aiyanna Wainwright*

Print Name: Aiyanna Wainwright
Notary Public, State of Hawaii

My commission expires: 08 | 05 | 2022

(Official Stamp or Seal)

---

**NOTARY CERTIFICATE STATEMENT**

Document Identification or Description: <u>Quitclaim Deed</u>

☒ Doc. Date: 10 | 31 | 2019   or ☐ Undated at time of notarization.

No. of Pages: 6

Jurisdiction: 3rd Circuit (in which notarial act is performed)

*Aiyanna Wainwright*            3 | 30 | 2020
Signature of Notary                Date of Notarization &
                                              Certification Statement

Aiyanna Wainwright

Printed Name of Notary                      (Official Stamp or Seal)

*THE TOP PORTION OF THIS PAGE IS INTENTIONALLY LEFT BLANK*

Lot 9-C

All of that certain parcel of land being a portion of Lot 9, Waikoloa Development. File Plan 1172 being also a portion of R. P. 5671, L. C. Aw. 8521-B, Apana 1 to G. D. Hueu of Waikoloa Development, situate at Waikoloa, District of South Kohala Island of Hawaii. Hawaii. being Lot 9-C being a portion of Lot 9. Waikoloa Development File Plan 1172, and thus bounded and described.

Beginning at the Southeast corner of this parcel of land being also the North side of Waikoloa Road and the Southwest corner of Lot 8 Waikoloa Development File Plan 1172, the coordinates of said point of beginning referred to Government Survey Triangulation Station "Puu Hinai" being 8 393.08 feet North and 1,531.27 feet West and running by azimuths measured clockwise from True South:

| 1. | 111° | 44' | 07" | 1,280.73 feet along the North side of Waikoloa Road, |
|----|------|-----|-----|------------------------------------------------------|
| 2  | 113° | 41' | 56" | 352.57 feet along the same. |

Thence, along the intersection of Waikoloa Road and Ponilolo Avenue on a curve to the right with a radius of 20.00 feet, the chord azimuth and distance being:

## Exhibit A

| 3. | 157° | 32' | 49" | 27.71 | feet; |
| 4. | 201° | 23' | 42" | 304.78 | feet along Paniolo Avenue; |

Thence, along the same on a curve to the left with a radius of 540.00 feet, the chord azimuth and distance being:

| 5. | 192° | 03' | 09" | 175.29 | feet; |
| 6. | 266° | 19' | 57" | 24.17 | feet along Lot 9-B; |

Thence, along the same on a curve to the left with a radius of 265.00 feet, the chord azimuth and distance being:

| 7. | 254° | 55' | 34" | 104.81 | feet; |
| 8. | 243° | 31' | 12" | 102.13 | feet along the same; |

Thence, along the same on a curve to the right with a radius of 191.00 feet, the chord azimuth and distance being:

| 9. | 267° | 37' | 40" | 156.03 | feet; |
| 10. | 291° | 44' | 07" | 164.63 | feet along the same; |
| 11. | 21° | 44' | 07" | 279.00 | feet along the same; |
| 12. | 291° | 44' | 07" | 447.84 | feet along the same; |
| 13. | 21° | 44' | 07" | 263.57 | feet along Lot 8, Waikoloa Development, File Plan 1172; |
| 14. | 291° | 44' | 07" | 755.00 | feet along the same; |
| 15. | 21° | 44' | 07" | 180.00 | feet along the same to the point of beginning and containing and area of 14.622 acres, more or less. |

Together with Easement AE-1 for access purposes. more particularly described as follows:

All of that certain easement parcel of land being a portion of Lot 9-B, Waikoloa Development. Waikoloa, District of South Kohala, Island of Hawaii, State of Hawaii.

