MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Boulevard, 6th Floor
Beverly Hills, California 90212
T: (310) 271.6223 |
F: (310) 271.9805
E: michael.berger@bankruptcypower.com

Proposed Counsel for Debtor-in-Possession
Hawaiian Riverbend, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

NORTHERN DIVISION

In re:

Hawaiian Riverbend, LLC,

            Debtor-in-Possession.

CASE NO.: 22-50314

Chapter 11

**RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL; DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF**

Date: June 7, 2022
Time: 2:00 p.m.
Place: 280 S. First Street
       Courtroom 9
       (hearing to be held remotely)
       San Jose, CA 95113

**TO THE HONORABLE STEPHEN L. JOHNSON, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, TO THE UNITED STATES TRUSTEE, TO DEBTOR'S CREDITORS AND TO ALL INTERESTED PARTIES:**

Hawaiian Riverbend, LLC (the "Debtor"), Debtor and Debtor-in-Possession herein, respectfully submits its Response to the Court's Order to Show Cause re Dismissal dated June 2, 2022, as follows:

1

RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL;
DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

## I. INTRODUCTION

On June 2, 2022, this Honorable Court issued an Order to Show Cause why this case should not be dismissed for lack of prosecution. Debtor contends the case is in its early stages and Debtor is seeking new general bankruptcy counsel and interviewing real estate brokers to sell the Debtor's real property. Further, Debtor is the owner of a valuable real property and can propose a plan of reorganization to repay its debts. Wherefore Debtor asks the Court to allow Debtor to proceed in this Chapter 11 case and for any other relief deemed necessary and proper.

## II. PROCEDURAL SUMMARY OF THE CASE

On April 13, 2022, Debtor retained the Law Offices of Michael Jay Berger to represent Debtor in its Chapter 11 bankruptcy proceeding.

On April 14, 2022, a voluntary chapter 11 petition was filed on behalf of the Debtor. Post-petition services commenced on April 15, 2022.

On April 28, 2022, Debtor filed its Schedules and Statement of Financial Affairs [docket no.: 22].

On May 10, 2022, Debtor filed the Application to Employ Michael Jay Berger as General Bankruptcy Counsel ("Employment Application") [docket nos.: 24, 25 and 26].

On May 18, 2022, Creditor Kenneth Y. Kai, and Tae K. Kai of the Kai Family 1998 Trust filed an Opposition to the Employment Application [docket no. 34]. On May 31, 2021, Debtor's counsel filed a Reply to the Kai Family 1998 Trust Opposition to the Employment Application [docket no.: 41]. On May 31, 2022, the United States Trustee filed an Objection to the Employment Application [docket no.: 42]. On June 1, 2022,

2
RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL;
DECLARATION OF MICHAEL JAY BERGER IN SUPPORT THEREOF

Case: 22-50314    Doc# 53    Filed: 06/06/22    Entered: 06/06/22 10:43:10    Page 2 of 7

Debtor's counsel filed his Reply to the United States Trustee's Objection to the Employment Application [docket no.: 43].

On May 10, 2022, Debtor's counsel filed the Motion to Withdraw as Attorney [docket no.: 28].

On May 27, 2022, Debtor filed an Amended Voluntary Petition [docket no.: 38] and Amended Schedule E/F [docket no.: 39].

On June 2, 2022, the Court entered its Order to Show Cause regarding Dismissal of the case [docket no.: 46].

On June 3, Debtor's counsel filed the Debtor's Application for Order Approving Designation of Michael Miroyan as Responsible Individual Pursuant to Bankruptcy Local Rule 4002-1 [docket no.: 47].

### III.  RESPONSE TO ORDER TO SHOW CAUSE

Debtor's case was filed approximately six weeks ago. During that time, Debtor's counsel has been working with Debtor to complete the Debtor's Schedules and submit Compliance to the United States Trustee. Unfortunately, as a result of a breakdown in communication between the Debtor and Debtor's counsel, Debtor's counsel filed a Motion to Withdraw from the case. Meanwhile, Debtor's counsel has continued to zealously represent the Debtor, amend the Debtor's Schedules, represent the Debtor at its Initial Debtor Interview and at the Meeting of Creditors, and respond to objections to the Employment Application and also filed Debtor's Application for Order Approving Designation of Michael Miroyan as Responsible Individual Pursuant to Bankruptcy Local Rule 4002-1 [docket no.: 47]. During his short representation of the Debtor, Debtor's counsel has done as much as has been possible to prosecute the case, given the breakdown in the relationship with the Debtor.

