Entered on Docket
June 08, 2022
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the order of the Court.
Signed: June 8, 2022

_____
**Stephen L. Johnson**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re

**HAWAIIAN RIVERBEND, LLC**,

Debtor.

Case No. 22-50314 SLJ

Chapter 11 (Subchapter V)

**ORDER GRANTING DEBTOR'S
COUNSEL'S MOTION TO WITHDRAW**

On May 10, 2022, Debtor's counsel Michael J. Berger moved to withdraw from the representation. ECF 28. The motion was served on Debtor, the United States Trustee, and all creditors on the same day. ECF 31. Berger says Debtor has failed to cooperate with him in prosecuting this case and the attorney-client relationship has broken down completely. In a declaration for a related employment application, Berger says that shortly after filing this case Debtor's principal Michael Miroyan "became uncooperative, insulting, abusive, and threatening to" Berger and his employees. ECF 43, p. 2. Berger also says Debtor breached a paragraph of Berger's fee agreement requiring Debtor be truthful, cooperate with Berger, keep him informed of developments that affect the case, and pay its bills on time, among

ORDER GRANTING DEBTOR'S
COUNSEL'S MOTION TO WITHDRAW          1/3

other things. ECF 28, p. 2. No one opposed Berger's motion. I will grant the motion and permit Berger's withdrawal.

Civil L.R. 11.5(a) requires a court order before counsel may withdraw, which may only issue if "written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." California Rule of Professional Conduct 1.16(b)(4) permits withdrawal where the client "renders it unreasonably difficult for the lawyer to carry out the employment effectively." Berger says Debtor has so completely failed to cooperate with him or take his advice that Berger cannot prosecute this bankruptcy case. I conclude these representations satisfy the requirements for permissive withdrawal under Rule 1.16(b)(4). *See Lewis v. Nevada Cnty.*, 2009 WL 463510, at *1 (E.D. Cal. Feb. 23, 2009) (concluding counsel's representations that the client failed to cooperate with counsel, follow counsel's advice, or communicate with counsel such that the attorney-client relationship had broken down merited permissive withdrawal).

That said, California Rule of Professional Conduct 1.16(d) requires Berger take "reasonable steps to avoid reasonably foreseeable prejudice" to Debtor. I conclude Berger has satisfied this requirement because: (1) Berger gave Debtor nearly a month's notice of his intent to withdraw so Debtor has had time to seek out substitute counsel; (2) Berger appears to have prepared all filings necessary for Debtor to maintain its case, should it so choose; and (3) given my pending Order to Show Cause, if Debtor takes no action this case will likely be dismissed, returning Debtor to the status quo before the representation. These facts persuade me Debtor's interests are sufficiently protected to merit permissive withdrawal.

In conclusion, Berger's motion to withdraw is granted.

IT IS SO ORDERED.

**\*\*\* END OF ORDER \*\*\***

ORDER GRANTING DEBTOR'S
COUNSEL'S MOTION TO WITHDRAW  2/3

**COURT SERVICE LIST**

U..S. Mail:
Hawaiian Riverbend, LLC
PO Box 3181
Saratoga, CA 95070

[ECF recipients]

ORDER GRANTING DEBTOR'S
COUNSEL'S MOTION TO WITHDRAW 3/3