# U.S. Bankruptcy Court
## California Northern Bankruptcy Court (San Jose)
## Bankruptcy Petition #: 22−50314

| | |
|---|---|
| | *Date filed:* 04/14/2022 |
| *Assigned to:* Judge Stephen L. Johnson | *Debtor dismissed:* 10/11/2022 |
| Chapter 11 | *341 meeting:* 09/16/2022 |
| Voluntary | *Deadline for objecting to discharge:* 07/18/2022 |
| Asset | |

*Debtor*
**Hawaiian Riverbend, LLC**
PO Box 3181
Saratoga, CA 95070
SANTA CLARA−CA
Tax ID / EIN: 20−3591659

represented by **Michael Jay Berger**
Law Offices of Michael Jay Berger
9454 Wilshire Blvd., 6th Floor
Beverly Hills, CA 90212
(310)271−6223
Email: michael.berger@bankruptcypower.com
*TERMINATED: 06/08/2022*

**Robert K Lu**
1100 South Hope Street
Unit 1711
Los Angeles, CA 90015
619−300−1849
Fax : 619−300−1849
Email: robert@stars.energy

**Edward Wu**
Reid & Wise LLC
One Penn Plaza
Suite 2015
New York, NY 11109
646−289−1907
Email: ewu@reidwise.com

*Trustee*
**Gina R. Klump**
30 5th Street, Suite 200
Petaluma, CA 94952
(707) 778−0111
*TERMINATED: 09/06/2022*

*U.S. Trustee*
**Office of the U.S. Trustee / SJ**
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113−3004
( )

represented by **Elvina Rofael**
DOJ−Ust
450 Golden Gate Avenue
Ste 05−0153
San Francisco, CA 94102
202−934−4062
Email: elvina.rofael@usdoj.gov

**Marta Villacorta**
Office of the U. S. Trustee
280 South 1st Street, Suite 268
San Jose, CA 95113
408−535−5525

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 10/11/2022 | | 114 | Order Granting Motion to Dismiss Case (RE: related document(s)51 Motion to Convert Case to Chapter 7 filed by Creditor Kenneth Y. Kai, Creditor Tae K. Kai). (al) (Entered: 10/11/2022) |
| 10/18/2022 | | 118 | Notice of Motion for Reconsideration of Judge Johnson's 10−11−2022 Order of Dismissal, Memorandum of Points and Authorities in Support of Motion for Reconsideration, Declaration of Ryan Smith, Trish Tran, and Frank McKinney II in Support of Motion for Reconsideration (RE: related document(s)114 Order to Dismiss Case, Order Barring Debtor) . Filed by Creditor Ryan Smith (klr) (Entered: 10/18/2022) |

**Entered on Docket**
**October 11, 2022**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**



The following constitutes the order of the Court.
Signed: October 11, 2022

_Stephen Johnson_
_____
**Stephen L. Johnson**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re

**HAWAIIAN RIVERBEND, LLC,**


                Debtor.

Case No. 22-50314 SLJ
Chapter 11

## ORDER GRANTING MOTION TO DISMISS CASE

Creditors Kenneth Y. Kai and Tae K. Kai, as trustees for the Kai Family 1998 Trust ("Secured Creditors"), filed a Motion to Convert to Chapter 7, or in the Alternative, for Dismissal with Refiling Bar ("Motion") (ECF 51). Debtor opposed the Motion ("Objection") (ECF 82). After considering the papers submitted and the complete record in this case, I determine the case should be dismissed with a one-year refiling bar.

## I.    BACKGROUND[1]

A.    The Property and Secured Claims

Debtor filed this case initially as a subchapter V chapter 11 case but changed the designation to a single asset real estate chapter 11 case. Debtor owns approximately 14.622

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. All "Civil Rule" references are to the Federal Rules of Civil Procedure and all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy

ORDER GRANTING MOTION TO DISMISS CASE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

acres of undeveloped real property in Waikoloa, Hawaii ("Property" or "Parcel 53"). According to Schedule D, the Property is encumbered by a deed of trust in favor of Secured Creditors in the amount of $540,000 and a tax lien in favor of Hawaii County Tax in the amount of $150,000.[2] Secured Creditors filed a proof of claim in the amount of $1,914,024.62, which actually consist of two promissory notes secured by two deeds of trust.[3] County of Hawaii Real Property Tax Division filed a proof of claim for a priority unsecured claim in the amount of $201,771.94 for unpaid property taxes.

No one proffered an appraisal of the Property for the purposes of the Motion. Debtor's arguments and evidence are that the value depends on the zoning designation. The Property is currently zoned CV-20, which means commercial village zoning for commercial, multifamily and industrial uses, but this designation expires in March 2023 at which time the zoning will revert to A-5a, which means agricultural uses. Declaration of Michael Miroyan in Support of Objection, ¶ 12 (ECF 82-3).

According to the Declaration of John Miller (a real estate broker) in Support of Debtor's Objection, "If Parcel 53 retains its zoning designation as CV-20, I am comfortable marketing the property for sale at approximately $10,500,000," but under A-5a designation, "[the Property's] sale price would be between $1.3 - $1.8 million." (ECF 82-2).

Debtor's managing member and sole owner, Michael Miroyan ("Miroyan"), has a different opinion. He states in his declaration that the Property is worth approximately $15,500,000 under the CV-20 zoning designation and $1,700,000 under the A-5a designation. Declaration of Michael Miroyan in Support of Objection, ¶ 14-15 (ECF 82-3).

B. Unsecured Claims

Whether or not the estate has unsecured creditors is difficult to determine. Debtor presents a moving target on the existence of unsecured claims. Debtor's original Creditor

---

Procedure. "Civil L.R." and "B.L.R." references refer to the applicable Civil Local Rules and Bankruptcy Local Rules.

[2] Debtor scheduled Secured Creditors' claim as contingent and unliquidated and Hawaii Tax's claim as contingent, unliquidated, and disputed (ECF 22).

[3] No one has interposed an objection, and thus it is allowed. § 502(a).

ORDER GRANTING MOTION TO DISMISS CASE

Matrix does not appear to specify any unsecured creditors (ECF 1). The apparent absence of unsecured creditors from the Creditor Matrix is reinforced by Debtor's Schedule E/F which indicates Debtor had $0 unsecured nonpriority claims (ECF 22). But on May 27, 2022, Debtor filed an amended Schedule E/F in which it listed more than $380,000 in unsecured nonpriority claims (ECF 39).[4] And, on September 8, 2022, Debtor filed another amendment to Schedule E/F, adding a creditor and increasing the total to $460,622.70 (ECF 97). All of these added creditors appear to be individuals.

Only three unsecured creditors have filed proofs of claims: (1) the United States Trustee for $1,622.70; (2) the Franchise Tax Board (both priority and non-priority) for $16,987.02; and (3) Debtor's principal Miroyan for $1,958,000.[5] The last date to file non-governmental claims was August 15, 2022.

C. Debtor's Previous Chapter 11 Case

Debtor filed a chapter 11 case in the District of Hawaii, bearing Case No. 16-00348 ("Hawaii Case"), on April 4, 2016. Debtor's assets in that case included the Property and two other pieces of real property in Hawaii, which for our purpose will be known as Parcel 21 and Parcel 52. Debtor proposed a Second Amended Plan of Reorganization ("Second Amended Plan") (Hawaii Case ECF 110) which required employment of a real estate broker to sell all three real properties by November 30, 2017, or they would be auctioned. The Second Amended Plan contained a detailed timeline for the auction process. On December 23, 2016, the bankruptcy court entered an Order Confirming Second Amended Plan of Reorganization ("Confirmation Order") (Hawaii Case ECF 135).