Beginning at the Northeast corner of this easement parcel of land, the coordinates of said point of beginning referred to Government Survey Triangulation Station "Puu Hinai" being 9,596.53 feet North and 2,436.77 feet West and running by azimuths measured clockwise from True South:

| 1. | 21° | 44' | 07" | 60.00 | feet; |
| 2. | 111° | 44' | 07" | 80.70 | feet along Lot 9-C; |

Thence, along the same on a curve to the left with a radius of 191.00 feet, the chord azimuth and distance being:

| 3. | 87° | 37' | 40" | 156.03 | feet; |
| 4. | 63° | 31' | 12" | 102.13 | feet along the same; |

Thence, along the same on a curve to the right with a radius of 265.00 feet, the chord azimuth and distance being:

| 5.  | 74°  | 55' | 34" | 104.80 | feet; |
| 6.  | 86°  | 19' | 57" | 24.17  | feet along the same; |

Thence, along Paniolo Avenue on a curve to the left with a radius of 540.00 feet, the chord azimuth and distance being:

| 7.  | 179° | 31' | 19" | 60.09  | feet; |
| 8.  | 266° | 19' | 57" | 20.83  | feet along Lot 9-A; |

Thence, along the same on a curve to the left with a radius of 205.00 feet, the chord azimuth and distance being:

| 9.  | 254° | 55' | 34" | 81.08  | feet; |
| 10. | 243° | 31' | 12" | 102.13 | feet along the same; |

Thence, along the same on a curve to the right with a radius of 251.00 feet, the chord azimuth and distance being:

| 11. | 267° | 37' | 40" | 205.04 | feet; |
| 12. | 291° | 44' | 07" | 80.70  | feet along the same to the point of beginning and containing an area of 0.667 acres, more or less. |

Being a portion of the land conveyed.

| To:             | Hawaiian Riverbend, LLC, a Hawaii limited liability company |
| By:             | Warranty Deed |
| Dated:          | November 23, 2009 |
| Recorded/Filed: | November 23, 2009 |
| Document No.:   | 2009-179060 |

# EXHIBIT SEVEN

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000742**
**10-MAR-2020**
**09:39 AM**

NO. CAAP-19-0000742

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

KENNETH Y. KAI and TAE K. KAI, TRUSTEES OF THE KAI FAMILY 1998
TRUST, Plaintiffs-Appellees, v. HAWAIIAN RIVERBEND, LLC and
MICHAEL MIROYAN (John doe #1), Defendants-Appellants,
COUNTY OF HAWAIʻI; JOHN DOES 1-10; JANE DOES 1-10; DOE
CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10;
and DOE GOVERNMENTAL ENTITIES 1-10, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 15-1-0164)

ORDER DENYING FEBRUARY 11, 2020 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Chan and Hiraoka, JJ.)

Upon review of (1) the February 11, 2020 motion by
Plaintiffs/Counterclaim-Defendants/Appellees Kenneth Y. Kai and
Tae K. Kai, Trustees of the Kai Family 1998 Trust (the Kai
Plaintiffs), to dismiss this appeal for lack of appellate
jurisdiction, (2) the lack of any memorandum by Defendant-
Appellant Michael Miroyan (Miroyan) in response to the Kai
Plaintiffs' February 11, 2020 motion, and (3) the record on
appeal, it appears that we have appellate jurisdiction over
Miroyan's appeal from the Honorable Robert D.S. Kim's
September 26, 2019 judgment on a decree of foreclosure in circuit
court case number 3CC15100164K.

"There is no common law right to appeal. The right to
appeal is purely statutory, and exists only when given by some

constitutional or statutory provision." <u>Greer v. Baker</u>, 137
Hawai'i 249, 252, 369 P.3d 832, 835 (2016) (citation and internal
quotation marks omitted).  The Kai Plaintiffs argue that the
September 26, 2019 judgment is not appealable under Hawaii
Revised Statutes (HRS) § 641-1(a) (2016) because it does not
resolve all of the claims, such as the ten causes of action that
Defendant/Counterclaim-Plaintiff/Appellee Hawaiian Riverbend, LLC
(Hawaiian Riverbend) asserted in its March 11, 2016 first amended
counterclaim.  Granted, under Rule 58 of the Hawai'i Rules of
Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades
Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334,
1338 (1994), a circuit court civil judgment is appealable and
final under HRS § 641-1(a) only if the judgment, "<u>on its face</u>,
either resolve[s] all claims against all parties or contain[s]
the finding necessary for certification under HRCP [Rule] 54(b)."
<u>Jenkins</u>, 76 Hawai'i at 119, 869P.2d at 1338 (original emphasis).
If HRS § 641-1(a) were the lone statutory authority for appeals
from civil circuit court cases, then the Kai Plaintiffs's
argument would have merit.