Meanwhile, Michael Miroyan, Debtor's proposed Responsible Individual has interviewed two potential brokers, Jim Miller and Rex Pippen, to try to sell the Debtor's real property. Mr. Miroyan is also aware that he must look for replacement bankruptcy counsel. Mr. Miroyan believes the Debtor can reorganize through the sale of the real property and use of the equity to pay the creditors of the estate. Allowing the Debtor to move forward in the Chapter 11 case is in the best interest of the creditors of the estate as it would give the Debtor an opportunity to pay the creditors off. Dismissal at this point would result in the immediate foreclosure of the Debtor's real property, and none of the creditors would get paid. Debtor asks the Court to give it the opportunity for a fresh start and to reorganize through a Chapter 11 Plan of Reorganization. Debtor asks the Court to continue its OSC for 30 days to allow the Debtor time to retain new bankruptcy counsel.

## IV. CONCLUSION

WHEREFORE, based on the foregoing, Debtor asks the Court to not dismiss the Debtor's case and allow the Debtor to move forward with its Chapter 11 case, and for any other relief deemed necessary and proper.

Dated: 6/6/2022    By: /s/ Michael Jay Berger

LAW OFFICES OF MICHAEL JAY BERGER
Michael Jay Berger
Proposed Counsel for Debtor-in-Possession
Hawaiian Riverbend, LLC

# DECLARATION OF MICHAEL JAY BERGER

I, Michael Jay Berger, declare as follows:

1. I am the proposed counsel for the Debtor Hawaiian Riverbend, LLC (the "Debtor") in the herein bankruptcy ("Main Bankruptcy Case").

2. I have personal knowledge of the facts set forth herein. If called as a witness herein, I could and would testify competently and truthfully as set forth herein.

3. On April 13, 2022, Debtor retained the Law Offices of Michael Jay Berger to represent Debtor in its Chapter 11 bankruptcy proceeding.

4. On April 14, 2022, I filed a voluntary chapter 11 petition was filed on behalf of the Debtor. Post-petition services commenced on April 15, 2022.

5. On April 28, 2022, I filed Debor's Schedules and Statement of Financial Affairs [docket no.: 22].

6. On May 10, 2022, I filed the Application to Employ Michael Jay Berger as General Bankruptcy Counsel ("Employment Application") [docket nos.: 24, 25 and 26] on behalf of the Debtor. On May 18, 2022, Creditor Kenneth Y. Kai, and Tae K. Kai of the Kai Family 1998 Trust filed an Opposition to the Employment Application [docket no. 34]. On May 31, 2021, I filed Debtor's Reply to the Kai Family 1998 Trust Opposition to the Employment Application [docket no.: 41]. On May 31, 2022, the United States Trustee filed an Objection to the Employment Application [docket no.: 42]. On June 1, 2022, I filed Debtor's Reply to the United States Trustee's Objection to the Employment Application [docket no.: 43].

7. On May 10, 2022, I filed the Motion to Withdraw as Attorney [docket no.: 28] due to a breakdown of the attorney-client relationship and my inability to communicate with Mr. Miroyan. I have advised Mr. Miroyan to seek alternative general bankruptcy counsel for the Debtor.

8. On May 27, 2022, I filed an Amended Voluntary Petition [docket no.: 38] and Amended Schedule E/F [docket no.: 39] on behalf of the Debtor.

9. On June 2, 2022, the Court entered its Order to Show Cause regarding Dismissal of the case [docket no.: 46]. I continued to represent the Debtor to respond to the OSC.

10. On June 3, I filed the Debtor's Application for Order Approving Designation of Michael Miroyan as Responsible Individual Pursuant to Bankruptcy Local Rule 4002-1 [docket no.: 47].

11. Debtor's case was filed approximately six weeks ago. During that time, I have been working with Debtor to complete the Debtor's Schedules and submit Compliance to the United States Trustee. Unfortunately, as a result of a breakdown in communication between the Debtor and myself, I filed a Motion to Withdraw from the case. Meanwhile, I have continued to zealously represent the Debtor and respond to objections to the Employment Application and also filed Debtor's Application for Order Approving Designation of Michael Miroyan as Responsible Individual Pursuant to Bankruptcy Local Rule 4002-1 [docket no.: 47]. During my short representation of the Debtor, I have done as much as has been possible to prosecute the case, given the breakdown in the relationship with the Debtor.

6
RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL;
DECLARATION OF MICHAEL JAY BERGER

12. I have unsuccessfully sought Mr. Miroyan's cooperation in preparing this Response to the Court's OSC. My associate attorney prepared a declaration for Mr. Miroyan to sign describing his reorganization efforts on behalf of the Debtor and his desire for the case to continue in Chapter 11 and not to be dismissed. On Friday, June 3, 2022, my associate sent the declaration to Mr. Miroyan for signature and both my associate and I asked Mr. Miroyan to review and sign the declaration in support of this Response. Mr. Miroyan responded by saying that he wanted changes to his draft declaration but he did not tell us what those changes are. He promised to give us his changes by noon on Sunday. We followed up and asked for his changes by noon on Monday, June 6, 2022 but we never received these changes from him and we never received a signed declaration from him.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on June 6, 2022, 2022 at Beverly Hills, California.

*Michael Jay Berger*