Secured Creditors here were also creditors in the Hawaii Case. The Second Amended Plan provided that Secured Creditors' Class 1A and 1B claims would be paid under the plan

---

[4] Debtor's former counsel Michael Berger states in a declaration that the additional unsecured creditors are creditors of Miroyan individually and not creditors of Debtor. Declaration of Michael Jay Berger in Support of Reply to Debtor's Objection to First and Final Application for Compensation and Reimbursement of Expenses of Michael Jay Berger, filed on October 7, 2022, Docket No. 111, ¶ 20.

[5] Because none of the unsecured claims was listed as contingent, unliquidated, or disputed, the unsecured creditors listed in the second amended Schedule E/F are not required to file proofs of claims. *See* Fed. R. Bankr. P. 3003(b)(1).

ORDER GRANTING MOTION TO DISMISS CASE

1    subject to certain disputes. But in connection with confirmation, Debtor withdrew its

2    objection to Secured Creditors' claims. *See* Confirmation Order, ¶ 2 (Hawaii Case ECF 135).

3           Neither the proposed sale nor the auction took place as specified. On January 10,

4    2018, the bankruptcy court entered an Order to Show Cause ("OSC") based on Debtor's

5    failure to comply with the sale and auction provisions of the confirmed plan (Hawaii Case

6    ECF 170). Debtor responded to the OSC as did several creditors and the United States

7    Trustee (Hawaii Case ECF 174-177, 181). In the Order Dismissing Case (Hawaii Case ECF

8    195), the bankruptcy court found that Debtor defaulted on the terms of the Second

9    Amended Plan because it "failed to conduct a sale of the properties and later failed to submit

10   them for auction." Additionally, "Debtor's counsel made it clear at the status conference on

11   January 8, 2018, that Debtor does not intend to comply with the Plan." It further concluded

12   that Miroyan could not act as a fiduciary for creditors given his inappropriate conduct during

13   the case. Order Dismissing Case, p. 4. Although Miroyan and others filed Notices of Appeal

14   of the dismissal, the appeals were all dismissed for lack of prosecution (Hawaii Case ECF

15   205-207, 224).

16          D.   Individual Bankruptcy Cases Affecting the Properties of Debtor

17          As indicated above, Debtor's assets, at the time of the Hawaii Case, included Parcel

18   53, Parcel 52, and Parcel 21. Debtor scheduled only Parcel 53 as an asset in this case.

19   Miroyan's three individual bankruptcy cases shed some light on what happened to these

20   properties after dismissal of the Hawaii Case.

21          On November 18, 2018, Miroyan filed a voluntary petition under chapter 13 (Case

22   No. 18-52601). In Schedule A/B filed in that proceeding, he claimed sole ownership of the

23   Property, Parcel 21, and Parcel 52.[6] The secured creditors alleged that Miroyan fraudulently

24   conveyed the real properties from Debtor to himself in August 2018. *See* Motion for Relief

25   from Stay filed by Secured Creditors (18-52601 ECF 24) and Motion for Relief from

26   Automatic Stay filed by Gang "Patrick" Chen (18-52601 ECF 90). In any event, the court

27

28

_____

[6] Schedule A/B included a notation under Parcel 52 that it was foreclosed in 2018.

ORDER GRANTING MOTION TO DISMISS CASE

1   granted the chapter 13 trustee's motion to dismiss case on the ground that Miroyan was over

2   the secured debt limit in an order entered on June 25, 2019 (18-52601 ECF 93).

3   Miroyan commenced a second chapter 13 case (Case No. 19-52547) by filing a

4   skeletal petition on December 18, 2019. That case was dismissed on January 2, 2020, for

5   failure to file required documents including schedules, Statement of Financial Affairs, and

6   chapter 13 plan (19-52547 ECF 9).

7   Miroyan filed a third chapter 13 case (Case No. 22-50339) on April 22, 2022, eight

8   days after this case was filed. Schedule A/B lists Parcel 21 as Miroyan's asset. The chapter 13

9   trustee has filed a motion to dismiss case because it was over the § 109(e) secured debt limit,

10  and the matter was argued recently and set over.

## II. PARTIES' ARGUMENTS

12  Secured Creditors move for an order converting the case to chapter 7 or dismissing it

13  with a bar on refiling for two years based on bad faith pursuant to §§ 1112(b), 105, and

14  349(b). In support, they argue that this estate consists of only one asset, the Property.[7] The

15  estate is not an operating business so does not require reorganization. It has no employees

16  and no substantial cash reserves. Secured Creditors contend this is a two-party dispute

17  involving principally state law issues.

18  Secured Creditors contend that if the court does not convert the case, it should

19  dismiss it with a two-year bar on refiling. It argues Debtor misrepresented facts when the

20  case was filed, that this case is one in a long series of bankruptcy filings (orchestrated by

21  Miroyan) to stall a state court foreclosure effort, and that other egregious circumstances are

22  present.

23  Debtor argues against granting the Motion in any respect. It says bad faith is not

24  present. And, even if it were, Debtor contends there are extraordinary circumstances to

---

[7] The Property returned to Debtor after the Hawaii state court found that the transfer to Miroyan was "a fraudulent conveyance and is void as a matter of law" and ordered the Clerk of the Court to convey the Property back to Debtor. *See* Order Granting Plaintiffs' Motion to Compel Transfer of Subject Foreclosure Property, Civil No. 15-1-0164K in the Circuit Court of the Third Circuit, State of Hawaii, attached as Exhibit 1 to Declaration of Matthew C. Shannon in support of the Motion (ECF 51-1).

ORDER GRANTING MOTION TO DISMISS CASE

1   support a conclusion that the case should remain in chapter 11. Debtor says its goal in this

2   case is simple: to confirm a plan that calls for the sale of the Property. It contends that

3   Debtor alone can complete this task because it depends on an extension of the Property's

4   current CV-20 zoning designation, which requires time, money, and ability to succeed. None

5   of these qualities exist in a chapter 7 trustee, it contends. And Debtor attaches to its

6   Objection the Proposed Plan, which calls for a sale of the Property using conventional

7   means or, should that fail, an auction process. Debtor makes little or no argument about why

8   dismissal, as an alternative remedy, is not appropriate, though.

9   **III.    DISCUSSION**

10          A.   Burden of Proof

11          The party seeking conversion or dismissal of a chapter 11 case under § 1112(b) bears

12   the burden of establishing by a preponderance of the evidence that cause exists. *In re Baroni*,

13   36 F.4th 958, 966 (9th Cir. 2022). A "[d]ebtor bears the burden of proving that the petition

14   was filed in good faith." *In re Marshall*, 721 F.3d 1032, 1048 (9th Cir. 2013) citing *In re Leavitt*,

15   209 B.R. 935, 940 (B.A.P. 9th Cir. 1997). Thus, in a motion to dismiss or convert predicated

16   on bad faith, "[t]he moving party has the initial burden of making a prima facie case to

17   support its allegations of bad faith. Once such a showing has been made, the burden shifts

18   to the debtor to establish that its chapter 11 case was filed in good faith." *In re Mense*, 509

19   B.R. 269, 277 (Bankr. C.D. Cal. 2014), citing *In re Avalon Hotel Partners, LLC*, 302 B.R. 377,

20   384 (Bankr. D. Or. 2003).