    In contrast to HRS § 641-1(a), however, HRS § 667-
51(a)(1) (2016) is an alternative statutory authority that
authorizes a party in a foreclosure action to assert an appeal
from a civil circuit court judgment on a decree of foreclosure,
regardless whether the judgment resolves, on its face, all of the
other causes of action that parties have asserted.  <u>See</u>, <u>e.g.</u>,
<u>Bank of America, N.A. v. Reyes-Toledo</u>, 139 Hawai'i 361, 372-73,
390 P.3d 1248, 1259-60 (2017) (a judgment on a decree of
foreclosure was final and appealable under HRS § 667-51(a)(1),
even when it did not, on its face, expressly adjudicate a
defendant's counterclaim).  In the instant case, the
September 26, 2019 judgment on the decree of foreclosure is an
appealable final judgment under HRS § 667-51(a)(1), despite that
it does not adjudicate any of the claims in Hawaiian Riverbend
LLC's March 11, 2016 first amended counterclaim.  Miroyan filed

his October 25, 2019 notice of appeal within thirty days after entry of the September 26, 2019 judgment on the decree of foreclosure, as Rule 4(a)(1) of the Hawaiʻi Rules of Appellate Procedure required.  Therefore, pursuant to HRS § 667-51(a), this court has appellate jurisdiction over Miroyan's appeal from the September 26, 2019 judgment on the decree of foreclosure.

We note that Miroyan, as a non-attorney, was the lone signatory of his October 25, 2019 notice of appeal, despite that Miroyan purported to assert his appeal on behalf of himself as well as Hawaiian Riverbend LLC.  With respect to Miroyan representing himself in this appeal, "the right of self-representation exists in both criminal and civil proceedings." Grube v. Trader, 142 Hawaiʻi 412, 428, 420 P.3d 343, 359 (2018) (citations omitted).  "This is reflected in Hawaiʻi statutes regulating the practice of law, which expressly preserve the right of every natural person to appear in person before any court, and there prosecute or defend that person's, plaintiff's, defendant's, or accused's own cause, without the aid of legal counsel.  HRS § 605-2." Id. (internal quotation marks and brackets omitted).

With respect to Miroyan's attempt to assert this appeal on behalf of Hawaiian Riverbend LLC, however, under HRS § 605-2 (2016) and HRS § 605-14 (2016), non-attorneys such as Miroyan "are not permitted to act as attorneys and represent other natural persons in their causes." Oahu Plumbing and Sheet Metal, Ltd. v. Kona Constr., Inc., 60 Haw. 372, 377, 590 P.2d 570, 573 (1979) (citation and footnote omitted).  In fact, "[a]ny person violating sections 605-14 to 605-16 shall be guilty of a misdemeanor." HRS § 605-17 (2016).  For the same reason why non-attorneys are not permitted to appear in court on behalf of a natural person, "non-attorney agents are not allowed to represent corporations in litigation, for a wholly unintended exception to the rules against unauthorized practice of law would otherwise

Case: 22-50314   Doc# 51-1   Filed: 06/06/22   Entered: 06/06/22 08:48:18   Page 57 of 63

result." <u>Oahu Plumbing and Sheet Metal, Ltd.</u>, 60 Haw. at 377, 590 P.2d at 574 (footnote omitted).

> Unlike lay agents of corporations, attorneys are subject to professional rules of conduct and are amenable to disciplinary action by the courts for violations of ethical standards. . . . Therefore, attorneys, being fully accountable to the courts, are properly designated to act as the representatives of corporations.

<u>Id.</u> at 378, 590 P.2d at 574 (citation omitted). The same principle applies to trusts, and, thus, "[t]he general rule is that a trustee may not represent the trust in litigation unless, having the right sought to be enforced, he is the real party in interest." <u>Tradewinds Hotel, Inc. v. Conchran</u>, 8 Haw. App. 256, 265, 799 P.2d 60, 65 (1990), <u>cf.</u> <u>Beamer v. Nishiki</u>, 66 Haw. 572, 588, 670 P.2d 1264, 1276 (1983).