21          B.   Conversion or Dismissal under § 1112(b)(1)

22          Under § 1112(b)(1), when the court finds "cause" to dismiss or convert a chapter 11

23   case, the court must decide which of several court actions will best serve the estate's

24   creditors. It must: (1) decide whether dismissal, conversion, or the appointment of a trustee

25   or examiner is in the best interests of creditors and the estate; and (2) identify whether there

26   are unusual circumstances that establish that dismissal or conversion is not in the best

27   interests of creditors and the estate.  *In re Sullivan*, 522 B.R. 604, 612 (B.A.P. 9th Cir. 2014).

28   Thus, the analysis is a three-step process:

ORDER GRANTING MOTION TO DISMISS CASE

1    (1) is there cause to convert/dismiss;

2    (2) if yes, are there any unusual circumstances that satisfy § 1112(b)(2);

3    (3) if no, whether conversion or dismissal or appointment of trustee is in the best

4    interest of creditors and the estate.

5    "[R]egardless of the parties' arguments, the bankruptcy court had an independent

6    obligation under § 1112 to consider what would happen to all creditors on dismissal and, in

7    light of its analysis, whether dismissal or conversion would be in the best interest of all

8    creditors, not just the largest and most vocal creditor." *Id.*, at 612.

9    C.    Factors Supporting a Bad Faith Determination

10   The bad faith filing of a bankruptcy petition constitutes "cause" for dismissal under

11   § 1112(b). *In re Marsch*, 36 F.3d 825, 828 (9th Cir. 1994). The analysis focuses on whether a

12   debtor is attempting "to effect a speedy, efficient reorganization on a feasible basis" or "to

13   unreasonably deter and harass creditors." *Id.* A finding of bad faith depends on an amalgam

14   of factors in which no specific factor is determinative. *In re Arnold*, 806 F.2d 937, 939 (9th

15   Cir. 1986). A bankruptcy court may consider any factor which demonstrates an abuse of the

16   bankruptcy process and the purpose of reorganization. *In re Marshall*, 721 F.3d at 1048.

17   In the chapter 11 context, the courts often consider these factors in deciding whether

18   a case was filed in bad faith: (1) whether debtor has only one asset; (2) whether debtor has an

19   ongoing business to reorganize; (3) whether there are any unsecured creditors; (4) whether

20   the debtor has any cash flow or sources of income to sustain a plan of reorganization or to

21   make adequate protection payments; and (5) whether the case is essentially a two party

22   dispute capable of prompt adjudication in state court. *In re St. Paul Self Storage Ltd. Partnership*,

23   185 B.R. 580, 582-83 (B.A.P. 9th Cir. 1995).

24   That said, none of these factors is singularly determinative. "A bankruptcy court must

25   never view one factor in isolation, even if that one factor is indicative of bad faith." *In re

26   Lepe*, 470 B.R. 851, 858 (B.A.P. 9th Cir. 2012). Instead, a bankruptcy court must engage in a

27   case-by-case analysis and consider all militating factors. *In re Goeb*, 675 F.2d 1386, 1390 (9th

28   Cir. 1982).

ORDER GRANTING MOTION TO DISMISS CASE

7/19

A petition in bankruptcy arising out of a two-party dispute does not per se constitute a bad-faith filing by the debtor. *In re Stolrow's, Inc.*, 84 B.R. 167, 171 (B.A.P. 9th Cir. 1988). But courts find bad faith based on two-party disputes where "it is an apparent two-party dispute that can be resolved outside of the Bankruptcy Court's jurisdiction." *In re Sullivan*, 522 B.R. at 616 (internal citations and quotation marks omitted).

Applying all of these factors, the court finds the case was filed in bad faith. Debtor has but one substantial asset, the Property. It has no ongoing business to reorganize and no cash flow to fund a reorganization effort. These factors support a finding of bad faith.

However, Debtor provided evidence that certain individuals have stated a willingness to lend as much as $61,000 to Debtor and to subordinate their loans to other creditors for the purpose of extending the CV-20 zoning designation. Debtor's recognition of its need for capital and its ability to identify potential lenders to provide funding is a factor against a bad faith finding.

Debtor appears to have few non-insider unsecured creditors. The Secured Creditors contend the unsecured claims listed by Debtor were discharged in Debtor's previous chapter 11 bankruptcy case. Whether that is true cannot be determined because out of the fourteen unsecured creditors listed in the latest amended Schedule E/F, which was filed more than three months after Secured Creditors filed the Motion, Debtor provided the "date incurred" information on only two of the creditors. However, four out of the five unsecured creditors in the Hawaii Case also appear as creditors in this case. The burden is on debtors to use reasonable diligence in accurately and fully completing their schedules. *In re Fauchier*, 71 B.R. 212, 215 (B.A.P. 9th Cir. 1987). Debtor's failure to satisfy this burden prevented the court from determining the legitimacy of these unsecured creditors.

This case is part of a long-running dispute between Debtor and Secured Creditors which has been extensively litigated in multiple courts including Hawaii state court, Hawaii bankruptcy court, and this court (with this being the third case in our district).

While filing a chapter 11 case to stop a foreclosure is not bad faith on its own, the circumstances are important: "If it is obvious that a debtor is attempting unreasonably to

ORDER GRANTING MOTION TO DISMISS CASE

10

deter and harass creditors in their bona fide efforts to realize upon their securities, good faith does not exist. But if it is apparent that the purpose is not to delay or defeat creditors but rather to put an end to long delays, administration expenses ... to mortgage foreclosures, and to invoke the operation of the [bankruptcy law] in the spirit indicated by Congress in the legislation, namely, to attempt to effect a speedy efficient reorganization, upon a feasible basis ... good faith cannot be denied." *In re Thirtieth Place, Inc.*, 30 B.R. 503, 505 (B.A.P. 9th Cir. 1983) (citations omitted).

Debtor's actions have drawn strong criticism in prior cases. In the Hawaii Case, Judge Faris found not only that Debtor defaulted on the Second Amended Plan which called for a sale or auction of the Property, but he also noted that Debtor stated that it would not carry out those terms. It is no wonder he dismissed the case. Later, the Hawaii state court concluded that Debtor fraudulently conveyed the Property to Miroyan individually and in doing so, it noted Miroyan's refusal to transfer the Property back to Debtor.[8] This state of affairs resulted in the court ordering its clerk to execute a quitclaim deed to transfer the Property back to Debtor.

It is worth examining the chapter 11 plan ("Proposed Plan") Debtor attached to its Objection (ECF 82-1) as it sheds light on Debtor's intentions. The Proposed Plan states that Debtor will sell the Property by March 1, 2023. If that sale fails to materialize, the Property will be sold through an auction process that will commence on April 3, 2023. Generally, the fact that a debtor files a bankruptcy and avails itself to an applicable Bankruptcy Code provision, such as § 363, to pay creditors does not constitute evidence of bad faith. *See In re Sylmar Plaza, L.P.*, 314 F.3d 1070, 1075 (9th Cir. 2002).

If these were the only terms, the Proposed Plan might work but they are not. The Proposed Plan contains unusual provisions that mean it is unlikely to be confirmed. For one, the Proposed Plan does not actually require the payment of secured claims when the

---

[8] Debtor argues extensively in its Objection that the Property was not fraudulently conveyed to Miroyan and explained the circumstances surrounding the transfer. The determination that the transfer was a fraudulent conveyance was made by the Hawaii state court, and Debtor has not alleged that the state court order was appealed or overturned.