Similar principles apply with respect to a limited liability company such as Hawaiian Riverbend LLC. Because Miroyan was not entitled to assert an appeal on behalf of Hawaiian Riverbend LLC, Miroyan's October 25, 2019 notice of appeal was not valid as to Hawaiian Riverbend LLC. As the lone signatory of the October 25, 2019 notice of appeal, Miroyan is the lone appellant in appellate court case number CAAP-19-0000742.

Therefore, IT IS HEREBY ORDERED that the Kai Plaintiffs' February 11, 2020 motion to dismiss this appeal for lack of appellate jurisdiction is denied.

DATED: Honolulu, Hawaiʻi, March 10, 2020.

Chief Judge

Associate Judge

Associate Judge

4

# EXHIBIT EIGHT



**FACT SHEET**

Pursuant to the ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR SUMMARY JUDGEMENT AND FOR INTERLOCUTORY DECREE OF FORECLOSURE, filed March 21, 2018 in case Civil No. 15-1-164K, in the Circuit Court of the Third Circuit ("Order"), the undersigned Commissioner has been directed to sell the property as described herein by public auction.

Information contained in Fact Sheet has been obtained from sources believed by Commissioner to be reliable, but may not necessarily be accurate or complete and cannot be guaranteed by Commissioner or relied upon by any prospective bidder on the property. **It is the sole responsibility of all prospective bidders to verify the information contained herein through their own independent investigation and to hire their own professionals and/or consultants to obtain information regarding the property prior to bidding on the property.**

I.   <u>Property Description</u>

    A.   Tax Map Key:      (3) 6-8-002-053
    B.   Description:      See attached County of Hawaii Real Property Tax Parcel Information Sheet.
    C.   Tax Information:    See attached County of Hawaii Real Property Tax Office Parcel Information Sheet.

Note: Commissioner makes no representation as to the accuracy of this information. This information was retrieved from http://www.hawaiipropertytax.com/ on February 11, 2022

II.   <u>Encumbrances and Other Information</u>

Commissioner directs interested parties' attention to the Order referenced above as to existing encumbrances set forth therein. As allowed by law, there may be encumbrances pursuant to Orders and further amounts and charges as may be approved by the Court, which may include Commissioner's fees and costs and real property taxes (see above). There may be other charges to the purchaser as allowed by law. There may be other encumbrances on this property. Bidders must conduct their own investigation as to any encumbrances that may affect this property. Bidders shall be responsible for their own due diligence as to title for this property.

III.   <u>Sales Information</u>

Auction Date: Thursday, April 14, 2022 at 12:00 PM
Auction Location: Keahoulu Courthouse, 74-5451 Kamakaeha Ave, Kailua Kona HI 96740
At "Ho'o Pohaku" sculpture near the northwest corner of the building.

Open Houses to be held on the following dates:
Open House 1: Monday, March 14, 2022, 9:00 am to 12:00 pm
Open House 2: Monday, March 21, 2022, 9:00 am to 12:00 pm

75-167 Kalani St, Suite 201
Kailua-Kona, HI 96740
(808) 987-7275
fax (808) 443-0339
andrew@kona-lawyer.com



IV.    <u>Terms</u>

Property is to be sold in its "as is" condition, without any representations or warranties whatsoever as to title or possession and by way of a quitclaim conveyance by public commissioner's sale ("Sale"), without an upset price, in accordance with the Order.  Sale is subject to Court's confirmation.

Pursuant to the Order, Plaintiff and all parties are authorized to purchase the mortgaged property at Sale.  The successful bidder at Sale shall make a down payment to the Commissioner in an amount not less than ten percent (10%) of the highest successful bid price.  The payment shall be in cash, money order, by cashier's check or by certified check, provided that Plaintiff may satisfy the down payment by way of offset up to the amount of its secured debt ("credit bid").  Prior to bidding, any person not previously authorized to credit bid must show the Commissioner such persons present ability to make the required down payment immediately upon the close of bidding at Sale.  At the Court's discretion, the 10% down payment may be forfeited in whole or in part if the purchaser fails to pay the balance of the purchase price as required and set forth below.  The balance of the purchase price shall be paid to the Commissioner upon approval and confirmation of the sale.