ORDER GRANTING MOTION TO DISMISS CASE

9/19

1    Property is sold. Instead, Debtor will act as the disbursing agent under the Proposed Plan.

2    ¶ 5.1. It is not clear how this would work mechanically but it seems to say that secured

3    creditors of the estate would have their liens terminated at sale without payment which is not

4    lawful. *See* 11 U.S.C. § 363(e) & (f). No plan could ever be confirmed without creditor assent

5    that provided for a sale free and clear of liens without compensation or adequate protection

6    to the affected lienholders, as this plan seems to. Moreover, the Proposed Plan does not

7    become effective until the confirmation order is satisfactory to Debtor and the Property has

8    been sold. ¶¶ 4.7, 7.1. In other words, Debtor has absolute discretion on whether the

9    Proposed Plan will become effective after confirmation.

10        The theory underpinning the plan is also worth a thought. Debtor is proposing to sell

11    the Property. This was supposed to have happened under the Hawaii Case's Second

12    Amended Plan, but it did not. There is no evidence in the record that Debtor attempted to

13    sell the Property after that case was dismissed. Nor is there any evidence that Debtor sought

14    to sell the Property immediately in this chapter 11 under § 363(b) and (f).[9] That is a common

15    approach in chapter 11 cases in which debtors genuinely intend to sell assets to pay claims.

16    These important considerations preclude a good faith finding.

17        D.   <u>Filing a Second Chapter 11 Case Constitutes Bad Faith</u>

18        Secured Creditors also contend Debtor is still bound by the terms in the Hawaii

19    Case's Second Amended Plan. They argue this is further evidence of bad faith.[10]

20        The first of these propositions, that Debtor remains bound by the terms of the

21    Second Amended Plan, is true. The terms of a confirmed chapter 11 plan bind the parties to

22    that plan. *Trulis v. Barton*, 107 F.3d 685, 691 (9th Cir. 1995); *see also In re Baroni*, 46 F.4th 958,

23    967 (9th Cir. 2022) ([A] chapter 11 plan is "construed basically as a contract," quoting *Hillis*

---

24         [9] On August 31, 2022, more than four months after the petition date, Debtor filed a

25    pleading titled "Notice of Filing of the Listing Agreement, Between the Debtor and

     Berkshire Hathaway, to List and Market Parcel 53 for Sale." The purpose or effect of this

26    "notice" is uncertain. Rule 2014 requires an employment application for estate professionals.

27    To date, Debtor has not filed an application to employ Berkshire Hathaway as its real estate

     broker.

28         [10] Debtor did not respond to this point in any meaningful way in its Objection, which

   can be seen as a concession to truth of the argument.

ORDER GRANTING MOTION TO DISMISS CASE

*Motors, Inc. v. Haw. Aut. Dealers' Ass'n,* 997 F.2d 581, 588 (9th Cir. 1993)). The dismissal of that bankruptcy case does not change that truth. *In re Oakhurst Lodge, Inc.,* 582 B.R. 784, 794 (Bankr. E.D. Cal. 2018) ("Indeed, even dismissal of a chapter 11 case does not vacate the confirmation order.); *see also, K & M Printing, Inc.,* 210 B.R. 583, 585 (Bankr. D. Ariz. 1997) ("The plan is binding and res judicata. Parties may seek enforcement of plan rights in nonbankruptcy forums."). I conclude, absent any arguments to the contrary, that the Second Amended Plan in the Hawaii Case remains an enforceable obligation of Debtor.

The second proposition, that this second chapter 11 filing constitutes bad faith, is also true. The Bankruptcy Appellate Panel addressed similar facts in *In re Caviata Attached Homes, LLC,* 481 B.R. 34 (B.A.P. 9th Cir. 2012), and affirmed the bankruptcy court's dismissal of a second bankruptcy case on bad faith grounds. The debtor in *Caviata* owned a multifamily development and confirmed a chapter 11 plan that paid the secured creditor interest fixed at 4.25% over three years and provided for a sale of the property. Debtor filed a second chapter 11 case when the confirmed plan in the first case proved unworkable due to, among other things, a decrease in the property's value. The bank, which had opposed confirmation of the plan in the first case, moved to dismiss the second case under § 1112(b) as a bad faith filing. It argued the second chapter 11 filing was intended to sidestep the Bankruptcy Code's prohibition on modifying confirmed plans that are substantially consummated. *See* 11 U.S.C. § 1127(b).

In a thoughtful decision summarizing the law in this area, the Bankruptcy Appellate Panel noted that courts have permitted second filings in chapter 11 when the debtor demonstrates an "unforeseeable or unanticipated change in circumstances" arising after the first case's plan was confirmed. *In re Caviata Attached Homes, LLC,* 481 B.R. at 46. The BAP noted that, "[e]xamples of unforeseen changed circumstances in the above cases include a change in federal law affecting tenancy of an apartment building, termination of service by major airlines which had provided vital customers for an airport hotel, lost crops due to hail, cattle and pasture lost due to fire, and substantial adverse judgments." *Id.* Changes in economic circumstances alone are not sufficient to justify a second filing. *Id.,* citing *In re*

ORDER GRANTING MOTION TO DISMISS CASE

1  *Elmwood Dev. Co.*, 964 F.2d 508, 512-13 (5th Cir. 1992). Only where there has been

2  "'fundamental change in its market' and not the typical fluctuations of supply and demand, if

3  unforeseeable," might a debtor justify a second filing. *In re Caviata Attached Homes, LLC,* 481

4  B.R. at 47, quoting *In re Bouy, Hall & Howard and Assocs.*, 208 B.R. 737, 745 (Bankr. S.D. Ga.

5  1995).

6       The record does not contain evidence of changed circumstances, unforeseen or not.

7  It is undisputed that the Second Amended Plan was confirmed in the Hawaii Case and that it

8  called for the sale or auction of the Property by a certain date. Later, the Hawaii Bankruptcy

9  Court dismissed the chapter 11 case because neither the sale nor auction occurred. Debtor

10  does not explain, and the record does not show, why Debtor did not comply with the terms

11  of the Second Amended Plan. Perhaps as important, Debtor in this case does not explain

12  why a second chapter 11 case is necessary in view of the Second Amended Plan's extant

13  terms.

14       Weighing these factors, the court concludes this case was commenced in bad faith.

15      E.  <u>Whether Unusual Circumstances Exist that Should Prevent Dismissal or</u>

16         <u>Conversion</u>

17       Having found cause, the next step in the § 1112(b) analysis is whether there are

18  unusual circumstances establishing that converting or dismissing the case is not in the best

19  interests of the creditors and the estate. Specifically, the statute provides:

20         (2) The court may not convert a case under this chapter to a
       case under chapter 7 or dismiss a case under this chapter if

21         the court finds and specifically identifies unusual circumstances
       establishing that converting or dismissing the case is not in the

22         best interests of creditors and the estate, and the debtor or any
       other party in interest establishes that--

23

24         (A) there is a reasonable likelihood that a plan will be confirmed
       within the timeframes established in sections 1121(e) and

25         1129(e) of this title, or if such sections do not apply, within a
       reasonable period of time; and

26         (B) the grounds for converting or dismissing the case include an
       act or omission of the debtor other than under paragraph

27         (4)(A)--

28         (i) for which there exists a reasonable justification for the act or
       omission; and

ORDER GRANTING MOTION TO DISMISS CASE

1           (ii) that will be cured within a reasonable period of time fixed by the court.

2 § 1112(a).

3       The statute, with various subparts joined by the conjunctive "and," by its terms

4 requires a finding that: (1) there be unusual circumstances establishing that conversion or

5 dismissal is not in creditors' best interests; (2) there is a reasonable likelihood that a plan will

6 be confirmed within a reasonable time; (3) the cause for dismissal or conversion is other

7 than continuing loss or diminution to the estate without reasonable likelihood of

8 rehabilitation; and (4) there is a reasonable justification for the act or omission of the debtor

9 constituting cause and the act or omission will be cured within a reasonable time. 7 Collier

10 on Bankruptcy ¶ 1112.05 (16th 2022). "Unusual circumstances," are those that are "not

11 common in chapter 11 cases." *In re Baroni*, 36 F.4th at 968 (quoting *In re Mahmood*, 2017 WL

12 1032569, at *8 (B.A.P. 9th Cir. March 17, 2017)).