The Commissioner shall hold the proceeds of Sale subject to the directions of the Court.  A hearing shall be held to consider confirmation of Sale.  At that hearing, the Court shall hear the proof of claim of any other party and shall determine the priority among the claims of the parties besides Plaintiff. At hearing, the Court may, for good cause, allow further bidding.  In the event that such bidding is allowed, the first post auction bid must be at least one hundred five percent (105%) of the highest bid at Sale.  The court shall determine the amount of fees of the Commissioner and the amount of the attorneys' fees and costs of Plaintiff and shall direct the final payment of the proceeds of the sale.  Upon distribution of the sale proceeds according to the directions of the Court, the Commissioner shall file an accurate accounting of receipts expenses and distributions.

The Commissioner may require that Sale close through an escrow, even if the purchaser does not require one.  All costs and expenses of the closing of the Sale, including without limitation, the costs of conveyance, including preparation of the conveyance document, conveyance tax, escrow and recording fees, any proof of title or title insurance, and notary fees, as well as the costs of securing possession of the property, shall be the responsibility of and paid by the purchaser.  Neither the availability of title insurance nor securing possession of the property shall be a condition of closing.

**SALE SHALL NOT BE FINAL UNTIL APPROVED AND CONFIRMED BY THE COURT.**

V.    <u>Commissioner</u>

Andrew M. Kennedy, Schlueter, Kwiat & Kennedy LLLP, 75-167 Kalani St, Suite 201, Kailua-Kona, HI 96740.  Telephone No. 808-987-7275, Fax No. 808-339-1339.  Email Andrew@kona-lawyer.com

75-167 Kalani St, Suite 201
Kailua-Kona, HI 96740
(808) 987-7275
fax (808) 443-0339
andrew@kona-lawyer.com

Page 2 of  2

Case: 22-50314   Doc# 51-1   Filed: 06/06/22   Entered: 06/06/22 08:48:18   Page 61 of 63



## Parcel Information

| | |
|---|---|
| Parcel Number | 680020530000 |
| Location Address | |
| Project Name | |
| Property Class | COMMERCIAL    **For zoning information, refer to** <u>Zone Maps</u> |
| Neighborhood Code | 6831-3 |
| Legal Information | LOT 9-C 14.622 AC DES RP 5571 LCAW 8521-B:1 |
| Land Area (acres) | 14.6220 |
| Land Area (approximate sq ft) | 636,934 |

<u>View Map</u>

<u>Plat (TMK) Maps</u>

## Owner Information

| Owner Names | Mailing Address |
|---|---|
| HAWAIIAN RIVERBEND,LLC   Fee Owner, Tenants in Severalty | HAWAIIAN RIVERBEND,LLC<br>PO BOX 3181<br>SARATOGA CA 95070 1181 |

## Assessment Information

⊞ Show Historical Assessments

| Year | Property Class | Market Land Value | Dedicated Use Value | Assessed Land Value | Market Building Value | Assessed Building Value | Total Market Value | Total Assessed Value | Total Exemption Value | Total Taxable Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 2021 | COMMERCIAL | $3,463,800 | $0 | $3,463,800 | $0 | $0 | $3,463,800 | $3,463,800 | $0 | $3,463,800 |

## Land Information

| Property Class | Square Footage | Acreage | Agricultural Use Indicator |
|---|---|---|---|
| COMMERCIAL | 636,934 | 14.622 | |

## Bldg Division Permit and Inspections Information

https://hawaiicountyhi-energovpub.tylerhost.net/Apps/SelfService#/home

## Sales Information

| Sale Date | Sale Amount | Instrument # | Instrument Type | Instrument Description | Date Recorded | Land Court Document Number | Cert # | Book/Page | Conveyance Tax | Document Type |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/31/2019 | $1 | 74110749 | FEE CONVEYANCE | Quitclaim deed | 04/16/2020 | | | | 0 | Quitclaim deed |
| 08/08/2018 | $0 | 67950847 | FEE CONVEYANCE | Warranty Deed | 08/09/2018 | | | | 0 | Warranty Deed |
| 11/29/2012 | $0 | | OTHER | Mapping Change | 11/29/2012 | | | | | Mapping Change |