13       Debtor argues that the zoning issues on the Property present extraordinary

14 circumstances. Specifically, Debtor argues that the value of the Property is subject to change

15 based on the zoning status and argues that it should be permitted to continue with efforts to

16 extend the favorable zoning. Debtor contends that Miroyan obtained the prior re-zoning of

17 the Property and is capable of seeing that it is extended. To that end, Debtor alleges Miroyan

18 has lined up financing and professional help for this effort.

19       The court is not persuaded by Debtor's contentions. First, Debtor had an obligation

20 under the Second Amended Plan to sell the Property. The Property was never sold and the

21 Hawaii Bankruptcy Court faulted Debtor. Debtor's failure to sell the Property when the

22 zoning was certain and in existence can be seen as creating the very urgency that Debtor

23 complains of now. Similarly, the unusual circumstance is one of Debtor's own making by its

24 failure to sell the Property in the time after the confirmation of the Second Amended Plan.

25       Second, despite the long passage of time since the Hawaii Case was dismissed, the

26 record does not show Debtor making substantial progress on the zoning issue. The only

27 document the court could locate on this topic is the County of Hawaii's 2017 letter stating

28 that the zoning may revert to its prior status in March 2023. Debtor's statement that

ORDER GRANTING MOTION TO DISMISS CASE

Miroyan has lined up a consultant and some financing does not persuade me that his efforts will be successful.

Third, it is troubling that Debtor's Proposed Plan simply does not refer to the zoning issue. If the effort is seminal to Debtor's case, as Debtor contends, the court would expect that this issue would be addressed in detail. Instead, the Proposed Plan is more or less a copy of the now four-year-old confirmed Second Amended Plan and its terms in the Hawaii Case. And, as noted, the Proposed Plan has material and significant flaws that make confirmation unlikely.

In summary, given the sequence of events, and notwithstanding Debtor's contention that Miroyan is uniquely qualified to work on the zoning issues, there is little evidence to show this effort will be successful. The truth is that the Property might have been sold at any point since confirmation of the Second Amended Plan which would have alleviated any need for further extensions of the zoning, at least on Debtor's part. On these facts, the court cannot find any unusual circumstances that establish dismissal or conversion is not in the best interests of creditors and the estate.

Even assuming, for the sake of argument, Debtor has satisfied the unusual circumstances prong, Debtor failed to establish the other elements of § 1112(b)(2). As discussed earlier, the Proposed Plan is unconfirmable on its face, and more importantly, the court fails to see how any plan proposed by Debtor in this case can be confirmed when the Second Amended Plan in the Hawaii Case remains enforceable and binding.

And then there is § 1112(b)(2)(B), which requires that "the grounds for such relief," *i.e.*, cause for dismissal or conversion, include an act or omission of the debtor that has a reasonable justification and will be cured within a reasonable period. Debtor alleges that the act or omission here is Debtor's lack of funds to obtain legal counsel, which has now been cured. But as Debtor acknowledges, the cause for dismissal or conversion is bad faith. None of the factors of bad faith, discussed above, pertains to Debtor's lack of funds. In other words, Debtor has not shown how the cause established here – bad faith – was either reasonably justified or is curable. *See In re Green*, 2016 WL 6699311, at *11 (B.A.P. 9th Cir.

ORDER GRANTING MOTION TO DISMISS CASE

Nov. 9, 2016) ("As the bankruptcy court found, filing a petition in bad faith could never be reasonably justified or curable, no matter what plan Debtors could now propose. For this same reason, we reject Debtors' argument that because they had the assets to fund a 100% plan if needed, the bankruptcy court erred in holding that they could not propose a confirmable plan").

      F.   Dismissal is in the Best Interests of Creditors and the Estate

The last step of the analysis is to determine whether dismissal or conversion is in the best interest of creditors and the estate. The court finds this a very close question but determines that dismissal makes the most sense.

Conversion has the potential to be beneficial to creditors. Debtor maintains the value of the Property exceeds the claim of Secured Creditors and those of unsecured creditors. The role of the chapter 7 trustee is to sell property and pay claims. 11 U.S.C. § 704. The trustees have experience marketing and selling real property, including property located outside California. That duty appears consistent with Debtor's stated intentions in both its Second Amended Plan and the Proposed Plan—to sell the Property.

But, Debtor argues, time is short. And the proposed re-zoning of the Property is critical to marketing it properly. Debtor rightly points out that a trustee in this case would not have immediate access to the funds that are needed to retain appropriate professionals to prosecute a re-zoning application. And the Property's value would drop significantly if favorable zoning is not extended.

Dismissal is not without risks, though. Were the case dismissed, the Secured Creditor likely would pursue its foreclosure action and there is a very real chance it will attempt to foreclose the Property under applicable Hawaii state law. In the court's experience, property that is foreclosed is not likely to generate substantial funds to pay other creditors. But as noted, the record is unclear whether there are in fact unsecured creditors in this case.

Based on all of these considerations, the court determines dismissal makes the most sense here. The court's experience indicates that without ready cash, a trustee is unlikely to undertake the task of maintaining the zoning on the Property. Absent that effort and the

ORDER GRANTING MOTION TO DISMISS CASE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1  benefit of continued CV-20 zoning, the Property's value drops substantially to between $1.3

2  and $1.8 million. That is not enough to cover even the Secured Creditor's lien. This would

3  leave unsecured creditors, if any, unpaid.

4      By contrast, if Debtor can be successful in maintaining preferential zoning and selling

5  the Property, it is possible that unsecured creditors would benefit. Of course, there is the risk

6  that Secured Creditors may foreclose before Debtor can sell the Property, but given the

7  existence and continued validity of the Second Amended Plan in the Hawaii Case, which

8  remains a binding contract between Debtor and its creditors, dismissal provides the most

9  straightforward approach without adding another layer of legal complexity to the already

10  much-litigated dispute surrounding the Property and burdening the estate with additional

11  administrative costs.

12      G.  Bar on Refiling

13      A bar on refiling is essentially a form of sanctions. *In re Melcher*, 2014 WL 1410235, at

14  *9 (B.A.P. 9th Cir. Apr. 11, 2014). Before a bankruptcy court enters a bar on refiling against

15  a debtor, the court must do all of the following: (1) ensure that the debtor has been given

16  adequate notice and opportunity for hearing; (2) facilitate the development of an adequate

17  record enumerating the debtor's abusive activities; (3) determine that the debtor's positions

18  were frivolous or were brought with the intent to harass other parties; and (4) narrowly tailor

19  the remedy to deter the debtor's specific misconduct. *Id.*, at *9 (citing *DeLong v. Hennessey*,

20  912 F.2d 1144, 1147–48 (9th Cir. 1990)).

21      In turn, in evaluating the third and fourth elements set forth above, the bankruptcy

22  court must consider the following five factors: "(1) the litigant's history of litigation and in

23  particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's

24  motive in pursuing the litigation, e.g. does the litigant have an objective good faith

25  expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the

26  litigant has caused needless expense to other parties or has posed an unnecessary burden on

27  the courts and their personnel; and (5) whether other sanctions would be adequate to protect

28  the courts and other parties." *Id.*, at *10 (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d

ORDER GRANTING MOTION TO DISMISS CASE

1  Cir. 1986), cited with approval in *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th

2  Cir. 2007)).

3      In this case, a one-year bar to refiling is appropriate. Debtor was given more than

4  ample notice of the Motion, and the court granted multiple extensions for Debtor to obtain

5  counsel to file an opposition to the Motion. The Motion and supporting declarations and the

6  record of the bankruptcy cases noted above provide a more than adequate record of the

7  abusive activities that Debtor/Miroyan had undertaken.