## Current Tax Bill Information

| Tax Period | Description | Original Due Date | Taxes Assessment | Tax Credits | Net Tax | Penalty | Interest | Other | Amount Due |
|---|---|---|---|---|---|---|---|---|---|
| PRIOR | Real Property Tax | 08/20/2013 | $0.00 | $0.00 | $24,052.80 | $2,405.28 | $20,261.87 | $1,350.00 | $48,069.95 |
| 2018-1 | Real Property Tax | 08/20/2018 | $0.00 | $0.00 | $3,076.15 | $307.62 | $1,421.18 | $0.00 | $4,804.95 |
| 2018-2 | Real Property Tax | 02/20/2019 | $0.00 | $0.00 | $3,076.15 | $307.62 | $1,218.16 | $0.00 | $4,601.93 |
| 2019-1 | Real Property Tax | 08/20/2019 | $0.00 | $0.00 | $18,173.42 | $1,817.34 | $5,997.23 | $0.00 | $25,987.99 |
| 2019-2 | Real Property Tax | 02/20/2020 | $0.00 | $0.00 | $18,173.41 | $1,817.34 | $4,797.78 | $0.00 | $24,788.53 |
| 2020-1 | Real Property Tax | 08/20/2020 | $0.00 | $0.00 | $18,531.33 | $1,853.13 | $3,669.20 | $0.00 | $24,053.66 |
| 2020-2 | Real Property Tax | 02/22/2021 | $0.00 | $0.00 | $18,531.33 | $1,853.13 | $2,446.14 | $0.00 | $22,830.60 |
| 2021-1 | Real Property Tax | 08/23/2021 | $0.00 | $0.00 | $18,531.33 | $1,853.13 | $1,223.07 | $0.00 | $21,607.53 |
| 2021-2 | Real Property Tax | 02/22/2022 | $0.00 | $0.00 | $18,531.33 | $0.00 | $0.00 | $0.00 | $18,531.33 |
| | Tax Bill with Interest computed through 02/22/2022 | | $0.00 | $0.00 | $140,677.25 | $12,214.59 | $41,034.63 | $1,350.00 | $195,276.47 |

Pay online at http://payments.ehawaii.gov/propertytax/hawaii
Other Payment Options Click Here

## Historical Tax Information

| Year | Tax | Payments and Credits | Penalty | Interest | Other | Amount Due |
|------|-----|----------------------|---------|----------|-------|------------|
| ⊞ 2021 | $37,062.66 | $0.00 | $0.00 | $0.00 | $0.00 | $37,062.66 |
| ⊞ 2020 | $37,062.66 | $0.00 | $0.00 | $0.00 | $0.00 | $37,062.66 |
| ⊞ 2019 | $36,346.83 | $0.00 | $0.00 | $0.00 | $0.00 | $36,346.83 |
| ⊞ 2018 | $6,152.30 | $0.00 | $0.00 | $0.00 | $0.00 | $6,152.30 |
| ⊞ 2017 | $4,413.20 | $0.00 | $0.00 | $0.00 | $0.00 | $4,413.20 |
| ⊞ 2016 | $4,366.00 | $0.00 | $0.00 | $0.00 | $0.00 | $4,366.00 |
| ⊞ 2015 | $4,366.00 | $0.00 | $0.00 | $0.00 | $0.00 | $4,366.00 |
| ⊞ 2014 | $5,453.80 | $0.00 | $0.00 | $0.00 | $0.00 | $5,453.80 |
| ⊞ 2013 | $5,453.80 | $0.00 | $0.00 | $0.00 | $1,350.00 | $5,453.80 |

## Map



## Recent Sales in Area

**Sale date range:**

**From:**

02/11/2019

**To:**

02/11/2022

Sales by Neighborhood

1500

Feet ⌄

Sales by Distance

**No data available for the following modules:** Condominium/Apartment Unit Information, Agricultural Assessment Information, Residential Improvement Information, Commercial Improvement Information, Sketches, Other Building and Yard Improvements, Permit Information.

The County of Hawaii Real Property Tax Office makes every effort to produce the most accurate information possible. No warranties, expressed or implied are provided for the data herein, its use or interpretation. The assessment information is from the last certified tax roll. All other data is subject to change.

User Privacy Policy

GDPR Privacy Notice

Last Data Upload: 2/11/2022, 2:13:51 AM

Developed by



Version 2.3.176