8      The satisfaction of the third element is highlighted by the findings of Judge Faris'

9  Order Dismissing Case in the Hawaii Case and the findings of the Hawaii state court in

10  concluding that the Property was fraudulently conveyed. In fact, before the Hawaii state

11  court ruled on the matter, the bankruptcy court in Miroyan's 2018 case concluded that the

12  transfer of the Property was part of a scheme to delay, hinder, or defraud Secured Creditors

13  and granted *in rem* relief from stay under § 362(d)(4). *See* Oral ruling made on the record at

14  the hearing on March 1, 2019, Case No. 18-52601; Order Granting Motion for Relief from

15  Stay and Awarding In Rem Relief Under 11 U.S.C. § 362(d)(4), entered on March 15, 2019,

16  Docket No. 70, Case No. 18-52601.

17      Debtor's actions have caused needless expense to the secured creditors who must

18  pursue their rights concurrently in both this case and Miroyan's individual case, despite

19  Debtor confirming a plan in the Hawaii Case that addressed their claims. Debtor was put on

20  notice by arguments in the Motion that the Second Amended Plan confirmed in the Hawaii

21  Case remains valid and enforceable and presents an obstacle in confirming a plan in this

22  case, but Debtor, who is represented by counsel, did not address this argument. Debtor

23  could not in good faith expect to prevail given the relevant law in this Circuit on second

24  chapter 11 filings, as discussed above, when it decided not to address it.

25      Debtor also did not address whether a prefiling bar should be imposed or lesser

26  sanctions are appropriate. Given the record in this case and the multiple bankruptcy filings

27  affecting the Property, the court concludes that a one-year bar on refiling is appropriate so

28  ///

ORDER GRANTING MOTION TO DISMISS CASE

1 that foreclosure proceedings in Hawaii may proceed without interruption.

2 **IV.    CONCLUSION**

3    For the reasons stated, the case is DISMISSED with a one-year refiling bar.

4    IT IS SO ORDERED.

5

6    *** END OF ORDER ***

7

ORDER GRANTING MOTION TO DISMISS CASE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1  **COURT SERVICE LIST**

2  [ECF recipients only]

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING MOTION TO DISMISS CASE

**UNITED STATES BANKRUPTCY COURT**
**California Northern Bankruptcy Court**

| | |
|---|---|
| In Re:   Hawaiian Riverbend, LLC | Case No.: 22−50314 SLJ 11 |
| | Chapter:  11 |
| Debtor(s) | |

**NOTICE OF DISMISSAL OF CASE**

**Notice is given** that an order was filed on 10/11/22 dismissing the above−captioned case effective 10/11/22.

Dated: 10/11/22                                           For the Court:

                                                          Edward J. Emmons
                                                          Clerk of Court
                                                          United States Bankruptcy Court

Doc # 114

# Notice Recipients

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**
| | |
|---|---|
| cr | Gang "Patrick" Chen |
| intp | Harold Barker |

TOTAL: 2

**Recipients of Notice of Electronic Filing:**
| | | |
|---|---|---|
| ust | Office of the U.S. Trustee / SJ | USTPRegion17.SJ.ECF@usdoj.gov |
| aty | Edward Wu | ewu@reidwise.com |
| aty | Elvina Rofael | elvina.rofael@usdoj.gov |
| aty | Marta Villacorta | marta.villacorta@usdoj.gov |
| aty | Michael Jay Berger | michael.berger@bankruptcypower.com |
| aty | Reno F.R. Fernandez, III | reno.fernandez@calg.com |
| aty | Robert K Lu | robert@stars.energy |
| aty | Wayne A. Silver | w_silver@sbcglobal.net |

TOTAL: 8

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
| | |
|---|---|
| db | Hawaiian Riverbend, LLC          PO Box 3181          Saratoga, CA 95070 |
| cr | Tae K. Kai          c/o Law Office of Wayne A. Silver          643 Bair Island Road          Suite 403          Redwood City, CA 94063 |
| cr | Kenneth Y. Kai          c/o Law Office of Wayne A. Silver          643 Bair Island Road          Suite 403          Redwood City, CA 94063 |
| intp | Michael Jay Berger          Law Offices of Michael Jay Berger          9454 Wilshire Blvd., 6th Floor          Beverly Hills, CA 90212 |
| smg | IRS          P.O. Box 7346          Philadelphia, PA 19101−7346 |
| smg | State Board of Equalization          Attn: Special Procedures Section, MIC:55          P.O. Box 942879          Sacramento, CA 94279 |
| smg | CA Employment Development Dept.          Bankruptcy Group MIC 92E          P.O. Box 826880          Sacramento, CA 94280−0001 |
| smg | CA Franchise Tax Board          Attn: Special Procedures          P.O. Box 2952          Sacramento, CA 95812−2952 |
| smg | IRS          P.O. Box 7346          Philadelphia, PA 19101−7346 |
| 15404581 | Ali Kalbali          c/o Kal Construction          400 Reed Street, Ste. 185          Santa Clara, CA 95050 |
| 15428456 | County of Hawaii Real Property Tax Division          25 Aupuni Street          Hilo, HI 96720 |
| 15404582 | David Dorenfield          30101 Agoura Court, Ste. 210          Agoura Hills, CA 91301 |
| 15404583 | Ed Halteman          1331 Cedar Ave          Boulder, CO 80304 |
| 15401409 | Franchise Tax Board          Bankruptcy Section MS A340          PO BOX 2952          Sacramento CA 95812−2952 |
| 15435231 | Frank McKinney II          2570 Senter Road          San Jose, CA 95111 |
| 15388034 | Gang Chen          555 4th St. #822          San Francisco, CA 94107 |
| 15404584 | Hal Barker          620 Vasona Ave          Los Gatos, CA 95032 |
| 15388040 | Hawaii County Tax          Hilo Office − Aupuni Center          101 Pauahi St., Ste. 4          Hilo, HI 96720 |
| 15388038 | Hawaiian Riverbend, LLC          PO Box 3181          Saratoga, CA 95070 |
| 15398685 | INTERNAL REVENUE SERVICE          P.O. BOX 7346          PHILADELPHIA, PA 19101−7346 |
| 15404585 | Joel Rettew          22612 Galilea          Mission Viejo, CA 92692−2000 |
| 15388042 | Kai Family 1998 Trust Dated Oct 5, 1998          c/o Law Office of Wayne A. Silver          643 Bair Island Road, Suite 403          Redwood City, CA 94063 |
| 15388041 | Kai Family Trust          c/o Michael Carroll, Esq. 7583−0          Bay Lungs Law          700 Bispoh St., Ste. 900          Honolulu, HI 96813 |
| 15388039 | Michael Jay Berger          Law Offices of Michael Jay Berger          9454 Wilshire Boulevard, 6th Floor          Beverly Hills, CA 90212 |
| 15429727 | Michael Miroyan          PO Box 3181          Saratoga, CA 95070 |
| 15404586 | Michael Riehm          P.O. Box 39074          Keauhou, HI 96739 |
| 15404587 | Office of United States Trustee          880 Front St., Ste. 3230          San Diego, CA 92115 |
| 15388035 | Paul J. Sulla          Attorney at Law          PO Box 5258          Hilo, HI 96720 |
| 15404588 | Phil Hayes          19 Redberry Ridge Rd.          Portola Valley, CA 94028 |
| 15388036 | Ryan Smith          882 Kirksey Dr.          Turlock, CA 95382 |
| 15404589 | Stefan Martirosian          120 Aspen Oaks Lane          Glendale, CA 91207 |
| 15404590 | Trish Tran          c/o CYA Insurance          2396 Senter Rd.          San Jose, CA 95112 |
| 15399587 | UNITED STATES TRUSTEE          280 SOUTH FIRST STREET, ROOM 268          SAN JOSE, CA 95113 |
| 15399591 | UNITED STATES TRUSTEE          880 FRONT STREET, SUITE 3230          SAN DIEGO, CA 92115 |
| 15404591 | William Keoni Shultz          c/o Cades Schutte          l000 Bishop St., 12th Fl.          Honolulu, HI 96813 |
| 15404592 | William Miroyan          PO BOX 3168          Saratoga, CA 95070 |

TOTAL: 36

FILED

OCT 17 2022

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

RECEIVED
US BANKRUPTCY COURT

2022 OCT 17 P 3 10

1  Ryan Smith
   882 Kirksey Dr.
2  Turlock, CA 95382
   Tel: (209) 485-6175
3
   Unsecured Creditor
4

5           **UNITED STATES BANKRUPTCY COURT**

6           **NORTHERN DISTRICT OF CALIFORNIA**

7                    **SAN JOSE DIVISION**

8  In re:                        ) BK Case No.: 5:22-bk-50314
9  HAWAIIAN RIVERBEND, LLC       )
10     Debtor.                   ) Chapter 11
                                 )
11                               ) NOTICE OF MOTION FOR
                                 ) RECONSIDERATION OF JUDGE
12                               ) JOHNSON'S 10-11-2022 ORDER
                                 ) OF DISMISSAL
13                               )
                                 ) Date:        12-9-2022
14                               ) Time:        2:00 p.m.
                                 ) Courtroom:   9
15 _____)

16           TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

17           PLEASE TAKE NOTE that on the date and time captioned above,

18 secured creditor Ryan Smith shall hear a Motion for Reconsideration of

19 Judge Stephen Johnson's Order of 10-11-2022 dismissing this case.  This

20 Motion shall be based upon this Notice, the Declaration of Ryan Smith, the

21 Memorandum of Points and Authorities, and any oral argument that takes

22 place at the hearing date.

23 Date: October 17th 2022.          Respectfully submitted,

24

25                                   Ryan Smith

26

27

28
                                - 1 -
       NOTICE OF MOTION FOR RECONSIDERATION OF JUDGE JOHNSON'S 10-12-2022 ORDER

Ryan Smith
882 Kirksey Dr.
Turlock, CA 95382
Tel: (209) 485-6175

Unsecured Creditor

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

In re:                                          ) BK Case No.: 5:22-bk-50314
                                                )
HAWAIIAN RIVERBEND, LLC                         )
          Debtor.                               ) Chapter 11
                                                )
                                                ) MEMORANDUM OF POINTS &
                                                ) AUTHORITIES IN SUPPORT OF
                                                ) MOTION FOR RECONSIDERATION
                                                )
                                                ) Date:         12-6-2022
                                                ) Time:         2:00 p.m.
                                                ) Courtroom:    9
_____ )

    Unsecured Creditor Ryan Smith hereby submits this Memorandum of Points and Authorities in support of his Motion for reconsideration of Judge Johnson's 10-11-2022 Order dismissing Hawaiian Riverbend LLC's Chapter 11 Bankruptcy case.

    This case was filed on 4-14-2022. Debtor filed an amended schedule on 9-8-2022 as Docket Entry 97 listing all unsecured creditors including myself totalling all unsecured claims in this case in the amount of $460,622.70. By granting the Motion to Dismiss on 10-11-2022, this Court deprived all unsecured creditors from receiving anything that was owed to them. I am joined in this motion with many other unsecured creditors who feel the same as I do and who want the Judge's Order overturned so that the Chapter 11 plan can be implemented, the main asset in this case, a 14.6 acre parcel of real estate located on the big island of Hawaii located in

- 1 -

**DECLARATION OF RYAN SMITH IN SUPPORT OF MOTION FOR RECONSIDERATION**

1  Waikaloa Village can be sold and both secured and unsecured creditors
2  can be paid in full, and Hawaiian Riverbend LLC can receive much more
3  than a fire sale where the property is sold fall below market value, thereby
4  resulting in unjust enrichment being granted to the creditors of the property
5  who have filed forged documents, engaged in fraud upon the court,
6  engaged in illegally charging usurious interest and other illegal and
7  wrongful conduct constituting unclean hands that a Bankruptcy Court must
8  not allow.

9  STANDING TO BRING MOTION FOR RECONSIDERATION

10      Unsecured creditor Ryan Smith has standing to bring this Motion for
11  Reconsideration in this case pursuant to 11 U.S.C. § 1109(b) which states:

12      "(b)    A party in interest, including the debtor, the trustee, a
13          creditors' committee, an equity security holders'
14          committee, a creditor, an equity security holder, or any
15          indenture trustee, may raise and may appear and be
16          heard on any issue in a case under this chapter.

17  11 U.S.C. § 1109(b).

18      Attached hereto as Exhibit 1 is a true and correct copy of Judge
19  Johnson's Order filed on 10-11-2022.

20      In Judge Johnson's 10-11-2022 Order on page 2, line 23, it states:
21  "Whether or not the estate has unsecured creditors is difficult to
22  determine". Neither myself or the other unsecured creditors were able to
23  prove their claims because there was no hearing on this motion. This
24  constitutes a deprivation of due process rights.

25      For the foregoing reasons my motion for reconsideration should be
26  granted.

27  //

28  //

- 2 -

DECLARATION OF RYAN SMITH IN SUPPORT OF MOTION FOR RECONSIDERATION

Date: October 17th 2022.

Respectfully submitted,

Ryan Smith - Unsecured Creditor

- 3 -
DECLARATION OF RYAN SMITH IN SUPPORT OF MOTION FOR RECONSIDERATION

Ryan Smith
862 Kirksey Dr.
Turlock, CA 95382
Tel: (209) 485-6175

Unsecured Creditor

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

In re:

HAWAIIAN RIVERBEND, LLC

    Debtor.   .

)
)
)
)
)
)
)
)
)
)
)
)
)

BK Case No.: 5:22-bk-50314

Chapter 11

DECLARATION OF RYAN SMITH
IN SUPPORT OF MOTION FOR
RECONSIDERATION

Date:       12-6-2022
Time:       2:00 p.m.
Courtroom:  9

I, Ryan Smith declare:

    1.     This declaration is being made in support of my Motion for Recoinsideration of Judge Stephen Johnson's Order dated October 7th 2022 dismissing Debtor Hawaiian Riverbend LLC"S Chapter 11 case.

    2.     I am an unsecured creditor in the above captioned case. I lent $45,000 to Debtor Hawaiian Riverbend, LLC. I am also owed $15,000 for unpaid salary for a total unsecured claim of $60,000.

    3.     I understand that there is more than enough equity in the main asset in this case, the 14.6 acre parcel of land with commercial zoning that was recently listed for sale with realtor Berkshire Hathaway in Hawaii for $10,500,000. As such, there is more than enough equity to pay the approximately $2 million in secured claims as well as the $460,000 in unsecured debt held by myself and the other unsecured creditors in this

- 1 -

case.

4.     By dismissing the Chapter 11 case, none of the unsecured creditors will receive any of their claims in this case.  This creates extreme prejudice against all unsecured creditors and am therefore opposed to Judge Johnson's order and am requesting reconsideration of his order to prevent this loss from occurring.

5.     A Chapter 11 plan was filed in this case that contemplates the sale of the parcel in order to pay both the secured and unsecured creditors in this case, thereby maximizing the recovery in favor of all parties and thus fulfilling the aims and purposes of the bankruptcy laws.

6.     I reviewed Judge Johnson's order and was disturbed by the statement in the Order that stated that the Court was unable to determine the validity of the unsecured creditors' claims and was also disturbed by the fact that the Order was made without holding a hearing where unsecured creditors such as myself could have appeared and proven the validity of our claims without our claims being dismissed along with the case itself.

7.     For the above reasons I oppose Judge Johnson's 10-12-2022 Order dismissing Hawaiian Riverbend LLC's Chapter 11 case.

Date: October 17th 2022.

Respectfully submitted,

Ryan Smith - Unsecured Creditor

c/o CYA Insurance
2396 Senter Rd.
San Jose, CA 95112
Tel: (408) 334-1028

Unsecured Creditor

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

In re:

HAWAIIAN RIVERBEND, LLC

    Debtor.

)
)
)
)
)
)
)
)
)
)
)
)

BK Case No.: 5:22-bk-50314

Chapter 11

DECLARATION OF TRISH TRAN
IN SUPPORT OF MOTION FOR
RECONSIDERATION

Date:     12-6-2022
Time:     2:00 p.m.
Courtroom:   9

I, Trish Tran declare:

    1.     I am an unsecured creditor in the above captioned case. I lent $7,000 to Debtor Hawaiian Riverbend, LLC. This declaration is being made in support of Ryan Smith's Motion for Reconsideration of Judge Johnson's Order granting dismissal of the Chapter 11 case made on October filed on 10-11-2022 as Docket Entry number 114.

    2.     I just became aware of Judge Stephen Johnson's Order filed on October 11th 2022 dismissing Debtor Hawaiian Riverbend LLC"S Chapter 11 case.

    3.     I understand that there is more than enough equity in the main asset in this case, the 14.6 acre parcel of land with commercial zoning that was recently listed for sale with a realtor in Hawaii for $10,500,000. As such, there is more than enough equity to pay the approximately $2 million

- 1 -

DECLARATION OF PHIL HAVES JR. IN SUPPORT OF MOTION FOR RECONSIDERATION

in secured claims as well as the $460,000 in unsecured debt held by myself and the 7 other unsecured creditors in this case.

4. By dismissing the Chapter 11 case, none of the unsecured creditors will receive any of their claims in this case. This creates extreme prejudice against all unsecured creditors and am therefore opposed to Judge Johnson's order and am requesting reconsideration of his order to prevent this loss from occurring.

5. A Chapter 11 plan was filed in this case that contemplates the sale of the parcel in order to pay both the secured and unsecured creditors in this case, thereby maximizing the recovery in favor of all parties and thus fulfilling the aims and purposes of the bankruptcy laws.

6. I reviewed Judge Johnson's order and was disturbed by the statement in the Order that stated that the Court was unable to determine the validity of the unsecured creditors' claims and was also disturbed by the fact that the Order was made without holding a hearing where unsecured creditors such as myself could have appeared and proven the validity of our claims without our claims being dismissed along with the case itself.

7. For the above reasons I am giving my support to Ryan Smith's Motion for Reconsideration.

Date: October 17ᵗʰ 2022.

Respectfully submitted,

Trish Tran
Unsecured Creditor

- 2 -

DECLARATION OF PHIL HAYES JR. IN SUPPORT OF MOTION FOR RECONSIDERATION

1  Frank McKinney II
2  2571 Senter Rd.
   San Jose, CA 95111
   Tel:  (408) 569-5886
3
   Unsecured Creditor
4

5            **UNITED STATES BANKRUPTCY COURT**

6            **NORTHERN DISTRICT OF CALIFORNIA**

7                   **SAN JOSE DIVISION**

8  In re:                          ) BK Case No.: 5:22-bk-50314
9                                   )
   HAWAIIAN RIVERBEND, LLC          )
10       Debtor.                    ) Chapter 11
                                    )
11                                  ) DECLARATION OF FRANK
                                    ) McKINNEY II
12                                  ) IN SUPPORT OF MOTION FOR
                                    ) RECONSIDERATION
13                                  )
                                    ) Date:         12-6-2022
14                                  ) Time:         2:00 p.m.
                                    ) Courtroom:    9
15 _____ )

16      I, Frank McKinney II declare:

17      1.     I am an unsecured creditor in the above captioned case.  I lent

18 $80,000 to Debtor Hawaiian Riverbend, LLC. This declaration is being

19 made in support of Ryan Smith's Motion for Reconsideration of Judge

20 Johnson's Order granting dismissal of the Chapter 11 case made on

21 October filed on 10-11-2022 as Docket Entry number 114.

22      2.     I just became aware of Judge Stephen Johnson's Order filed

23 on October 11th 2022 dismissing Debtor Hawaiian Riverbend LLC"S

24 Chapter 11 case.

25      3.     I understand that there is more than enough equity in the main

26 asset in this case, the 14.6 acre parcel of land with commercial zoning that

27 was recently listed for sale with a realtor in Hawaii for $10,500,000.  As

28 such, there is more than enough equity to pay the approximately $2 million

                              - 1 -
   DECLARATION OF HAL BARKER IN SUPPORT OF MOTION FOR RECONSIDERATION

in secured claims as well as the $460,000 in unsecured debt held by myself and the 7 other unsecured creditors in this case.

4.    By dismissing the Chapter 11 case, none of the unsecured creditors will receive any of their claims in this case.  This creates extreme prejudice against all unsecured creditors and am therefore opposed to Judge Johnson's order and am requesting reconsideration of his order to prevent this loss from occurring.

5.    A Chapter 11 plan was filed in this case that contemplates the sale of the parcel in order to pay both the secured and unsecured creditors in this case, thereby maximizing the recovery in favor of all parties and thus fulfilling the aims and purposes of the bankruptcy laws.

6.    I reviewed Judge Johnson's order and was disturbed by the statement in the Order that stated that the Court was unable to determine the validity of the unsecured creditors' claims and was also disturbed by the fact that the Order was made without holding a hearing where unsecured creditors such as myself could have appeared and proven the validity of our claims without our claims being dismissed along with the case itself.

7.    For the above reasons I am giving my support to Ryan Smith's Motion for Reconsideration.


Date: October 17th 2022.                    Respectfully submitted,

                                            Frank McKinney II
                                            Unsecured Creditor

- 2 -

DECLARATION OF HAL BARKER IN SUPPORT OF MOTION FOR RECONSIDERATION



# BANKRUPTCY COURT

Mail to: Re consider Filing

Ryan Smith (unsecured creditor's

Original + 2 copies of the
Notice of Motion — 1 pg
Memo of P&A's — 3 pgs
plus 3 declarations — Ryan Smith
                    — Feliks Tron
                    — Frank McKenny
                    6 pgs

Total pgs ⑩
+ 2 copies

**RECEIVED**
OCT 18 2022
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Enclosed derived
Money order May 5, 2022
for 341(a) May 5, 2022

**Name:** RE: HAWAIIAN RiverBend, Llc

**Case #:** 22-50314

**Note:** Enclosed is a $25⁰⁰ money order
from Western Union I sent to Michael Minoya
to order the CD copy of Transcript from
May 20th, 2022 341(a) meeting of creditors

Thank you! May 20th 2022

Needs to
be picked up
for pickup Wed. or Tues.
Wed. or Tues. Oct 20th